LAW OFFICES OF LYLE C. CAVIN, JR.
LYLE C. CAVIN, JR., SBN 44958
RONALD H. KLEIN, SBN 32551
201 Fourth Street, Suite 102
Oakland, California 94607
Telephone    510-444-2501
Facsimile    510-444-4209
Attorneys for Plaintiff, KARI PRESTON



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| KARI PRESTON, | COMPLAINT FOR DAMAGES   |
|---|---|
| Plaintiff, | (Personal Injury) |
| v. | [Public Vessels Act, 46 U.S.C. sections 31101 *seq.*] |
| UNITED STATES OF AMERICA, BAE SYSTEMS SF SHIP REPAIR, INC. and DOES 1 through 10, Inclusive, | [Suits in Admiralty Act, 46 U.S.C. sections 30901 *et seq.*] [Jones Act, 46 U.S.C. §30104] [Unseaworthiness] [Maintenance and Cure] |
| Defendants.              / | [General Maritime Law] |

Plaintiff, KARI PRESTON, complains against Defendants, and each of them as follows:

### JURISDICTION and PARTIES

1.    Plaintiff, KARI PRESTON, is a citizen of the United States, was a seaman at all material times, and elects to proceed herein pursuant to 28 U.S.C. section 1916 without prepayment of costs and fees and without security therefor.

2.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.    At all times mentioned, Defendant UNITED STATES OF AMERICA was and is a sovereign state, which by Act of Congress of March 9, 1920 (46 U.S.C. sections 30901 *et*

1

Complaint for Damages

*seq.*), as amended, commonly known as the Suits in Admiralty Act, has consented to be sued in this Honorable Court on the cause or causes of action set forth herein, and said Defendant owned, operated, controlled, and/or chartered the vessel SS CAPE MOHICAN which was and is a public vessel of the United States or employed as such by said Defendant, and said Defendant is amenable to suit herein under and pursuant to the provisions of an Act of Congress of March 3, 1925 (46 U.S.C. sections 31101 *et seq.*), as amended, commonly known as the Public Vessels Act.

4. Pursuant to the Clarification Act, 50 U.S.C. Appendix, section 1291(a), and the provisions of Title 46, Code of Federal Regulations, Part 327, Plaintiff duly presented an administrative claim to the United States Maritime Administration (MARAD), and to its ship managers, timely and in proper form, providing all pertinent information required by law to be included therein. Plaintiff is informed and believes and thereon alleges that said claim was received by MARAD and its ship managers on or about February 12, 2007. On or about May 25, 2007, said claim was denied.

5. This action also arises under the Jones Act, 46 U.S.C. section 30104, and the general maritime law, in admiralty and maritime jurisdiction as hereinafter more fully appears.

6. At all times herein mentioned, Defendant BAE SYSTEMS SF SHIP REPAIR, INC. (hereinafter "BAE") and DOES ONE through TEN were and continue to be United States corporations authorized to do and doing business in the State of California and within this judicial district.

7. Venue is proper in this district pursuant to 46 U.S.C. sections 742 and 782, based on the fact that the vessel creating liability are found in this district, and that Defendant BAE is doing business therein.

Complaint for Damages

2

## CLAIMS FOR RELIEF AGAINST DEFENDANT USA

8. At all times material hereto, Defendant USA was the owner, operator and/or charterer of the vessel SS CAPE MOHICAN (hereinafter the "vessel"), and used said vessel in the transportation of cargo, equipment, material and other things for hire upon the navigable waters of the United States in interstate and foreign commerce, or otherwise within the jurisdiction of the Jones Act and the general maritime law.

9. At all times material hereto, Plaintiff, KARI PRESTON, was employed by Defendant USA as a member of the crew of said vessel in the capacity of Chief Mate and otherwise.

10. During her period of employment aboard the vessel from August 3, 2006, through November 11, 2006, while so employed and during the course of her work as a seaman aboard said vessel while berthed in Alameda, California, Plaintiff was exposed to harmful, unsafe, hazardous, toxic, deleterious, carcinogenic chemicals and other hazardous substances, materials, processes, and working conditions, including but not limited to asbestos, fibrous glass fibers, rust, mold, other toxic, carcinogenic, harmful hydrocarbons and/or substances, organic solvents, chemicals, and materials.

11. Said exposure resulting in Plaintiff's injuries, illnesses, and damages, was proximately caused or contributed to, in whole or in part, by the negligence of Defendant USA, its agents, managers, officers, employees, representatives, and contractors, and the unseaworthiness of said vessel, in that Defendant USA and its vessel:

a) Failed to provide Plaintiff with a reasonably safe place to work, proper tools, appurtenances, and machinery, proper protective apparatus, proper work methods, instructions, training, warnings, supervision, proper medical care, medical monitoring, and/or proper medical management for her exposure to said materials, and for her injuries and illnesses.

