1  PETER D. KEISLER
   Assistant Attorney General
2  SCOTT N. SCHOOLS
   United States Attorney
3  R. MICHAEL UNDERHILL
   Attorney in Charge, West Coast Office
4  Torts Branch, Civil Division
   JEANNE M. FRANKEN
5  Trial Attorney
   Torts Branch, Civil Division
6  GEOFFREY D. OWEN
   Trial Attorney
7  Torts Branch, Civil Division
   U.S. Department of Justice
8  7-5395 Federal Bldg., P.O. Box 36028
   450 Golden Gate Avenue
9  San Francisco, California  94102-3463
   Telephone:  (415) 436-6635; (415) 436-6646
10 E-mail:      jeanne.franken@usdoj.gov
                geoff.owen@usdoj.gov
11
   Attorneys of Defendant & Cross-claimant
12 United States of America

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16 KARI PRESTON,                       )  CIVIL NO.  C-07-3861-BZ
                                       )
17            Plaintiff,               )  ANSWER OF UNITED STATES OF
                                       )  AMERICA TO PLAINTIFF'S COMPLAINT,
18       v.                            )  AND CROSS-CLAIMS BY THE UNITED
                                       )  STATES OF AMERICA AGAINST
19 UNITED STATES OF AMERICA,           )  CO-DEFENDANT BAE SYSTEMS
   BAE SYSTEMS SF SHIP REPAIR,         )  SAN FRANCISCO SHIP REPAIR, INC.
20 INC., and DOES 1 through 10,        )
   Inclusive,                          )
21                                     )
                                       )
22            Defendant.               )
   _____ )
23                                     )
   UNITED STATES OF AMERICA            )
24                                     )
            Cross-complainant          )
25                                     )
         v.                            )
26                                     )
   BAE SYSTEMS SAN FRANCISCO           )
27
   ANSWER OF UNITED STATES OF AMERICA AND
   CROSS-CLAIMS BY THE USA AGAINST CO-
28 DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC  1              C-07-3861-BZ

1 | SHIP REPAIR, INC.                                    )
                                                          )
2 |                      Cross-defendant.                )
                                                          )
   _____  )

3

4        For its answer to plaintiff's Complaint, the United States admits, denies, and otherwise

5  responds as follows:

6        ANSWERING THE PARAGRAPHS TITLED "JURISDICTION AND PARTIES"

7        1. Denies each and every allegation of paragraph 1, except admits and asserts that

   at times material hereto plaintiff was employed as a seaman.

8        2. Denies each and every allegation of paragraph 2, except admits and asserts that

9  this appears to be an admiralty and maritime claim within the meaning of Fed.R.Civ.P.

10 9(h), and that the United States is a sovereign which has consented to be sued, if at all,

11 solely pursuant to the terms and conditions of the Clarification Act, 50 App. U.S.C.A.

12 §1291, which incorporates the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918.

13       3. Denies each and every allegation of paragraph 3, except admits and asserts that

14 the M/V CAPE MOHICAN is a public vessel, and that the United States is a sovereign

15 which has consented to be sued, if at all, solely pursuant to the terms and conditions of

16 the Clarification Act, 50 App. U.S.C.A. §1291, which incorporates the Suits in Admiralty

17 Act, 46 U.S.C. §§ 30901-30918.

18       4 . Denies each and every allegation of paragraph 4, except admits and asserts that

19 plaintiff submitted a purported claim which was received by the United States Maritime

20 Administration ("MARAD") on or about February 12, 2007, and that MARAD denied it

21 on or about May 25, 2007.

22       5. To the extent paragraph 5 contains assertions of law, no response is required by

23 defendant United States of America; otherwise, admits and asserts this case against the

24 United States of America by a seaman employed on a MARAD vessel appears to be an

25 admiralty and maritime claim within the meaning of Fed.R.Civ.P. 9(h), and that the

26 United States is a sovereign which has consented to be sued, if at all, solely pursuant to

27

1   the terms and conditions of the Clarification Act, 50 App. U.S.C.A. §1291, which

2    incorporates the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918.

3       6.  Denies each and every allegation of paragraph 6 for lack of knowledge and

4   information.

5       7.  To the extent paragraph 7 contains assertions of law, no response is required by

6   defendant United States of America; otherwise, denies the allegations of paragraph 7 for

7   lack of knowledge and information.

