| | |
|---|---|
| 1 | MADELINE L. BUTY [SBN 157186]<br>BUTY & CURLIANO LLP |
| 2 | 555 City Center |
| 3 | 555 – 12th Street, Suite 1280<br>Oakland, California 94607 |
| 4 | Tel:    510.267.3000<br>Fax:    510.267.0117 |
| 5 | Email:  mlb@butycurliano.com |
| 6 | Attorneys for Defendant<br>BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. |

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI PRESTON,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA, BAE SYSTEMS SF SHIP REPAIR, INC. and DOES 1 through 10, Inclusive,<br><br>          Defendants. | Case No.  C 07-03861 PJH<br><br>**RE-NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLAIM FOR RELIEF AGAINST SHORE TERMINALS, DOE DEFENDANTS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE OR, IN THE ALTERNATIVE, A MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)**<br><br>DATE:     December 12, 2007<br>TIME:     9:00 a.m.<br>JUDGE:    Honorable Phyllis J. Hamilton<br>COURTROOM: 3, 17th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 12, 2007, at 9:00 a.m. or as soon thereafter as counsel may be heard at the courtroom of, United States District Judge, located at 450 Golden Gate Avenue, Courtroom 3, 17th Floor, San Francisco, California, defendant BAE Systems San Francisco Ship Repair Inc., erroneously named herein as BAE Systems SF Ship Repair, Inc. (hereinafter "BAE"), will and hereby does move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing plaintiff Kari Preston's ("plaintiff")

1

CASE NO. C073861

RE-NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S CLAIM PURSUANT TO RULE 12(b)(6)

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12th STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

Claim for Relief Against Shore Terminals, Doe Defendants or, in the alternative, a Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).

BAE brings this motion on the grounds the claim for relief fails to state a claim for which relief may be granted. Specifically, plaintiff fails to make a plain and concise statement putting BAE on notice of the alleged tortuous conduct for which relief may be granted as well as plaintiff's alleged injuries as a result of the alleged tortuous conduct. Furthermore, the complaint is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading.

The motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, all the papers, pleadings, and records on file herein, and on such other matters as may properly come before the Court before or at the hearing.

DATED: November 5, 2007        BUTY & CURLIANO LLP


By: /S/MADELINE L. BUTY
    MADELINE L. BUTY
    Attorneys for Defendant
    BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC.

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

2

CASE NO. C073861

RE-NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S CLAIM PURSUANT TO RULE 12(b)(6)

## SUMMARY OF ARGUMENT

This is a dispute involving the alleged personal injury of plaintiff while she served aboard the SS Cape Mohican as a seaman between August 3, 2006 and November 11, 2006. The first claim for relief is directed at plaintiff's employer, the United States of America. Plaintiff's second claim for relief is directed to "Shore Terminals, Doe defendants". Despite the fact BAE is not a Shore Terminal defendant, only the second claim for relief is pled against BAE. While plaintiff makes a series of legal conclusions and conclusory allegations, plaintiff fails to state a claim for which relief may be granted. Specifically, plaintiff fails to identify the alleged tortuous conduct committed by BAE, her injuries, or whether the tortuous conduct allegedly committed by BAE caused such injuries. Pursuant to Federal Rules of Civil Procedure 8(a), plaintiff must make a short and plain statement of relief which will put BAE on notice so that it may make a reasonable and intelligent response to the allegations.

In toxic tort litigation, plaintiff must be able to point to the particular toxin(s) attributable to the defendant, establish exposure to the toxin(s) attributable to that defendant, identify a compensable injury associated with such toxin(s), and establish the toxin(s) attributable to that defendant were a substantial factor in bringing about the injury. Conclusory factual and legal allegations of exposure to an unidentified toxin which allegedly results in an unidentified injury is not sufficient even under the most liberal pleading requirements. Accordingly, the court should grant BAE's motion to dismiss plaintiff's claim for relief as alleged against BAE.

Should the court not be inclined to dismiss plaintiff's complaint against BAE, it should order plaintiff to make a more definite statement to identify the specific toxin(s) she attributes to BAE, the method in which she was allegedly exposed to such toxin(s) as a result of BAE's conduct, the injury she attributes to exposures to these toxin(s), and whether such injuries are caused by exposures to such toxin(s). Without these facts in the complaint, BAE is helpless to answer or otherwise respond to her complaint intelligently.

