PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone:  (415) 436-6635; (415) 436-6646
E-mail:   jeanne.franken@usdoj.gov
          geoff.owen@usdoj.gov

Attorneys of Defendant & Cross-claimant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI PRESTON,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br>BAE SYSTEMS SF SHIP REPAIR,<br>INC., and DOES 1 through 10,<br>Inclusive,<br><br>        Defendant.<br><hr>UNITED STATES OF AMERICA<br><br>        Cross-complainant<br><br>        v.<br><br>BAE SYSTEMS SAN FRANCISCO<br>SHIP REPAIR, INC., and DOES 1 | CIVIL NO.  C-07-3861-PJH<br><br>MEMORANDUM IN OPPOSITION<br>TO CO-DEFENDANT'S MOTION<br>TO DISMISS PLAINTIFF'S CLAIM FOR<br>RELIEF AGAINST SHORE TERMINALS,<br>DOE DEFENDANTS PURSUANT TO<br>RULE 12(B)(6) OF THE FEDERAL<br>RULES OF CIVIL PROCEDURE OR, IN<br>THE ALTERNATIVE, A MOTION FOR<br>FOR A MORE DEFINITIVE STATEMENT<br>PURSUANT TO RULE 12(e) |

1  through 10, Inclusive.            )
                                     )
2           Cross-defendants.        )
                                     )
3

In opposition to co-defendant BAE Systems San Francisco Ship Repair's ("BAE"), motion to dismiss as to plaintiff's claims pursuant to Fed.R. Civ.P. 12(b)(6) or, in the alternative, for a more definitive statement pursuant to Fed.R.Civ.P. 12(e), the United States of America responds as follows:

## INTRODUCTION

On July 27, 2007, plaintiff filed suit against defendants BAE and the United States of America, alleging personal injury during the period August 3, 2006 through November 11, 2006. Plaintiff's complaint alleges she was employed on board a public vessel, the M/V CAPE MOHICAN ("the Vessel"), and suffered damages because of alleged exposure to toxic materials as a result of work performed on board the Vessel by BAE.

The Vessel was managed by a ship manager/agent on behalf of the United States Maritime Administration ("MARAD"). That entity entered into a contract with BAE for certain repairs to the Vessel.

On October 22, 2007, the United States filed its answer in this matter and included cross-claims against co-defendant BAE. On November 5, 2002, BAE filed its motion to dismiss plaintiff's complaint.[1]/

## ARGUMENT

In the section of her complaint entitled "Claims for relief against Shore Terminals, DOE Defendants" plaintiff alleged the following facts: that she was an employee on board the Vessel; that at material times BAE and/or persons for whom it was responsible were on board the Vessel performing work to remove asbestos and other hazardous materials from the Vessel pursuant to a contract; that in performing said work BAE was

---

[1]/   The United States' cross-claim against BAE would continue and not be affected by the Court's ruling on the present motion regardless of the Court's disposition of the motion.

MEMORANDUM IN OPPOSITION TO CO-
DEFENDANT'S MOTION TO DISMISS              2                    C-07-3861-PJH

negligent; that said negligence caused the plaintiff to be exposed to various hazardous and/or toxic materials including, but not limited to, asbestos; that plaintiff suffered injury and/or damages as a result of the alleged negligence and resulting exposure; and that plaintiff sought and received medical treatment as a result of said exposure.

The standard established in Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief..." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). A complaint does not need detailed factual allegations and such allegations as are included need only be enough to raise a right to relief above the speculative level. See, e.g., *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). For the purposes of a motion to dismiss, the material allegations of the complaint are taken as true and the complaint is to be liberally construed in a light most favorable to plaintiff. See, e.g., *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Finally, all reasonable inferences are to be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1296 (9th Cir. 1997).

Taking the material allegations outlined above as admitted and drawing all reasonable inferences in favor of the plaintiff, a sufficient pleading under Fed.R.Civ.P. 8 has been made by plaintiff as to BAE.

Notwithstanding the above, the United States notes that its opposition to BAE's motion is limited solely to dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and that the Government's position should not be construed as a position that dismissal would not be appropriate under other provisions of the Fed.R.Civ.P., including, but not limited to, Rule 56.

Finally, the United States also notes that while BAE moved to dismiss the claims against DOE defendants pursuant Fed.R.Civ.P. 12(b)(6), it did not do so on the grounds

1 that pleading of fictitious defendants is generally disfavored in federal practice and that,
2 upon timely motion or *sua sponte*, dismissal of the DOE defendants might be appropriate
3 on such grounds alone.[2]/

## CONCLUSION

Because plaintiff's factual allegations as to BAE support a claim upon which relief could be granted, the Court should deny BAE's motion. The case will remain on the Court's docket in any event since the United States of America has cross-claims against BAE.

Dated:   November 15, 2007

PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division


 /s Geoffrey D. Owen
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for Defendant & Cross-claimant
United States of America

---

[2]/   The Federal Rules of Civil Procedure do not expressly authorize the use of fictitious parties. *Sigurdson v. Del Guercio*, 241 F.2d 480, 482 (9th Cir. 1956), *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969), *Molnar v. National Broadcasting Co.*, 231 F.2d 684, 687 (9th Cir. 1956). The use of "Doe" defendants is therefore generally considered improper in federal court. *Othman v. Globe Indemnity Co.*, 759 F.2d 1458, 1463 (9th Cir. 1985). The 9th Circuit has noted that the use of fictitious defendants is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Doe defendants may be dismissed *sua sponte* where appropriate. *Uria v. Quiroz*, 895 F. Supp. 262, 264 (S.D. Cal. 1995). Because the use of fictitious defendants is generally disfavored, the use of this mechanism must be carefully scrutinized to determine if it is appropriate in any given case.