LAW OFFICES OF LYLE C. CAVIN, JR.
LYLE C. CAVIN, JR., SBN 44958
RONALD H. KLEIN, SBN 32551
201 Fourth Street, Suite 102
Oakland, California 94607
Telephone    510-444-2501
Facsimile    510-444-4209
Attorneys for Plaintiff, KARI PRESTON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI PRESTON, | Case No. NC028170 |
| Plaintiff, | **POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS, OR FOR MORE DEFINITE STATEMENT** |
| v. | [F.R.C.P. Rule 12] |
| UNITED STATES OF AMERICA, BAE SYSTEMS SF SHIP REPAIR, INC. and DOES 1 through 10, Inclusive, | Hearing December 12, 2007, 9 AM Courtroom 3, Hon. Phyllis J. Hamilton, Judge |
| Defendants.                              / | |

Plaintiff, KARI PRESTON, submits this brief in opposition to the motion of

Defendant BAE Systems San Francisco Ship Repair Inc, for an order dismissing the

complaint herein as to claims against BAE, sometimes erroneously referred to in the

complaint as BAE Systems SF Ship Repair, Inc. and/or Shore Terminals, for failure to

make a plain and concise statement giving notice of Defendant's tortious conduct for

which relief may be granted, asserting that the complaint is too vague and ambiguous for

Defendant to be able to file an answer.  The motion also seeks to dismiss all Doe

Defendants on the same grounds, and in the alternative, seeks an order requiring a  more

definite statement from Plaintiff.

Plaintiff submits that the motion has no merit, that the complaint provides

sufficient notice to Defendant of Plaintiff's claims, certainly sufficient for Defendant to

answer and undertake discovery to learn the details.

Plaintiff regretfully and apologetically acknowledges the error in the complaint, in erroneously inserting at one point in a section title of the complaint, the name of a company with absolutely no connection with this case, i.e., "**CLAIMS FOR RELIEF AGAINST SHORE TERMINALS, DOE DEFENDANTS.**  Complaint, page 6.  This, of course, should read "**CLAIMS FOR RELIEF AGAINST BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC., DOE DEFENDANTS."**

Other than that, Plaintiff submits that the complaint is proper and acceptable in federal district court, in that the language of the complaint gives ample and proper, fair notice of Plaintiff's claims against BAE, to which BAE can easily respond by filing an answer.  In fact, BAE has indeed already filed a detailed and complete answer to the Cross-Claim against it by Defendant United States of America.  The same can be done as to the complaint.

Basically, Defendant argues that the complaint is defective because of "failure to state a claim upon which relief can be granted. . . ."  Federal Rules of Civil Procedure, Rule 12(b)(6).  A reading of the complaint shows the opposite.  The complaint alleges that Defendant was negligent in performing work aboard the vessel on which Plaintiff was employed by Defendant USA, and breached its warranty of workmanlike performance of such work, and thereby exposed Plaintiff to substances causing her injury.  That should suffice for recovery if proved.

Federal Rules of Civil Procedure, Rule 8 governs the sufficiency of pleading in this action.  *FSLIC v. Texas Real Estate Counselors, Inc.*, 955 F.2d 261, 269-80 (5th Cir. 1992).  The pleading requirements are liberally designed to minimize disputes such as this motion, disputes over pleading technicalities.  *Conley v. Gibson*, 355 U.S. 41, 47-8 1957).  Pleadings are to be "construed as to do substantial justice."  Rule 8(f).  Adequate pleadings should

not be rejected when their import is obvious as the complaint's allegations are here.

A complaint must simply provide a defendant notice of its claimed wrongdoing. The complain in question does this. The FRCP Official Form 9, Complaint for Negligence, approves allegations that defendant "*negligently* drove a motor vehicle against plaintiff" resulting in an injury. Appendix of Forms, FRCP. Claims such as fraud required some particularity. FRCP 9(b). No such requirement is imposed for negligent conduct. Plaintiffs need not include evidentiary acts or a complete picture of wrongdoing, so long as the facts alleged put defendant on notice thereof. *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990).

Simply, a short, plain statement of a claim showing entitlement to relief is all that is required, so long as it does give notice of what the claim is and its grounds. Detailed factual allegations are not essential. On a motion such as this, the truth of the allegations are assumed, and all reasonable inferences are to drawn in plaintiffs' favor. See opposition brief of USA in this matter for further citations. The present complaint meets all requirements.

As to BAE's motion to dismiss fictitious defendants, BAE has no standing to bring such a motion. It is not named as a DOE defendant.

Although FRCP Rule 10(a) requires a complaint to include the names of all the parties, fictitious names of defendants may be used. When it is allowed in state practice, federal courts sitting in the state must follow state practice. *Lindley v. G.E. Co.*, 780 F.2d 797, 799-802 (9th Cir. 1986)(California Law).

The motion as to a more definite statement is no more meritorious. Rule 12(e). The complaint in this case is not vague, not ambiguous, and there is sufficient basis for the filing of an answer to the complaint. Then, normal discovery will proceed so that Defendant can obtain more specific information.

Finally, if the court deems that the complaint is improper, leave is requested to file an amended complaint.


November 20, 2007                                    LAW OFFICES OF LYLE C. CAVIN, JR.


                                                     /s/ Ronald H. Klein
                                                     RONALD H. KLEIN
                                                     Attorneys for Plaintiff,
                                                     KARI PRESTON

Plaintiff's Brief in Opposition to Motion To Dismiss, etc. Case No. NC028170