1  MADELINE L. BUTY [SBN 157186]
   BUTY & CURLIANO LLP
2  555 City Center
   555 – 12th Street, Suite 1280
3  Oakland, California 94607
   Tel:    510.267.3000
4  Fax:    510.267.0117
   Email:  mlb@butycurliano.com
5
   Attorneys for Defendant
6  **BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC.**

7

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11  KARI PRESTON,                          )   Case No.   C 07-03861 PJH
                                           )
12                     Plaintiffs,         )   **DEFENDANT BAE SYSTEMS SAN**
                                           )   **FRANCISCO SHIP REPAIR INC.'S**
13      v.                                 )   **REPLY TO PLAINTIFF AND CO-**
                                           )   **DEFENDANT UNITED STATES OF**
14  UNITED STATES OF AMERICA, BAE          )   **AMERICA'S OPPOSITION TO**
    SYSTEMS SF SHIP REPAIR, INC. and DOES 1)   **MOTION TO DISMISS PLAINTIFF'S**
15  through 10, Inclusive,                 )   **CLAIM FOR RELIEF AGAINST**
                                           )   **SHORE TERMINALS, DOE**
16                     Defendants.         )   **DEFENDANTS PURSUANT TO RULE**
                                           )   **12(b)(6) OF THE FEDERAL RULES OF**
17                                         )   **CIVIL PROCEDURE OR, IN THE**
                                           )   **ALTERNATIVE, A MOTION FOR**
18                                         )   **MORE DEFINITE STATEMENT**
                                           )   **PURSUANT TO RULE 12(e)**
19                                         )
                                           )   **DATE:    December 12, 2007**
20                                         )   **TIME:    9:00 a.m.**
                                           )   **JUDGE: Honorable Phyllis J. Hamilton**
21                                         )   **COURTROOM: 3, 17th Floor**

22

23      I.      **INTRODUCTION**

24          While plaintiff and co-defendant United States of America ("USA") contend Ms. Preston's

25  complaint satisfies the notice pleading requirements of Federal Rules of Civil Procedure Rule 8,

26  such an assertion is contrary to a recent United States Supreme Court opinion.  In *Bell Atlantic*

27  *Corp. v. Twombly* (2007) 127 S.Ct. 1955, the Supreme Court held while a complaint attacked by a

28

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

CASE NO.  C073861
REPLY TO PLAINTIFF AND CO-DEFENDANT USA'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S
CLAIM AGAINST BAE PURSUANT TO RULE 12(b)(6)

Federal Rules of Civil Procedure 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.  Recitation of the elements of a cause of action will not do.  Ms. Preston must set forth factual allegations in support of her claim against BAE Systems San Francisco Ship Repair, Inc. ("BAE") to raise a right to relief above the speculative level.  Here, plaintiff's complaint fails to support her claim against BAE with factual allegations needed to render her claims plausible.  Absent such a showing, plaintiff's complaint is ripe for dismissal Pursuant to Rule 12(b) (6).  Accordingly, the Court should grant the motion to dismiss plaintiff's claims against BAE.  In the alternative, BAE requests the Court enter an order requiring plaintiff to make a more definite statement of her allegations against BAE.

## II.    ARGUMENT

Plaintiff's complaint fails to set forth factual allegations sufficient to satisfy the pleading requirements set forth in Federal Rules of Civil Procedure, Rule 8.  In *Bell Atlantic Corp. v. Twombly* (2007) 127 S.Ct. 1955, the Supreme Court considered whether the plaintiffs' complaint was sufficient to state a claim under § 1 of the Sherman Act.  In ruling that plaintiffs subscribers' complaint was insufficient, the Supreme Court held:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . .

*Id.* at 1964-1965.

