United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARI PRESTON,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

    Defendant.
_____/

No. C 07-3861 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is the motion of defendant BAE Systems San Francisco Ship Repair, Inc. ("BAE") for an order dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. In the alternative, BAE moves pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to dismiss, WITH LEAVE TO AMEND.

**BACKGROUND**

This is a maritime case, brought under the Jones Act, 46 U.S.C. § 30104; the Public Vessels Act, 46 U.S.C. § 31101, et seq.; and the Suits in Admiralty Act, 46 U.S.C. § 30901, et seq.; and general maritime law; and also alleging claims of unseaworthiness, and maintenance and cure.

Plaintiff Kari Preston was employed as a member of the crew of the M/V CAPE

MOHICAN ("the vessel"). The vessel was owned by defendant United States of America, and managed on behalf of the United States Maritime Administration ("MARAD"), by MARAD's ship manager, Ocean Duchess, Inc.

Plaintiff filed this action on July 27, 2007, alleging that during the course of her employment aboard the vessel, from August 3, 2006, through November 11, 2006, while the vessel was berthed in Alameda, California, she was injured following her exposure to various hazardous substances.

Plaintiff also asserts a claim against defendant BAE and 10 DOE defendants, which plaintiff alleges were engaged in removing asbestos from the vessel during the time it was berthed in Alameda, pursuant to a contract with the United States. Plaintiff alleges that BAE did not perform its work in a workmanlike manner, and that she was a third-party beneficiary of the contract between the United States and BAE.

On October 22, 2007, the United States answered the complaint, and included cross-claims against co-defendant BAE. On November 5, 2007, BAE filed the present motion.

**DISCUSSION**

A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citation omitted). All allegations of material fact are taken as true. Id.

However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)) (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 1966-67.

B.   Defendant's Motion

BAE seeks an order dismissing the claims against it for failure to state a claim. Specifically, BAE argues that the complaint fails to allege sufficient facts to put BAE on notice of the alleged tortious conduct and of plaintiff's alleged injuries. BAE asserts that the complaint is so vague and ambiguous that it cannot form a responsive pleading.[1]

BAE asserts that in toxic tort litigation (i.e., asbestos litigation), where the pleaded facts of tortious conduct and injury do not naturally give rise to an inference of causation, the plaintiff must plead facts supporting an inference that one caused the other. However, BAE argues, in this case, plaintiff has failed to do so.

BAE asserts that the complaint fails to state what work BAE was performing on the vessel, where on the vessel BAE was performing the work, whether plaintiff was in the immediate vicinity of the work, what toxins or other hazardous materials BAE was working with on the vessel, what type of work BAE was performing with the toxins or other hazardous materials, what type of injury she allegedly suffered, and whether the toxins or other hazardous materials attributable to BAE could cause such injuries.

BAE also contends that the complaint fails to set forth a viable legal theory against BAE, and that based on the allegations in the complaint, BAE cannot be certain whether it

---

[1] In addition, BAE seeks an order dismissing the claims asserted against "Shore "Terminals." The section of the complaint that includes the allegations against BAE (beginning with ¶ 18) is headed, "Claims for Relief Against Shore Terminals, DOE Defendants." In her opposition to the motion, plaintiff states that the reference to "Shore Terminals" is a typographical error, and that the heading on that section should read, "Claims for Relief Against BAE Systems San Francisco Ship Repair, Inc., DOE Defendants."

3

is being sued for breach of contract, breach of implied warranty, or personal injury, or all three. And as to each of those theories, BAE argues that the complaint fails to plead facts supporting the required elements.

In the alternative, BAE seeks an order compelling plaintiff to provide a more definite statement. BAE claims that the complaint fails to set forth the facts of BAE's alleged wrongdoing, fails to identify plaintiff's injury, and fails to set forth any facts linking that injury to BAE's conduct. BAE argues that it cannot frame a responsive pleading until it knows what claims are being asserted against it.

Both the United States and plaintiff have filed oppositions to BAE's motion. The United States argues that the complaint adequately states a claim as against BAE. The United States notes that the complaint alleges that plaintiff was an employee working on the vessel; that at material times BAE and/or persons for whom BAE was responsible were on board the vessel performing work to remove asbestos and other hazardous materials pursuant to a contract; that BAE was negligent in performing this work; that BAE's negligence caused the plaintiff to be exposed to various hazardous materials; that plaintiff suffered injury or damages as a result of this alleged negligence; and that plaintiff sought and received medical treatment as a result of such exposure. The United States argues that these allegations are sufficient under Federal Rule of Civil Procedure 8(a)(2) to put BAE on notice of the claims being asserted against it.

Plaintiff's arguments are similar to the arguments made by the United States. She asserts that the complaint alleges that BAE was negligent in performing work aboard the vessel on which plaintiff was employed by the United States; that BAE breached its warranty of workmanlike performance of such work; and that plaintiff was exposed to substances causing her injury as a result of BAE's actions. Plaintiff contends that these allegations are sufficient to state a claim under Rule 8.

In reply, BAE asserts that the arguments of the United States and plaintiff notwithstanding, the complaint does not set forth sufficient factual allegations against BAE in order to raise the right to relief above a speculative level. In particular, BAE reiterates

4

that plaintiff has not alleged sufficient facts to support a claim of negligence.

The court finds that the motion must be GRANTED. While the complaint is adequate in its statement of the general background facts supporting plaintiff's claim – that plaintiff worked on a vessel owned by the United States, that the United States hired BAE to remove asbestos from the vessel, that BAE was negligent in taking certain actions which exposed plaintiff to asbestos, and that such exposure resulted in injury to her – it is not comprehensible in terms of what cause or causes of action are being asserted against either defendant. Accordingly, the complaint must be dismissed for failure to state a claim.

The dismissal is WITH LEAVE TO AMEND. Any amended complaint must present separate, numbered causes of action, must specify the law and facts that support each cause of action, and must state which cause of action is being asserted against which defendant.

## CONCLUSION

In accordance with the foregoing, the court hereby GRANTS BAE's motion. Any amended complaint shall be filed no later than December 21, 2007. The date for the hearing on this motion, previously noticed for December 12, 2007, is VACATED.

**IT IS SO ORDERED.**

Dated: December 3, 2007

PHYLLIS J. HAMILTON
United States District Judge