LAW OFFICES OF LYLE C. CAVIN, JR.
LYLE C. CAVIN, JR., SBN 44958
RONALD H. KLEIN, SBN 32551
201 Fourth Street, Suite 102
Oakland, California 94607
Telephone    510-444-2501
Facsimile    510-444-4209
Attorneys for Plaintiff, KARI PRESTON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI PRESTON,<br><br>       Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. and DOES 1 through 10, Inclusive,<br><br>       Defendants._____/ | Case No. 07-03861 PJH<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br>(Personal Injury)<br>[Public Vessels Act, 46 U.S.C. §31101 *et seq*.]<br>[Suits in Admiralty Act 46 U.S.C. §30901 es<br>[Jones Act, 46 U.S.C. §30104]<br>[General Maritime Law<br>(Negligence, Unseaworthiness,<br>Maintenance and Cure)] |

Plaintiff, KARI PRESTON, complains against Defendants, and each of them as follows:

**CLAIMS FOR RELIEF**

**I: Jones Act Negligence Against Defendant USA**

    1.    Plaintiff, KARI PRESTON, is a citizen of the United States, was a seaman at all material times, and elects to proceed herein pursuant to 28 U.S.C. section 1916 without prepayment of costs and fees and without security therefor.

    2.    At all times mentioned, Defendant UNITED STATES OF AMERICA was and is a sovereign state, which by Act of Congress of March 9, 1920 (46 U.S.C. sections 30901 *et seq.*), as amended, commonly known as the Suits in Admiralty Act, has consented to be sued in this Honorable Court on the cause or causes of action set forth herein, and said Defendant owned, operated, controlled, and/or chartered the vessel SS CAPE MOHICAN

First Amended Complaint for Damages, Case No. 07-03861, PJH

(hereinafter "the vessel"), which was and is a public vessel of the United States or employed as such by said Defendant, and said Defendant is amenable to suit herein under and pursuant to the provisions of an Act of Congress of March 3, 1925 (46 U.S.C. sections 31101 *et seq.*), as amended, commonly known as the Public Vessels Act.

   3. Pursuant to the Clarification Act, 50 U.S.C. Appendix, section 1291(a), and the provisions of Title 46, Code of Federal Regulations, Part 327, Plaintiff duly presented an administrative claim to the United States Maritime Administration (MARAD), and to its ship managers, timely and in proper form, providing all pertinent information required by law to be included therein. Plaintiff is informed and believes and thereon alleges that said claim was received by MARAD and its ship managers on or about February 12, 2007. On or about May 25, 2007, said claim was denied.

   4. This action also arises under the Jones Act, 46 U.S.C. section 30104, and the general maritime law, in admiralty and maritime jurisdiction as hereinafter more fully appears.

   5. Venue is proper in this district pursuant to 46 U.S.C. sections 742 and 782, based on the fact that the vessel creating liability is found in this district.

   6. At all times material hereto, Defendant USA was the owner, operator and/or charterer of the vessel SS CAPE MOHICAN (hereinafter the "vessel"), and used said vessel in the transportation of cargo, equipment, material and other things for hire upon the navigable waters of the United States in interstate and foreign commerce, or otherwise within the jurisdiction of the Jones Act and the general maritime law.

   7. At all times material hereto, Plaintiff, KARI PRESTON, was employed by Defendant USA as a member of the crew of said vessel in the capacity of Chief Mate and otherwise.

8.      During her period of employment aboard the vessel from August 3, 2006, through November 11, 2006, while so employed and during the course of her work as a seaman aboard said vessel while berthed in Alameda, California, Plaintiff sustained injuries and illnesses as alleged below.

9.      Said injuries, illnesses, and resulting damages were proximately caused or contributed to, in whole or in part, by the negligence of Defendant USA, its agents, managers, officers, employees, representatives, and contractors, in that Defendant USA failed to use reasonable care to:

a) Provide Plaintiff with a reasonably safe place to work, safe and proper tools, appurtenances, equipment, and machinery, proper protective apparatus, proper work methods, orders, instructions, training, warnings, supervision, proper medical care, medical monitoring, and/or proper medical management for her exposure to certain materials, and for her injuries and illnesses.