3

Complaint for Damages

b) Failed to exercise due care under the circumstances.

c) Failed properly to provide proper instructions, orders, supervision, inspection, personnel, and equipment for the safety of its seamen with regard to work done aboard the vessel.

d) Violated certain statutory and regulatory laws pertaining to operations and performance standards concerning personal exposure to said substances, and other matters pertaining to the health and safety of their employees aboard their vessel.

e) Violated various industry standards as well as their own rules and policies pertaining to required, reasonable, and mandatory protection from such substances, as well as monitoring and health examinations.

f) Violated provisions of the International Safety Management Code and International Maritime Organization standards, and certain federal statutes and regulations.

g) Failed to keep and maintain its vessel and its appurtenances, equipment, crew, and work methods in a safe and seaworthy condition.

12.     The violation of one or more of said laws, rules, regulations, standards, or other provisions constitutes negligence per se on the part of Defendants, and bars the partial defense of comparative negligence on the part of Plaintiff.

13. Further, the vessel was rendered unseaworthy by the acts and circumstances alleged, including said Defendant's failure to provide Plaintiff with reasonably safe working conditions, its failure to properly train and equip her for proper use of hazardous materials, failure to provide her appropriate personal safety equipment, and failure to provide her with chemicals, fuels, solvents and other materials she was required to use and be exposed to without the presence of harmful ingredients, and said Defendant's failure adequately to warn her about these dangers, rendered the vessel unseaworthy.

4

Complaint for Damages

1  These circumstances exposed Plaintiff to products, fuels, solvents and other chemicals
2  containing hazardous amounts of asbestos and other harmful materials which caused her
3  to contract and suffer injuries and illnesses.

4      14.    As a direct and proximate result of the negligence of Defendant, and the
5  unseaworthiness of the vessel, Plaintiff was hurt and injured in her health, strength, and
6  activity, sustaining injury to her body and shock and injury to her nervous system, all of
7  which injuries have caused and continue to cause her great mental, physical and nervous
8  pain and suffering as well as fear of further injury and disease, and great mental anguish,
9  for which Defendant remains liable to Plaintiff. Plaintiff is informed and believes and
10 thereon alleges that these injuries have resulted or will result in some permanent injury
11 and disability and loss of earning capacity, all to her general damages in an amount to be
12 ascertained.

13     15.    As a further direct and proximate result of said Defendant's negligence, and
14 the unseaworthiness of the vessel, Plaintiff was, is, and will be prevented from attending
15 to her usual occupation and she thereby lost earnings, earning capacity, and other benefits
16 and will continue to sustain similar future losses. The total amount of these losses is
17 presently unknown to Plaintiff and Plaintiff will amend this complaint to set forth these
18 amounts when the same shall be ascertained.

19     16.    As a further direct and proximate result of said Defendant's negligence and
20 the unseaworthiness of the vessel, Plaintiff has required treatment by doctors, nurses and
21 other medical personnel to examine, treat, and care for her, and has incurred and will
22 incur medical and other expenses. The amount of said expenses are unknown to Plaintiff
23 at this time and Plaintiff will amend this complaint to set forth these when the same have
24 been ascertained.

25     17.    By reason of above described injuries and illnesses sustained by Plaintiff in

the course of her employment as a seaman, Defendant USA had and has a legal duty to provide Plaintiff with prompt and adequate maintenance payments and proper medical care and cure for purposes of treating her injuries and illnesses. Insofar as said Defendant failed to provide maintenance and cure, Plaintiff is owed same at a reasonable amount, and, in addition, said Defendant is liable to Plaintiff for compensatory damages and, insofar as such refusal may be found to be unreasonable, arbitrary, or recalcitrant, attorneys' fees and costs.

### CLAIMS FOR RELIEF AGAINST SHORE TERMINALS, DOE DEFENDANTS

18. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 9 and 10, as though fully set forth at length.

19. At material times during the period of Plaintiff's employment aboard the vessel, Defendants BAE SYSTEMS SF SHIP REPAIR, INC. and DOES 1 through 10, pursuant to contract with Defendant USA, had its employees, agents, managers, officers, representatives, and contractors working on board for removal of asbestos and other hazardous materials from various areas on the vessel, and other work.

20. At all material times, pursuant to the general maritime law, Defendants BAE and DOES ONE through TEN had the duty to perform their work with reasonable care under the circumstances, such that all working conditions aboard the vessel would remain reasonably safe and free from unreasonable hazards, and such a duty was owed to Plaintiff.