8       ANSWERING THE PARAGRAPHS TITLED "CLAIMS FOR RELIEF AGAINST

9                              DEFENDANT USA"

10      8.  Answering the allegations of paragraph 8, repeats and realleges paragraphs 1-7,

11  *supra*, as though each were fully set out herein; and to the extent paragraph 8 contains

12  assertions of law, no response is required by defendant United States of America;

13  otherwise denies each and every allegation therein, except admits and asserts at time

14  material hereto, that the United States was the owner of the M/V CAPE MOHICAN, and it

15  was used at times to carry cargo and other things on navigable waters of the United States.

16      9.  Denies each and every allegation of paragraph 9, except admits and asserts that,

17  at times material hereto, plaintiff was a seaman employed on behalf of the United States of

18  America on the M/V CAPE MOHICAN by MARAD's ship manager, Ocean Duchess, Inc.

19  ("Ocean Duchess"), pursuant to contract.

20      10.  Denies each and every allegation of paragraph 10.

21      11.  Denies each and every allegation of paragraphs 11 a) through 11 g), inclusive.

22      12.  To the extent paragraph 12 contains assertions of law, no response is required

23  by defendant United States of America; otherwise, Denies each and every allegation of

24  paragraph 12.

25      13.  To the extent paragraph 13 contains assertions of law, no response is required

26  by defendant United States of America; otherwise, denies each and every allegation of

27

28  ANSWER OF UNITED STATES OF AMERICA AND
    CROSS-CLAIMS BY THE USA AGAINST CO-
    DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC   3            C-07-3861-BZ

1  paragraph 13.

2      14. Denies each and every allegation of paragraph 14.

3      15. Denies each and every allegation of paragraph 15.

4      16. Denies each and every allegation of paragraph 16.

5      17. To the extent paragraph 17 contains assertions of law, no response is required

6  by defendant United States of America; otherwise, denies each and every allegation of

7  paragraph 17.

8      ANSWERING THE PARAGRAPHS TITLED "CLAIMS FOR RELIEF AGAINST

9      "SHORE TERMINALS" [*sic*], DOE DEFENDANTS"

10      18. Answering the allegations of paragraph 18, repeats and realleges paragraphs 1-

11  17, *supra*, as though each were fully set out herein.

12      19. To the extent the allegations in paragraph 19 are addressed to defendants other

13  than the United States, its agents, servants, employees, crew, and/or others for whom it is

14  or was responsible, no response is required by defendant United States of America;

15  otherwise, denies each and every allegation therein.

16      20. To the extent paragraph 20 contains assertions of law, or the allegations are

17  addressed to defendants other than the United States, its agents, servants, employees, crew,

18  and/or others for whom it is or was responsible, no response is required by defendant

19  United States of America; otherwise, denies each and every allegation of paragraph 20 to

20  the extent it alleges liability against the United States, its agents, servants, employees,

21  crew, and/or others for whom it is or was responsible.

22      21. To the extent paragraph 21 contains assertions of law, or the allegations are

23  addressed to defendants other than the United States, its agents, servants, employees, crew,

24  and/or others for whom it is or was responsible, no response is required by defendant

25  United States of America; otherwise, denies each and every allegation of paragraph 21 to

26  the extent it alleges liability against the United States, its agents, servants, employees,

27

28

1   crew, and/or others for whom it is or was responsible.

2       22.  To the extent paragraph 22 contains assertions of law, or the allegations are
3   addressed to defendants other than the United States, its agents, servants, employees, crew,
4   and/or others for whom it is or was responsible, no response is required by defendant
5   United States of America; otherwise, denies each and every allegation of paragraph 22 to
6   the extent it alleges liability against the United States, its agents, servants, employees,
7   crew, and/or others for whom it is or was responsible.

8       23.  To the extent paragraph 23 contains assertions of law, or the allegations are
9   addressed to defendants other than the United States, its agents, servants, employees, crew,
10  and/or others for whom it is or was responsible, no response is required by defendant
11  United States of America; otherwise, denies each and every allegation of paragraph 23 to
12  the extent it alleges liability against the United States, its agents, servants, employees,
13  crew, and/or others for whom it is or was responsible.