/ / / /

/ / / /

/ / / /

3

CASE NO. C073861

RE-NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S CLAIM PURSUANT TO RULE 12(b)(6)

## STATEMENT OF ISSUES TO BE DECIDED

1. Does plaintiff's "Claims for Relief Against Shore Terminals, Doe Defendants" (Complaint, pp. 6-9, ¶¶ 18-30) states a claim on which relief can be granted against BAE? Federal Rules of Civil Procedure 12(b)(6),

2. Should plaintiff be required to make her "Claims for Relief Against Shore Terminals, Doe Defendants" (Complaint, pp. 6-9, ¶¶ 18-30) more definite and certain by identifying the alleged tortuous conduct committed by BAE, plaintiff's specific injury, and the nexus between the injury and the alleged conduct? Federal Rules of Civil Procedure 12(e).

## STATEMENT OF RELEVANT FACTS

Plaintiff Kari Preston filed her Complaint for Damages (Personal Injury) on July 27, 2007. The only two defendants named in her complaint are the United States of America ("USA") and BAE. The theories of liability alleged by plaintiff are based upon the Public Vessels Act (46 U.S.C. §§ 31101 et seq.), Suits in Admiralty Act (46 U.S.C. §§ 30901 et seq.), the Jones Act (46 U.S.C. § 30104), Unseaworthiness, Maintenance and Cure, and General Maritime Law. Plaintiff alleges she was employed as the Chief Mate aboard the SS Cape Mohican ("vessel") between August 3, 2006 and November 11, 2006. (Complaint at 3:7-12.) She identifies defendant USA as her employer and the owner of the vessel. (Complaint at 3:2-10.)

Plaintiff alleges BAE and DOES 1-10 entered into a contract with the USA to work on board the vessel to remove "asbestos and other hazardous materials from various areas on the vessel, and other work." (Complaint at 6:12-17.) She alleges that while she was aboard the vessel, she was "exposed to harmful, unsafe, hazardous, toxic, deleterious, carcinogenic chemicals and other hazardous substances, materials, processes and working conditions, including but not limited to asbestos, fibrous glass fibers, rust, mold, other toxic, carcinogenic, harmful hydrocarbons and/or substances, organic solvents, chemicals, and materials." (Complaint at 3:13-18.) BAE and DOES 1-10 impliedly warranted that their work would be performed in a workmanlike manner and plaintiff was a third party beneficiary to this contract. (Complaint at 6:21 to 7:3.) Plaintiff alleges BAE somehow did not perform their work in a workmanlike manner and in doing so violated

4

CASE NO. C073861

RE-NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S CLAIM PURSUANT TO RULE 12(b)(6)

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

certain statutory and regulatory laws and performance standards. (Complaint at 7:4 to 8:5.) Plaintiff's complaint is completely void of what work BAE was performing on the vessel, where BAE was performing the work on the vessel, whether she was in the immediate vicinity of the work being performed on the vessel, what toxin(s) or materials BAE was working with on the vessel, what type of work BAE was performing with the materials and/or toxin(s) on the vessel, what type of injury plaintiff has allegedly suffered, and whether the toxin(s) and/or materials attributable to BAE could cause such injuries.

## LEGAL STANDARD

Although this Court must accept as true material factual allegations in the complaint, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)* (9th Cir. 1996) 89 F.3d 1399, 1403. To withstand scrutiny under Rule 12(b)(6), the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.* (6th Cir. 1988) 859 F.2d 434, 436. If the complaint fails on a motion to dismiss, it should be dismissed with prejudice if amendment would be futile. *See Reddy v. Litton Indus., Inc.* (9th Cir. 1990) 912 F.2d 291, 296.