While the Supreme Court was not imposing a heightened standard of pleading with this decision, they clearly rejected the no set of facts pleading standard.  In footnote 3 of the decision, the majority addressed Justice Stevens dissenting opinion on this issue:

CASE NO.  C073861
REPLY TO PLAINTIFF AND CO-DEFENDANT USA'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S CLAIM AGAINST BAE PURSUANT TO RULE 12(b)(6)

1

> The dissent greatly oversimplifies matters by suggesting that the
> Federal Rules somehow dispensed with the pleading of facts
> altogether. See post, at 10 (opinion of STEVENS, J.) (pleading
> standard of Federal Rules "does not require, or even invite, the
> pleading of facts"). While, for most types of cases, the Federal
> Rules eliminated the cumbersome requirement that a claimant "set
> out in detail the facts upon which he bases his claim," Conley v.
> Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)
> (emphasis added), *Rule 8(a)(2) still requires a "showing," rather
> than a blanket assertion, of entitlement to relief. Without some
> factual allegation in the complaint, it is hard to see how a claimant
> could satisfy the requirement of providing not only "fair notice" of
> the nature of the claim, but also "grounds" on which the claim
> rests.* See 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a)
> "contemplates the statement of circumstances, occurrences, and
> events in support of the claim presented" and does not authorize a
> pleader's "bare averment that he wants relief and is entitled to it").

*Id.* at 1964, fn. 3. (emphasis added).

Since the Supreme Court published the *Bell Atlantic* decision, several circuit courts have

interpreted *Bell Atlantic* to impose a "plausibility" standard in non anti-trust litigation. In *Dell v.*

*This Old Store, Inc.* (S.D. Tex. July 2, 2007) 2007 WL 1958609, the court held:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and
> plain statement of the claim showing that the pleader is entitled to
> relief." The United States Supreme Court has made clear,
> however, that a plaintiff is obligated to provide "more than labels
> and conclusions, and a formulaic recitation of the elements of a
> cause of action will not do." "Factual allegations must be enough
> to raise a right to relief above the speculative level." "Rule 8(a)(2)
> still requires a showing, rather than a blanket assertion, of
> entitlement to relief. Without some factual allegation in the
> complaint, it is hard to see how a claimant could satisfy the
> requirement of providing not only fair notice of the nature of the
> claim, but also grounds on which the claim rests." When the
> Complaint contains inadequate factual allegations, "this basic
> deficiency should . . . be exposed at the point of minimum
> expenditure of time and money by the parties and the court." "[A]
> district court must retain the power to insist upon some specificity
> in pleading before allowing a potentially massive factual
> controversy to proceed.

In *Iqbal v. Hasty* (2d Cir. 2007) 490 F.3d 143, the court held, "We are reluctant to assume

that all of the language of Bell Atlantic [v. Twombly] applies only to section 1 allegations based on

competitors' parallel conduct or, slightly more broadly, only to antitrust cases." *See also, In re*

*Ocwen Loan Servicing, LLC Mortg. Servicing Litig.* (7th Cir. June 22, 2007) 491 F.3d 638, 649

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12ᵀᴴ STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

CASE NO. C073861
REPLY TO PLAINTIFF AND CO-DEFENDANT USA'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S
CLAIM AGAINST BAE PURSUANT TO RULE 12(b)(6)

("The present case is not an antitrust case, but the district court will want to determine whether the complaint contains 'enough factual matter (taken as true)' to provide the minimum notice of the plaintiffs' claim that the Court believes a defendant entitled to."); *U.S. v. Ortho-McNeil Pharmaceutical, Inc.* (N.D. Ill. Jul. 20, 2007) 2007 U.S. Dist. LEXIS 52666, 16-17 ("Johnson and Johnson is Ortho-McNeil's corporate parent. West has not set forth facts that plausibly suggest a cause of action against Johnson & Johnson. West implies that Johnson & Johnson might be liable under a 'piercing the corporate veil' theory; however, he has pleaded no facts to support such a theory."). It is clear from these subsequent decisions that that the plausibility standard set forth in *Bell Atlantic* should be applied to all claims.

Here, plaintiff's allegations as to BAE are nothing more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. In fact, plaintiff identifies her allegations against BAE in her opposition as, "Defendant was negligent in performing work aboard the vessel on which Plaintiff was employed by Defendant USA, and breached its warranty of workmanlike performance of such work, and thereby exposed Plaintiff to substances causing her injury." Clearly, plaintiff has not set forth factual allegations sufficient to support her allegations of negligence against BAE regarding her unidentified injuries. Plaintiff's complaint is completely void of what work BAE was performing on the vessel, where BAE was performing the work on the vessel, whether she was in the immediate vicinity of the work being performed on the vessel, what toxin(s) or materials BAE was working with on the vessel, what type of work BAE was performing with the materials and/or toxin(s) on the vessel, what type of injury plaintiff has allegedly suffered, and whether the toxin(s) and/or materials attributable to BAE could cause such injuries. In conversations leading to the filing of this complaint, plaintiff's counsel was unable to articulate plaintiff's alleged injuries let alone what caused her injuries. Clearly, plaintiff's complaint is insufficient to establish that her claim of relief against BAE is plausible. Accordingly, the court should grant BAE's motion to dimiss pursuant to Rule 12 (b)(6).