(b) Provide during the work going on aboard the vessel reasonably safe procedures, work practices, equipment, surveillance, inspection, isolation of hazardous or potentially hazardous material, reasonably dealing with vessel ventilation systems, equipment, removal, clean-up, disposal, analysis.

(c) Provide vessel employees with safe and proper protective measures or equipment; (clothing, face masks, respirators, gloves, head coverings, foot coverings), and failed to utilize curtains, deck and wall coverings, drop cloths, filters, or other apparatus to confine airborne dust during the work the going on aboard the vessel.

(d) Failed to provide proper and safe warnings, air sampling, air monitoring, testing, sealing, securing of openings, prevention of contamination, containment, protection and precautions, fiber counting, and proper supervision of the work then going on aboard the vessel.

e) Comply with certain statutory and regulatory laws pertaining to operations and performance standards concerning personal exposure to said substances, and other matters pertaining to the health and safety of their employees aboard their vessel, including Plaintiff.

f) Comply with various industry standards as well as their own rules and policies pertaining to required, reasonable, and mandatory protection from such substances, as well as monitoring and health examinations.

g) Comply with provisions of the International Safety Management Code and International Maritime Organization standards, and certain federal statutes and regulations.

10. The violation of one or more of said laws, rules, regulations, standards, or other provisions constitutes negligence per se on the part of Defendant, and bars the partial defense of comparative negligence on the part of Plaintiff.

11. As a direct and proximate result thereof, Defendant, Plaintiff was exposed in the course of her work aboard the vessel to hazardous materials and conditions, harmful, unsafe, hazardous, toxic, deleterious carcinogenic chemicals and other hazardous substances, materials, processes, and working conditions, including but not limited to asbestos, glass fibers, rust, mold, dirt, other toxic, carcinogenic, harmful hydrocarbons and/or substances, organic solvents, chemicals, and materials.

12. As a direct and proximate result thereof, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system, all of which injuries have caused and continue to cause her great mental, physical and nervous pain and suffering as well as fear of and greater susceptibility to greater susceptibility of further injury and disease, and great mental anguish, for which Defendant remains liable to Plaintiff. Plaintiff is informed and believes and thereon alleges that these injuries have resulted or will result in some permanent injury and disability and

loss of earning capacity, all to her general damages in an amount to be ascertained.

13.    As a direct and proximate result thereof, Plaintiff has contracted and suffered injuries, illnesses, and conditions including epistaxis, pain, discomfort, damages to her chest, throat, pulmonary system, nervous system, breathing difficulties, speaking difficulties, emotional injury, sleeping difficulties, alopecia, lower extremity problems, hypersensitivity to further such exposure, susceptibility to further injuries and illnesses.

14.    As a further direct and proximate result thereof, Plaintiff was, is, and will be prevented from attending to her usual occupation and she thereby lost earnings, earning capacity, and other benefits and will continue to sustain similar losses in the future. The total amount of these losses is presently unknown to Plaintiff and Plaintiff will amend this complaint to set forth these amounts when the same shall be ascertained.

15.    As a further direct and proximate result thereof, Plaintiff has required treatment by doctors, nurses, and other medical personnel to examine, treat, and care for her, and has incurred and will incur medical and other expenses. The amount of said expenses are unknown to Plaintiff at this time and Plaintiff will amend this complaint to set forth these when the same have been ascertained.

16.    By reason of above described injuries and illnesses sustained by Plaintiff in the course of her employment as a seaman, Defendant USA had and has a legal duty to provide Plaintiff with prompt and adequate maintenance payments and proper medical care and cure for purposes of treating her injuries and illnesses. Insofar as said Defendant failed to provide maintenance and cure, Plaintiff is owed same at a reasonable amount, and, in addition, said Defendant is liable to Plaintiff for compensatory damages and, insofar as such refusal may be found to be unreasonable, arbitrary, or recalcitrant, attorneys' fees and costs.