21. Defendants BAE and DOES, pursuant to the contract between said Defendants and Defendant USA, impliedly warranted that their work aboard and about the vessel would be done in a workmanlike manner.

Complaint for Damages

6

22. Plaintiff is a third party beneficiary of rights under the contract between said Defendants USA and BAE, and/or DOE DEFENDANTS, including the right to have the duties of said defendants carried out in a workmanlike manner.

23. During material times while working on or about the vessel, Defendants BAE, and/or DOE DEFENDANTS, were negligent and breached their duty of reasonable care and breached their warranty of workmanlike performance owed to Plaintiff by failing to do the work with reasonable care or in a workmanlike manner and failing to maintain their work places, processes and procedures aboard the vessel in a reasonably safe and hazard free condition and in a workmanlike condition.

24. Said exposure resulting in Plaintiff's injuries, illnesses, and damages, was proximately caused or contributed to, in whole or in part, by the negligence of Defendant BAE, its agents, managers, officers, employees, representatives, and contractors, and the breach of its warranty of workmanlike performance aboard said vessel, in that said Defendants:

a) Failed to provide Plaintiff with a reasonably safe place to work, proper tools, appurtenances, and machinery, proper protective apparatus, proper work methods, instructions, training, warnings, supervision, proper medical care, medical monitoring, and/or proper medical management for her exposure to said materials, and for her injuries and illnesses.

b) Failed to exercise due care under the circumstances.

c) Failed properly to provide proper instructions, orders, supervision, inspection, personnel, and equipment with regard to work done aboard the vessel and for the safety of all persons working aboard.

d) Violated certain statutory and regulatory laws pertaining to operations and performance standards concerning personal exposure to said substances, and other

7
Complaint for Damages

1 | matters pertaining to the health and safety of their employees and others working aboard the vessel.

  e) Violated various industry standards as well as their own rules and policies pertaining to required, reasonable, and mandatory protection from such substances, as well as monitoring and health examinations.

25. The violation of one or more of said laws, rules, regulations, standards, or other provisions constitutes negligence per se on the part of Defendants, and bars the partial defense of comparative negligence on the part of Plaintiff.

26. Plaintiff's injuries and consequent damages were directly and proximately caused by the negligence of said Defendants, and each of them, their agents, employees and representatives.

27. Plaintiff's injuries and consequent damages were directly and proximately caused by the breach by said Defendants, and each of them, their agents, employees and representatives, of their warranty of workmanlike service.

28. As a direct and proximate result of the negligence of said Defendants, and the breach of their warranty of workmanlike service, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system, all of which injuries have caused and continue to cause her great mental, physical and nervous pain and suffering as well as fear of further injury and disease, and great mental anguish, for which Defendants remain liable to Plaintiff. Plaintiff is informed and believes and thereon alleges that these injuries have resulted or will result in some permanent injury and disability and loss of earning capacity, all to her general damages in an amount to be ascertained.

29. As a further direct and proximate result of the negligence of said Defendants, and the breach of their warranty of workmanlike service, Plaintiff was, is, and will be

Complaint for Damages

prevented from attending to her usual occupation and she thereby lost earnings, earning capacity, and other benefits and will continue to sustain similar future losses. The total amount of these losses is presently unknown to Plaintiff and Plaintiff will amend this complaint to set forth these amounts when the same shall be ascertained.

30. As a further direct and proximate result of the negligence of said Defendants, and the breach of their warranty of workmanlike service, Plaintiff has required treatment by doctors, nurses and other medical personnel to examine, treat, and care for her, and has incurred and will incur medical and other expenses. The amount of said expenses are unknown to Plaintiff at this time and Plaintiff will amend this complaint to set forth these when the same have been ascertained.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For general damages according to proof;

2. For loss of earnings and earning capacity according to proof;

3. For medical and incidental expenses according to proof;

4. As to Defendant USA, for maintenance and cure according to proof;

5. As to Defendant USA, for compensatory damages resulting from failure or refusal to provide maintenance or cure;

6. As to Defendant USA, for further damages and attorneys' fees and costs insofar as Defendant's failure or refusal to provide maintenance and cure may be found to be unreasonable, arbitrary, or recalcitrant;

7. For prejudgment interest according to proof;

8. For costs of suit herein incurred and to be incurred; and

9. For such other and further relief as the court deems just and proper.

Complaint for Damages

9

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to the Local Rules of this court, Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

July 26, 2007

LAW OFFICES OF LYLE C. CAVIN, JR.

*Ronald H. Klein*

RONALD H. KLEIN
Attorneys for Plaintiff,
KARI PRESTON