14      24. To the extent paragraphs 24 a) through 24 e) inclusive contain assertions of law,
15  or the allegations are addressed to defendants other than the United States, its agents,
16  servants, employees, crew, and/or others for whom it is or was responsible, no response is
17  required by defendant United States of America; otherwise, denies each and every
18  allegation of paragraphs 24 a) through 24 e) inclusive to the extent they allege liability
19  against the United States, its agents, servants, employees, crew, and/or others for whom it
20  is or was responsible.

21      25.  To the extent paragraph 25 contains assertions of law, or the allegations are
22  addressed to defendants other than the United States, its agents, servants, employees, crew,
23  and/or others for whom it is or was responsible, no response is required by defendant
24  United States of America; otherwise, denies each and every allegation of paragraph 25 to
25  the extent it alleges liability against the United States, its agents, servants, employees,
26  crew, and/or others for whom it is or was responsible.

27
28  ANSWER OF UNITED STATES OF AMERICA AND
    CROSS-CLAIMS BY THE USA AGAINST CO-
    DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC   5                    C-07-3861-BZ

1    26. To the extent paragraph 26 contains assertions of law, or the allegations are

2    addressed to defendants other than the United States, its agents, servants, employees, crew,

3    and/or others for whom it is or was responsible, no response is required by defendant

4    United States of America; otherwise, denies each and every allegation of paragraph 26 to

5    the extent it alleges liability against the United States, its agents, servants, employees,

6    crew, and/or others for whom it is or was responsible.

7    27. To the extent paragraph 27 contains assertions of law, or the allegations are

8    addressed to defendants other than the United States, its agents, servants, employees, crew,

9    and/or others for whom it is or was responsible, no response is required by defendant

10    United States of America; otherwise, denies each and every allegation of paragraph 27 to

11    the extent it alleges liability against the United States, its agents, servants, employees,

12    crew, and/or others for whom it is or was responsible.

13    28. To the extent paragraph 28 contains assertions of law, or the allegations are

14    addressed to defendants other than the United States, its agents, servants, employees, crew,

15    and/or others for whom it is or was responsible, no response is required by defendant

16    United States of America; otherwise, denies each and every allegation of paragraph 28 to

17    the extent it alleges liability against the United States, its agents, servants, employees,

18    crew, and/or others for whom it is or was responsible.

19    29. To the extent paragraph 29 contains assertions of law, or the allegations are

20    addressed to defendants other than the United States, its agents, servants, employees, crew,

21    and/or others for whom it is or was responsible, no response is required by defendant

22    United States of America; otherwise, denies each and every allegation of paragraph 29 to

23    the extent it alleges liability against the United States, its agents, servants, employees,

24    crew, and/or others for whom it is or was responsible.

25    30. To the extent paragraph 30 contains assertions of law, or the allegations are

26    addressed to defendants other than the United States, its agents, servants, employees, crew,

27

28

1  and/or others for whom it is or was responsible, no response is required by defendant

2  United States of America; otherwise, denies each and every allegation of paragraph 30 to

3  the extent it alleges liability against the United States, its agents, servants, employees,

4  crew, and/or others for whom it is or was responsible.

5  FIRST AFFIRMATIVE DEFENSE

6      31.  The Complaint fails to state a claim upon which relief can be granted.

7  SECOND AFFIRMATIVE DEFENSE

8      32.  If plaintiff sustained damages or injuries as a result of matters alleged in her

9  Complaint, which is denied, those damages or injuries were caused in whole or in part by

10  the negligence and/or fault of plaintiff herself, and were not caused or contributed to in

11  any manner by any negligence and/or fault of the United States, its agents, servants,

12  employees, crew, vessel or others for whom it was or is responsible or by any

13  unseaworthiness of the M/V CAPE MOHICAN.

14  THIRD AFFIRMATIVE DEFENSE

15      33.  If plaintiff sustained damages or injuries as a result of matters alleged in her

16  Complaint, which is denied, those damages or injuries were caused in whole or in part by

17  persons or entities for whose acts or omissions the United States was or is not responsible,

18  and were not caused or contributed to in any manner by any negligence and/or fault of the

19  United States, its agents, servants, employees, crew, vessel or others for whom it was or is

20  responsible or by any unseaworthiness of the M/V CAPE MOHICAN.

21  FOURTH AFFIRMATIVE DEFENSE

22      34. This Court lacks subject matter jurisdiction over plaintiff's action based on,

23  *inter alia*, the doctrine of separation of powers; any acts or omissions by or on behalf of

24  the United States which plaintiff alleges caused or contributed to her alleged injuries or

25  damages were discretionary in nature and are not reviewable by this court.