A.  **Motion to Dismiss Plaintiff's Claim for Failure to State a Claim for Which Relief May be Granted**

Plaintiff's complaint is a compilation of legal conclusions and conclusory allegations without any factual support and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6). Pursuant to Federal Rules for Civil Procedure 8(a):

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain
>
> * * *
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief

A "short and plain statement" must be reasonably definite. What constitutes a "short and plain statement" must be determined by the type of case, the relief sought, the situation of the

5

CASE NO. C073861

RE-NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S CLAIM PURSUANT TO RULE 12(b)(6)

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.287.3000

parties, and whether it is desirable in obtaining speedy justice that plaintiff state with particularity his alleged claim. *Fleming v Dierks Lumber & Coal Co.* (1941) 39 F Supp 237, 240. "The rules should not be so liberally construed as to destroy definiteness in pleading. A "short and plain statement" must be reasonably definite or it will not be plain. A speedy and just and inexpensive trial cannot be had merely upon the filing of a notice of claim and then resorting to the expensive and indefinite procedure of discovery and depositions." *Id.* Even under the liberal pleading standard of Federal Rule of Civil Procedure 8, courts need not credit conclusory allegations, or legal conclusions without factual allegations. *Papasan v. Allain* (1986) 478 U.S. 265, 286. In *Papasan*, school officials and schoolchildren brought an action against state officials alleging they were unlawfully denied the economic benefits of public school lands granted by the United States to the state. The lower court granted the state's motion to dismiss. On appeal, the United States Supreme Court held:

> Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation. . . . The petitioners' allegation that, by reason of the funding disparities relating to the Sixteenth Section lands, they have been deprived of a minimally adequate education is just such an allegation. The petitioners do not allege that schoolchildren in the Chickasaw Counties are not taught to read or write; they do not allege that they receive no instruction on even the educational basics; they allege no actual facts in support of their assertion that they have been deprived of a minimally adequate education.

*Id.*

In *Aaberg v. ACandS Inc.* (1994) 152 F.R.D. 498, the court dismissed a complaint filed on behalf of 1,000 plaintiffs on the motion of several defendants. In ruling on the motions, the court dismissed all but one plaintiff's claims for toxic maritime exposures to asbestos on the grounds of misjoinder. As to the remaining plaintiff, the court granted defendants' motion to dismiss on the following grounds:

> As for the complaint of the remaining plaintiff, Mr. Aaberg, the Court is of the opinion that the complaint fails the threshold test in Fed. R. Civ. P. 8(a)(2) of setting forth a short and plain statement of the claim showing that the pleader is entitled to relief. This is not a pro se complaint, but, rather, one filed by counsel, and it

involves only reasonable expectations of competence to require that a complaint at least identify some or all of the voyages undertaken by the plaintiff during which he was allegedly exposed to asbestos and the specific products (and manufacturers of those products) that, plaintiff claims, caused his injury. Without these facts in the complaint, defendants are helpless to answer or otherwise respond to it intelligently. The Court recognizes that asbestos litigation is different from most other federal litigation, but it still is litigation, subject to the Federal Rules. Additionally, the plaintiff must properly plead proximate cause, injury, and damage.

In toxic tort litigation, where the pleaded facts of tortuous conduct and injury do not naturally give rise to an inference of causation, the plaintiff must plead facts affording an inference that one caused the other. Plaintiff has simply failed to do so. Here, the complaint is completely void of any factual allegations regarding the alleged tortuous conduct of BAE. The complaint not only fails to identify plaintiff's alleged injury, but it also fails to identify the manner in which plaintiff was injured. There are simply no facts which create the nexus between the alleged tortuous conduct and plaintiff's injury. Plaintiff merely makes a series of conclusory allegations and legal conclusions. Plaintiff's allegations that BAE agreed to perform its work in a workmanlike manner but failed to do so are not sufficient to withstand Rule 12(b)(6) scrutiny.

Plaintiff's complaint also fails to set forth a viable legal theory against BAE. It is unclear what theory of liability plaintiff is attempting to assert against BAE. BAE cannot reasonably ascertain whether they are being sued for a breach of contract claim, a breach of implied warranty, and/or a personal injury claim. Regardless of which theory of liability she is attempting to allege, plaintiff fails to set forth facts that would establish a viable claim for any cause of action. While the court must construe all well-pleaded facts liberally in favor of the party opposing the motion, it does not relieve plaintiff of her obligation to satisfy federal notice pleading requirements, which means the complaint must contain either direct or inferential allegations respecting all material elements in order to sustain recovery under some viable legal theory. *See Merzin v Provident Fin. Group Inc.* (2004) 311 F Supp 2d 674. Accordingly, the Court should grant BAE's motion to dismiss.