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12ᵀᴴ STREET
SUITE 1280
OAKLAND CA 94607
510.287.3000

4

CASE NO. C073861
REPLY TO PLAINTIFF AND CO-DEFENDANT USA'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S CLAIM AGAINST BAE PURSUANT TO RULE 12(b)(6)

## III.    CONCLUSION

Based on the above, this Court should grant BAE's motion to dismiss plaintiff's "Claim for Relief Against Shore Terminals, Doe Defendants" against BAE as a result of her failure to state a claim for which relief may be granted. In the alternative, this Court should require plaintiff to make a more definite statement pursuant to Federal Rules of Civil Procedure 12(e) as a result of the complaint being so vague and ambiguous.

DATED: November 28, 2007                BUTY & CURLIANO LLP


By:   /S/MADELINE L. BUTY
        MADELINE L. BUTY
        Attorneys for Defendant
        BAE SYSTEMS SAN FRANCISCO SHIP REPAIR
        INC.

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12ᵗʰ STREET
SUITE 1280
OAKLAND CA 94607
510.287.3000

CASE NO.  C073861
REPLY TO PLAINTIFF AND CO-DEFENDANT USA'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S CLAIM AGAINST BAE PURSUANT TO RULE 12(b)(6)

# PROOF OF SERVICE

I declare that:

I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 555 City Center, 555 – 12th Street, Suite 1280, Oakland, California 94607.

On November 28, 2007, I served the attached:

**DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC.'S REPLY TO PLAINTIFF AND CO-DEFENDANT UNITED STATES OF AMERICA'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S CLAIM FOR RELIEF AGAINST SHORE TERMINALS, DOE DEFENDANTS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE OR, IN THE ALTERNATIVE, A MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)**

on the interested parties in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows and I caused delivery to be made by the mode of service indicated below:

LAW OFFICES OF LYLE C. CAVIN, JR.
201 Fourth Street, Suite 102
Oakland, California 94607
T: 510.444.2501
F: 510.444.4209
**Attorneys for Plaintiff**

U.S. DEPARTMENT OF JUSTICE
7-5395 Federal Building
450 Golden Gate Avenue
San Francisco, California 94102
T: 415.436.6635
F: 415.436.6646
**Attorneys for Defendant/Cross-Complaint/Cross-Defendant
UNITED STATES OF AMERICA**

_____    (By Facsimile Machine) on all parties in said action by transmitting a true and correct copy thereof from our office facsimile machine to the facsimile machine numbers shown in this proof of service and/or the attached list. Following transmission, a Transmission Report was received from our fax machine indicating that the transmission had been transmitted without error.

_XX_    (By Mail) on all parties in said action in accordance with Code of Civil Procedure Section 1013, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth above, at Buty & Curliano LLP, which mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the County of Alameda.

_____    (By Federal Express) on all parties in said action by depositing a true and correct copy thereof in a sealed envelope/packet for overnight mail delivery, with charges thereon fully paid, in a Federal Express collection box, at Oakland, California, and addressed as set forth above.

CASE NO. C073861
REPLY TO PLAINTIFF AND CO-DEFENDANT USA'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S CLAIM AGAINST BAE PURSUANT TO RULE 12(b)(6)

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

1    ____        (By Personal Service) by causing to be personally delivered a true copy thereof to
            the addressee above.
2    _XX___        By USDC Electronic Service

3        I declare under penalty of perjury under the laws of the State of California and certify under
4    28 U.S.C. § 1746 that the foregoing is true and correct.  Executed on November 28, 2007, at
    Oakland, California.
5

6                            /S/ROBIN LOKOLLO                              .
7                            ROBIN LOKOLLO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12ᵀᴴ STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

CASE No.  C073861
REPLY TO PLAINTIFF AND CO-DEFENDANT USA'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S
CLAIM AGAINST BAE PURSUANT TO RULE 12(b)(6)