## II: Unseaworthiness of Vessel Against Defendant USA

17.    Plaintiff realleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 8 of the first claim for relief in this complaint.

18. Said injuries, illnesses, and resulting damages were proximately caused or contributed to, in whole or in part, by the unseaworthiness of the vessel, in that:

a) The vessel and its appurtenances, equipment, crew, and work methods were in unseaworthy conditions at all material times;

b) Plaintiff did not have a reasonably safe place to work, safe and proper tools, appurtenances, equipment, and machinery, proper protective apparatus, proper work methods, orders, instructions, training, warnings, supervision, proper medical care, medical monitoring, and/or proper medical management for her exposure to certain materials, and for her injuries and illnesses.

(c) Plaintiff, during the work going on aboard the vessel, did not have reasonably safe procedures, work practices, equipment, surveillance, inspection, isolation of hazardous or potentially hazardous material, reasonably dealing with vessel ventilation systems, proper equipment, removal, clean-up, disposal, analysis.

(d) Plaintiff was not provided with safe and proper protective measures or equipment; (clothing, face masks, respirators, gloves, head coverings, foot coverings), and the vessel did not provide or utilize curtains, deck and wall coverings, drop cloths, filters, or other apparatus to confine airborne dust during the work the going on aboard the vessel.

(e) Plaintiff was not provided with proper and safe warnings, air sampling, air monitoring, testing, sealing, securing of openings, prevention of contamination, containment, protection and precautions, fiber counting, and proper supervision of the work then going on aboard the vessel.

f) The vessel did not comply with certain statutory and regulatory laws pertaining to operations and performance standards concerning personal exposure to said

substances, and other matters pertaining to the health and safety of their employees aboard their vessel, including Plaintiff.

      g) The vessel did not comply with various industry standards as well as its own rules and policies pertaining to required, reasonable, and mandatory protection from such substances, as well as monitoring and health examinations.

      h) The vessel did not comply with provisions of the International Safety Management Code and International Maritime Organization standards, and certain federal statutes and regulations.

    19. The violation of one or more of said laws, rules, regulations, standards, or other provisions constitutes unseaworthiness of the vessel per se, and bars the partial defense of comparative negligence on the part of Plaintiff.

    20. As a direct and proximate result of the unseaworthiness of the vessel, Plaintiff was exposed in the course of her work aboard the vessel to hazardous materials and conditions, harmful, unsafe, hazardous, toxic, deleterious carcinogenic chemicals and other hazardous substances, materials, processes, and working conditions, including but not limited to asbestos, glass fibers, rust, mold, dirt, other toxic, carcinogenic, harmful hydrocarbons and/or substances, organic solvents, chemicals, and materials.

    21. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 12 through 15 of the first claim for relief in this complaint as though fully set forth at length here.

### III: Negligence Against BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC., DOES ONE THROUGH TEN

    22. At all times herein mentioned, Defendant BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. (hereinafter "BAE") and DOES ONE through TEN were and continue to

be United States corporations authorized to do and doing business in the State of California and within this judicial district.

23. Plaintiff is and at all material times was a resident of the State of Nevada; BAE has its principal place of business in the State of California. The matter in controversy exceeds the amount of $75,000, exclusive of costs and interest. Jurisdiction as to Defendant BAE is under 28 U.S.C. §1332 as well as §1333, as a case of admiralty and maritime jurisdiction, as herein more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

24. At material times during the period of Plaintiff's employment aboard the vessel, Defendants BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. (BAE) and DOES 1 through 10, pursuant to contract with Defendant USA, had its employees, agents, managers, officers, representatives, and contractors working on board for removal of asbestos and other hazardous materials from various areas on the vessel, and other work.

25. At all times material hereto, Plaintiff, KARI PRESTON, was employed by Defendant USA as a member of the crew of said vessel in the capacity of Chief Mate and otherwise.