26  ///

27

28

1

<u>FIFTH AFFIRMATIVE DEFENSE</u>

2       35. If plaintiff sustained damages or injuries as a result of matters alleged in her

3   Complaint, which is denied, those damages or injuries were caused in whole or in part by

4   the failure of the plaintiff to carry out the responsibilities assigned to her as a primary duty

5   and were not caused or contributed to in any manner by any negligence and/or fault of the

6   United States, its agents, servants, employees, crew, vessel or others for whom it was or is

7   responsible or by any unseaworthiness of the M/V CAPE MOHICAN.

8

<u>SIXTH AFFIRMATIVE DEFENSE</u>

9       36. The Court lacks subject matter jurisdiction over plaintiff's Complaint and

10  action, and it must be dismissed.

11

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

12      37. Plaintiff has failed to mitigate her alleged damages.

13

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

14      38. Plaintiff is not entitled to attorneys' fees.

15      The Cross-Claims of cross-claimant United States of America against cross-

16  defendant BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC. ("BAE") allege, on

17  information and belief, as follows:

18

<u>CROSS-CLAIMS OF THE UNITED STATES OF AMERICA</u>

19      39. Defendant United States of America reasserts and re-alleges each and every

20  paragraph of its Answer and Cross-Claim with the same force and effect as if set forth at

21  length herein.

22      40. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully

23  appears, within the meaning of Fed.R.Civ.P. 9(h).

24      41. The United States of America was and is a sovereign authorized to sue under 28

25  U.S.C. § 1345, and was at times material hereto the owner of the M/V CAPE MOHICAN.

26      42. At times material hereto, plaintiff was a seaman employed aboard the M/V

27

28
ANSWER OF UNITED STATES OF AMERICA AND
CROSS-CLAIMS BY THE USA AGAINST CO-
DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC    8                    C-07-3861-BZ

1  CAPE MOHICAN on behalf of the United States by Ocean Duchess, MARAD's ship
2  manager for the vessel, pursuant to a contract with MARAD.

3      43.  At times material hereto, cross-defendant BAE was a corporation organized
4  and existing under the laws of the state of California, with a place of business and doing
5  business within this district and within the jurisdiction of this court.

6      44. At times material hereto, BAE removed and replaced asbestos ceiling panels on
7  M/V CAPE MOHICAN while the vessel was in navigable waters of the United States.

8      45. At times material hereto, BAE was obliged to conduct its operations safely,
9  properly, and in a skillful and workmanlike manner, including, but not limited to, its
10 removal and replacement of the aforesaid asbestos ceiling panels on board the M/V CAPE
11 MOHICAN.

12     46. At times material hereto, pursuant to the contract with MARAD's ship manager,
13 BAE was obliged to conduct its operations in compliance with federal and state
14 regulations and all industry standards.

15     47. At times material hereto, pursuant to a contract with MARAD's ship manager,
16 BAE was obliged to conduct its operations subject to current licensing for asbestos
17 abatement including, but not limited to, its removal and replacement of the aforesaid
18 asbestos ceiling panels on board the M/V CAPE MOHICAN.

19     48. At times material hereto, plaintiff was not an employee of BAE.

20     49. Plaintiff has filed its Complaint against the United States of America, alleging,
21 *inter alia*, that she was injured during the period August 3, 2006 through November 11,
22 2006, as a result of the negligence and fault of the United States of America and BAE,
23 which alleged negligence and fault of the United States is denied.

24     50. The United States of America has filed its foregoing Answer to plaintiff's
25 Complaint in which it denied all liability in the premises, and the issues raised therein
26 remain before this Court without trial or adjudication.

27

28

1    51. The United States of America has performed all of the duties and obligations

2  which were required to be performed by it.

3  FIRST CROSS-CLAIM BY CROSS-CLAIMANT UNITED STATES OF AMERICA

4  AGAINST CROSS-DEFENDANT BAE

5    52. The United States of America incorporates each and every paragraph of this

6  Answer and Cross-complaint as though fully set out herein.

7    53. If plaintiff sustained damages as asserted in her Complaint, which is denied,

8  said injuries or damages were caused in whole or in part by the negligence and/or fault of

9  BAE, its agents, servants, employees, subcontractors, and/or others for whom it was or is

10  responsible, and not by the United States of America.