////

### B. Motion for More Definite Statement

Should the court not grant BAE's motion to dismiss, BAE seeks a more definite statement from plaintiff pursuant to Federal Rule Civil Procedure 12(e). Rule 12(e) states that "if a pleading...is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." As illustrated above, plaintiff's complaint fails to set forth in plain and simple terms the essential factual allegations to put BAE on notice of what it is being accused. Specifically, plaintiff's complaint fails to:

(1) set forth factual allegations of BAE's wrongdoing;

(2) identify plaintiff's injury; and

(3) set forth factual allegations linking her injury to BAE's conduct.

At a minimum, this is what plaintiff should be required to plead. BAE cannot possibly frame a responsive pleading until it understands plaintiff's allegations against it. *Boxall v. Sequoia Union High School District*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979). A defendant should not have to read between the lines and engage in extensive discovery to ascertain what it is being accused of due to a poorly drafted complaint. Either plaintiff has tactically decided to file a complaint which fails to set forth allegations which amount to a viable and compensable cause of action or she does not know how to attach liability against BAE and is unable to do so. Regardless of which of the above scenarios is true, plaintiff should either dismiss BAE from this action or should make a more definite statement apprising BAE of the allegations it must defend against. Therefore, BAE requests that this Court require plaintiff to make a more definite statement setting forth the factual allegations of BAE's conduct, plaintiff's specific injury, and establishing a nexus between the conduct and the injury. Plaintiff must properly plead proximate cause, injury, and damage at a minimum. Absent a more definite statement, BAE is unable to answer or otherwise respond to her complaint intelligently.

////

////

////

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

8

CASE NO. C073861

RE-NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S CLAIM PURSUANT TO RULE 12(b)(6)

## CONCLUSION

Based on the above, this Court should grant BAE's motion to dismiss plaintiff's "Claim for Relief Against Shore Terminals, Doe Defendants" as a result of her failure to state a claim for which relief may be granted. In the alternative, this Court should require plaintiff to make a more definite statement pursuant to Federal Rules of Civil Procedure 12(e) as a result of the complaint being so vague and ambiguous.

DATED: November 5, 2007                    BUTY & CURLIANO LLP


By: /S/MADELINE L. BUTY
    MADELINE L. BUTY
    Attorneys for Defendant
    BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC.

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.287.3000

9

CASE NO. C073861

RE-NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S CLAIM PURSUANT TO RULE 12(b)(6)

# PROOF OF SERVICE

I declare that:

I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 555 City Center, 555 – 12th Street, Suite 1280, Oakland, California 94607.

On November 5, 2007, I served the attached:

**RE-NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLAIM FOR RELIEF AGAINST SHORE TERMINALS, DOE DEFENDANTS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE OR, IN THE ALTERNATIVE, A MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)**

on the interested parties in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows and I caused delivery to be made by the mode of service indicated below:

LAW OFFICES OF LYLE C. CAVIN, JR.
201 Fourth Street, Suite 102
Oakland, California 94607
T: 510.444.2501
F: 510.444.4209
**Attorneys for Plaintiff**

U.S. DEPARTMENT OF JUSTICE
7-5395 Federal Building
Post Office Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
T: 415.436.6635
F: 415.436.6646
**Attorneys for USA**

____ (By Facsimile Machine) on all parties in said action by transmitting a true and correct copy thereof from our office facsimile machine to the facsimile machine numbers shown in this proof of service and/or the attached list. Following transmission, a Transmission Report was received from our fax machine indicating that the transmission had been transmitted without error.

_XX_ (By Mail) on all parties in said action in accordance with Code of Civil Procedure Section 1013, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth above, at Buty & Curliano LLP, which mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the County of Alameda.

____ (By Federal Express) on all parties in said action by depositing a true and correct copy thereof in a sealed envelope/packet for overnight mail delivery, with charges thereon fully paid, in a Federal Express collection box, at Oakland, California, and addressed as set forth above.

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

10

CASE NO. C073861

RE-NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S CLAIM PURSUANT TO RULE 12(b)(6)

____ (By Personal Service) by causing to be personally delivered a true copy thereof to the addressee above.

I declare under penalty of perjury under the laws of the State of California and certify under 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on November 5, 2007, at Oakland, California.

/S/ROBIN LOKOLLO
ROBIN LOKOLLO

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

11

CASE NO. C073861

RE-NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S CLAIM PURSUANT TO RULE 12(b)(6)