26. At all material times, pursuant to the general maritime law, Defendants BAE and DOES ONE through TEN had the duty to perform their work with reasonable care under the circumstances, such that all working conditions aboard the vessel would remain reasonably safe and free from unreasonable hazards, and such a duty was owed to Plaintiff.

27. During and after the time that such Defendants were working aboard the vessel, during the course of her work as a seaman aboard said vessel while berthed in Alameda, California, Plaintiff sustained injuries and illness as alleged below.

28. Said injuries, illnesses, and resulting damages were proximately caused or contributed to, in whole or in part, by the negligence of such Defendants, their agents,

managers, officers, employees, representatives, and contractors, by failing to do the work with reasonable care and failing to maintain their work places, processes and procedures aboard the vessel in a reasonably safe and hazard free condition, in that said Defendant:

(a)  Failed to provide aboard the vessel in connection with its work, reasonably safe procedures, work practices, equipment, surveillance, inspection, isolation of hazardous or potentially material, dealing with vessel ventilation systems, equipment, removal, clean-up, disposal, analysis

(b)  Failed to provide vessel employees with safe and proper protective measures or equipment provided or required for BAE employees, (clothing, face masks, respirators, gloves, head coverings, foot covering), and failed to utilize curtains, deck and wall coverings, drop cloths, filters, or other apparatus to confine airborne dust in their work aboard the vessel.

(c)  Failed to provide to the vessel for the benefit of its employees proper and safe warnings, air sampling, air monitoring, testing, sealing, securing of openings, prevention of contamination, containment, protection and precautions, fiber counting, and proper supervision of BAE work.

d) Violated certain statutory and regulatory laws pertaining to operations and performance standards concerning personal exposure to said substances, and other matters pertaining to the health and safety of their employees aboard their vessel.

e) Violated various industry standards as well as their own rules and policies pertaining to required, reasonable, and mandatory protection from such substances, as well as monitoring and health examinations.

29.    The violation of one or more of said laws, rules, regulations, standards, or other provisions constitutes negligence per se on the part of Defendants, and bars the partial defense of comparative negligence on the part of Plaintiff.

30. As a direct and proximate result thereof, Plaintiff was exposed in the course of her work aboard the vessel to hazardous materials and conditions, harmful, unsafe, hazardous, toxic, deleterious, carcinogenic chemicals and other hazardous substances, materials, processes, and working conditions, including but not limited to asbestos, glass fibers, rust, mold, dirt, other toxic, carcinogenic, harmful hydrocarbons and/or substances, organic solvents, chemicals, and materials.

31. As a direct and proximate result thereof, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system, all of which injuries have caused and continue to cause her great mental, physical and nervous pain and suffering as well as fear of and greater susceptibility to further injury of further injury and disease, and great mental anguish, for which Defendants remain liable to Plaintiff.  Plaintiff is informed and believes and thereon alleges that these injuries have resulted or will result in some permanent injury and disability and loss of earning capacity, all to her general damages in an amount to be ascertained.

32. As a direct and proximate result thereof, Plaintiff has contracted and suffered injuries, illnesses, and conditions including epistaxis, pain, discomfort, damages to her chest, throat, pulmonary system, nervous system, breathing difficulties, speaking difficulties, emotional injury, sleeping difficulties, alopecia, lower extremity problems, hypersensitivity to further such exposure, susceptibility to further injuries and illnesses.

33. As a further direct and proximate result thereof, Plaintiff was, is, and will be prevented from attending to her usual occupation and she thereby lost earnings, earning capacity, and other benefits and will continue to sustain similar future losses.  The total amount of these losses is presently unknown to Plaintiff and Plaintiff will amend this complaint to set forth these amounts when the same shall be ascertained.

34. As a further direct and proximate result thereof, Plaintiff has required

treatment by doctors, nurses and other medical personnel to examine, treat, and care for her, and has incurred and will incur medical and other expenses. The amount of said expenses are unknown to Plaintiff at this time and Plaintiff will amend this complaint to set forth these when the same have been ascertained.