11    54. If Plaintiff sustained damages as alleged in her Complaint, which is denied,

12  such damages were not caused or contributed to in any manner by defendant, United

13  States, its agents, servants, employees, crew, or others for whom it is or was responsible,

14  and not by the United States of America.

15    55. If judgment is rendered in favor of plaintiff, and against defendant United States

16  of America, then that the United States of American may recover contribution and/or

17  indemnification from BAE in the full amount of any fault which is found by the court

18  against BAE.

19  SECOND CROSS-CLAIM BY CROSS-CLAIMANT UNITED STATES OF AMERICA

20  AGAINST CROSS-DEFENDANT BAE

21    56. The United States of America incorporates each and every paragraph of this

22  Answer and Cross-complaint as though fully set out herein.

23    57. If plaintiff sustained damages as asserted in her Complaint, which is denied,

24  said injuries or damages were caused in whole or in part by the breach of an implied

25  and/or express warranty of workmanlike service and/or fitness for use by BAE, its agents,

26  servants, employees, subcontractors, and/or others for whom it was or is responsible, and

27

28

1 | not by the United Stats of America.

2 |     58. By reason of the matters aforesaid, BAE is liable to the United States of

3 | America, whether by indemnification or contribution, for all attorney's fees, costs,

4 | expenses and disbursements incurred in the defense of Plaintiff's actions and, if the United

5 | States is held liable in this action, for the full amount of such judgment against the United

6 | States of America, and for any and all other damages which the United States of America

7 | may be entitled to recover herein.

8 | THIRD CROSS-CLAIM BY CROSS-CLAIMANT UNITED STATES OF AMERICA

9 | AGAINST CROSS-DEFENDANT BAE

10 |     59. Defendant United States of America incorporates each and every paragraph of

11 | this Answer and Cross-complaint as though fully set out herein.

12 |     60. If plaintiff sustained damages as asserted in her Complaint, which is denied,

13 | said injuries or damages were caused in whole or in part by the breach by BAE, its agents,

14 | servants, employees, subcontractors, and/or others for whom it was or is responsible of an

15 | implied and/or express warranty of workmanlike service and/or fitness for use arising from

16 | or found in the contract between Ocean Duchess and BAE, of which the United States is

17 | an intended third-party beneficiary.

18 |     61. By reasons of the matters aforesaid, BAE is liable to the United States of

19 | America, whether by way of indemnification or contribution, for all attorney's fees, costs,

20 | expenses and disbursements incurred in the defense of Plaintiff's actions and, if the United

21 | States is held liable in this action, for the full amount of such judgment against the United

22 | States of America, and for any and all other damages which the United States of America

23 | may be entitled to recover herein.

24 |     WHEREFORE, the United States of America prays:

25 |     62. That plaintiff's action against it be dismissed with prejudice and with costs;

26 |     63. That judgment be entered in favor of the Unites States of America as against

27 |

28 | ANSWER OF UNITED STATES OF AMERICA AND
CROSS-CLAIMS BY THE USA AGAINST CO-
DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC 11         C-07-3861-BZ

1  plaintiff.

2      64. That if any judgment is entered in favor of plaintiff and against the United

3  States of America, then that a judgment over with interest and costs may be entered in

4  favor of the United States of America and against BAE for indemnity and/or contribution,

5  as by this court may be deemed appropriate in the premises, requiring BAE to pay to the

6  United States of America the amount of any such judgement, and to indemnify and

7  exonerate the United States of America against all liability herein as appropriate;

8      65. That judgement may be entered in favor of the United States of America and

9  against BAE for all attorney's fees, costs, expenses and disbursements incurred by the

10 United States of America in the defense of Plaintiff's action; and

11     66. For such and other further relief as this Court may deem just and proper.

12

13 Dated:   October 22, 2007

PETER D. KEISLER
14                              Assistant Attorney General
SCOTT N. SCHOOLS
15                              United States Attorney
R. MICHAEL UNDERHILL
16                              Attorney in Charge, West Coast Office
Torts Branch, Civil Division
17                              JEANNE M. FRANKEN
Trial Attorney
18                              Torts Branch, Civil Division

19

20       /s G. D. OWEN
GEOFFREY D. OWEN
21                              Trial Attorney
Torts Branch, Civil Division
22                              U.S. Department of Justice

23                              Attorneys for Defendant & Cross-claimant
United States of America
24

25

26

27

28