### III:  Breach of Warranty of Workmanlike Performance Against
### BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC., DOES ONE THROUGH TEN

35. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 22 through 25, as though fully set forth at length here.

36. Defendants BAE and DOES, pursuant to the contract between said Defendants and Defendant USA or its agent, impliedly warranted that their work aboard and about the vessel would be done in a safe, workmanlike manner.

37. Plaintiff is a third party beneficiary of rights under the contract between said Defendants USA and BAE, and/or DOE DEFENDANTS, including the right to have the duties of said defendants carried out in a safe and workmanlike manner.

38. During material times while working on or about the vessel, Defendants BAE, and/or DOE DEFENDANTS, breached their duty of safe and workmanlike service owed to Plaintiff by failing to do the work in a safe or workmanlike manner and failing to maintain their work places, processes and procedures aboard the vessel in a reasonably safe and hazard free condition and in a safe or workmanlike condition.

39. During and after the time that such Defendants were working aboard the vessel, during the course of her work as a seaman aboard said vessel while berthed in Alameda, California, Plaintiff sustained injuries and illness as alleged below.

40. Said exposure resulting in Plaintiff's injuries, illnesses, and damages, was proximately caused or contributed to, in whole or in part, by the breach by Defendant BAE, its agents, managers, officers, employees, representatives, and contractors, of their warranty

of safe and workmanlike performance aboard said vessel, owed to Plaintiff, in that said Defendants:

(a) Failed to provide aboard the vessel in connection with its work, reasonably safe procedures, work practices, equipment, surveillance, inspection, isolation of hazardous or potentially material, dealing with vessel ventilation systems, equipment, removal, clean-up, disposal, analysis

(b) Failed to provide vessel employees with safe and proper protective measures or equipment; provided or required for BAE employees, (clothing, face masks, respirators, gloves, head coverings, foot covering), and failed to utilize curtains, deck and wall coverings, drop cloths, filters, or other apparatus to confine airborne dust in their work aboard the vessel.

(c) Failed to provide to the vessel for the benefit of its employees proper and safe warnings, air sampling, air monitoring, testing, sealing, securing of openings, prevention of contamination, containment, protection and precautions, fiber counting, and proper supervision of BAE work.

d) Violated certain statutory and regulatory laws pertaining to operations and performance standards concerning personal exposure to said substances, and other matters pertaining to the health and safety of their employees aboard their vessel.

e) Violated various industry standards as well as their own rules and policies pertaining to required, reasonable, and mandatory protection from such substances, as well as monitoring and health examinations.

f) Violated provisions of the International Safety Management Code and International Maritime Organization standards, and certain federal statutes and regulations.

41. The violation of one or more of said laws, rules, regulations, standards, or other provisions constitutes breach of warranty per se on the part of Defendants, and bars the partial defense of comparative negligence on the part of Plaintiff.

42. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 30 through 34 as though fully set forth at length here.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For general damages according to proof;

2. For loss of earnings and earning capacity according to proof;

3. For medical and incidental expenses according to proof;

4. As to Defendant USA, for maintenance and cure according to proof;

5. As to Defendant USA, for compensatory damages resulting from failure or refusal to provide maintenance or cure;

6. As to Defendant USA, for further damages and attorneys' fees and costs insofar as Defendant's failure or refusal to provide maintenance and cure may be found to be unreasonable, arbitrary, or recalcitrant;

7. For prejudgment interest according to proof;

8. For costs of suit herein incurred and to be incurred; and

9. For such other and further relief as the court deems just and proper.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**
Pursuant to the Local Rules of this court, Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

December 19, 2007                                          LAW OFFICES OF LYLE C. CAVIN, JR.

                                                              /S?
                                                          RONALD H. KLEIN
                                                          Attorneys for Plaintiff,
                                                          KARI PRESTON