JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone:  (415) 436-6635; (415) 436-6646
E-mail:      jeanne.franken@usdoj.gov
             geoff.owen@usdoj.gov

Attorneys of Defendant & Cross-claimant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI PRESTON, | CIVIL NO.  C-07-3861-PJH |
| Plaintiff, | ANSWER OF UNITED STATES OF AMERICA TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AND FIRST AMENDED CROSS-CLAIMS BY THE UNITED STATES OF AMERICA AGAINST CO-DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC. |
| v. | |
| UNITED STATES OF AMERICA, BAE SYSTEMS SF SHIP REPAIR, INC., and DOES 1 through 10, Inclusive, | |
| Defendant. | |
| UNITED STATES OF AMERICA | |
| Cross-complainant | |
| v. | |

ANSWER OF UNITED STATES OF AMERICA TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AND FIRST AMENDED CROSS-CLAIMS BY THE UNITED STATES OF AMERICA AGAINST CO-DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC.

1

C-07-3861-PJH

| | |
|---|---|
| 1  BAE SYSTEMS SAN FRANCISCO | ) |
| 2  SHIP REPAIR, INC. | ) |
| | ) |
| 3       Cross-defendant. | ) |
| | ) |

For its answer to plaintiff's First Amended Complaint For Damages, the United States admits, denies, and otherwise responds as follows:

ANSWERING THE PARAGRAPHS TITLED "CLAIMS FOR RELIEF, I: Jones Act Negligence Against Defendant USA"

1. Denies each and every allegation of paragraph 1, except admits and asserts that at times material hereto plaintiff was employed as a seaman.

2. Denies each and every allegation of paragraph 2, except admits and asserts that the M/V CAPE MOHICAN is a public vessel, and that the United States is a sovereign which has consented to be sued, if at all, solely pursuant to the terms and conditions of the Clarification Act, 50 App. U.S.C.A. §1291, which incorporates the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918.

3. Denies each and every allegation of paragraph 3, except admits and asserts that plaintiff submitted a purported claim which was received by the United States Maritime Administration ("MARAD") on or about February 12, 2007, and that MARAD denied it on or about May 25, 2007.

4. To the extent paragraph 4 contains assertions of law, no response is required by defendant United States of America; otherwise, admits and asserts this case against the United States of America by a seaman employed on a MARAD vessel appears to be an admiralty and maritime claim within the meaning of Fed.R.Civ.P. 9(h), and that the United States is a sovereign which has consented to be sued, if at all, solely pursuant to the terms and conditions of the Clarification Act, 50 App. U.S.C.A. §1291, which

incorporates the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918.

5. To the extent paragraph 5 contains assertions of law, no response is required by defendant United States of America; otherwise, denies the allegations of paragraph 5 for lack of knowledge and information, except admits and asserts that, at times material hereto, the M/V CAPE MOHICAN was located within this district.

6. To the extent paragraph 6 contains assertions of law, no response is required by defendant United States of America; otherwise denies each and every allegation therein, except admits and asserts at time material hereto, that the United States was the owner of the M/V CAPE MOHICAN, and it was used at times to carry Government cargo on navigable waters of the United States.

7. Denies each and every allegation of paragraph 7, except admits and asserts that, at times material hereto, plaintiff was a seaman employed on behalf of the United States of America on the M/V CAPE MOHICAN by MARAD's ship manager, Ocean Duchess, Inc. ("Ocean Duchess"), pursuant to contract.

8. Denies each and every allegation of paragraph 8.

9. Denies each and every allegation of paragraph 9, including 9 (a) through 9 ( g), inclusive.

10. To the extent paragraph 10 contains assertions of law, no response is required by defendant United States of America; otherwise, denies each and every allegation of paragraph 10.

11. Denies each and every allegation of paragraph 11.

12. Denies each and every allegation of paragraph 12.

13. Denies each and every allegation of paragraph 13.

14. Denies each and every allegation of paragraph 14.

15. Denies each and every allegation of paragraph 15.

16. To the extent paragraph 16 contains assertions of law, no response is required by defendant United States of America; otherwise, denies each and every allegation of paragraph 16.

### ANSWERING THE PARAGRAPHS TITLED "CLAIMS FOR RELIEF, II: Unseaworthiness of Vessel Against Defendant USA"

17. Answering the allegations of paragraph 17, repeats and realleges paragraphs 1-16, *supra*, as though each were fully set out herein.

18. Denies each and every allegation of paragraph 18, including 18 (a) through 18 (h), inclusive.

19. To the extent paragraph 19 contains assertions of law, no response is required by defendant United States of America; otherwise, denies each and every allegation of paragraph 19.

20. Denies each and every allegation of paragraph 20.

21. Answering the allegations of paragraph 21, repeats and realleges paragraphs 1-20, *supra*, as though each were fully set out herein.

### ANSWERING THE PARAGRAPHS TITLED "CLAIMS FOR RELIEF, III: Negligence Against BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC., DOES ONE THROUGH TEN"

22. To the extent the allegations in paragraph 22 are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; otherwise, repeats and realleges paragraphs 1-21, *supra*, as though each were fully set out herein.

23. To the extent the allegations in paragraph 23 contain assertions of law and/or are addressed to defendants other than the United States, its agents, servants, employees,

crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; otherwise denies each and every allegation of paragraph 23, except admits that this appears to be an admiralty and maritime claim within the meaning of Fed.R.Civ.P. 9(h).

24. To the extent the allegations in paragraph 24 are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 24 allege or assert liability against the United States, denies the allegations of paragraph 24.

25. To the extent the allegations in paragraph 25 are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 25 allege or assert liability against the United States, denies the allegations of paragraph 25.

26. To the extent paragraph 26 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 26 allege or assert liability against the United States, denies the allegations of paragraph 26.

27. To the extent the allegations in paragraph 27 are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 27 allege or assert liability against the United States, denies the allegations of paragraph 27.

28. To the extent paragraphs 28, and 28 (a) through 28 (e), inclusive, contain

assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 28, and 28 (a) through 28 (e), inclusive, allege or assert liability against the United States, denies the allegations of paragraph 28, and 28 (a) through 28 (e), inclusive.

29. To the extent paragraph 29 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 29 allege or assert liability against the United States, denies the allegations of paragraph 29.

30. To the extent paragraph 30 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 30 allege or assert liability against the United States, denies the allegations of paragraph 30.

31. To the extent paragraph 31 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 31 allege or assert liability against the United States, denies the allegations of paragraph 31.

32. To the extent paragraph 32 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 32 allege or

assert liability against the United States, denies the allegations of paragraph 32.

33. To the extent paragraph 33 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 33 allege or assert liability against the United States, denies the allegations of paragraph 33.

34. To the extent paragraph 34 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 34 allege or assert liability against the United States, denies the allegations of paragraph 34.

<u>ANSWERING THE PARAGRAPHS TITLED "CLAIMS FOR RELIEF, III: Breach of Warranty of Workmanlike Performance Against BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC., DOES ONE THROUGH TEN"</u>

35. To the extent the allegations in paragraph 35 are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; otherwise, repeats and realleges paragraphs 1-34, *supra*, as though each were fully set out herein.

36. To the extent the allegations in paragraph 36 are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 36 allege or assert liability against the United States, denies the allegations of paragraph 36.

37. To the extent paragraph 37 contains assertions of law, or the allegations are

addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 37 allege or assert liability against the United States, denies the allegations of paragraph 37.

38.  To the extent paragraph 38 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 38 allege or assert liability against the United States, denies the allegations of paragraph 38.

39. To the extent the allegations in paragraph 39 are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 39 allege or assert liability against the United States, denies the allegations of paragraph 39.

40.  To the extent paragraph 40, and 40 (a) through 40 (f), inclusive, contain assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 40, and 40 (a) through 40 (f), inclusive, allege or assert liability against the United States, denies the allegations of paragraph 40, and 40 (a) through 40 (f), inclusive.

41.  To the extent paragraph 41 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; to the extent the allegations of paragraph 41 allege or

assert liability against the United States, denies the allegations of paragraph 41.

42. Answering the allegations of paragraph 42, repeats and realleges paragraphs 1-41, *supra*, as though each were fully set out herein.

### FIRST AFFIRMATIVE DEFENSE

43. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

44. If plaintiff sustained damages or injuries as a result of matters alleged in her Amended Complaint, which is denied, those damages or injuries were caused in whole or in part by the negligence and/or fault of plaintiff herself, and were not caused or contributed to in any manner by any negligence and/or fault of the United States, its agents, servants, employees, crew, vessel(s), or others for whom it was or is responsible or by any unseaworthiness of the M/V CAPE MOHICAN.

### THIRD AFFIRMATIVE DEFENSE

45. If plaintiff sustained damages or injuries as a result of matters alleged in her Amended Complaint, which is denied, those damages or injuries were caused in whole or in part by persons or entities for whose acts or omissions the United States was or is not responsible, and were not caused or contributed to in any manner by any negligence and/or fault of the United States, its agents, servants, employees, crew, vessel(s), or others for whom it was or is responsible or by any unseaworthiness of the M/V CAPE MOHICAN.

### FOURTH AFFIRMATIVE DEFENSE

46. This Court lacks subject matter jurisdiction over plaintiff's action based on, *inter alia*, the doctrine of separation of powers; any acts or omissions by or on behalf of the United States which plaintiff alleges caused or contributed to her alleged injuries or damages were discretionary in nature and are not reviewable by this court.

### FIFTH AFFIRMATIVE DEFENSE

47. If plaintiff sustained damages or injuries as a result of matters alleged in her Amended Complaint, which is denied, those damages or injuries were caused in whole or in part by the failure of the plaintiff to carry out the responsibilities assigned to her as a primary duty and were not caused or contributed to in any manner by any negligence and/or fault of the United States, its agents, servants, employees, crew, vessel(s), vessel or others for whom it was or is responsible or by any unseaworthiness of the M/V CAPE MOHICAN.

### SIXTH AFFIRMATIVE DEFENSE

48. The Court lacks subject matter jurisdiction over plaintiff's Amended Complaint and action, and it must be dismissed.

### SEVENTH AFFIRMATIVE DEFENSE

49. Plaintiff has failed to mitigate her alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

50. To the degree the Amended Complaint prays for relief in the form of interest prior to the filing of the Amended Complaint, the Amended Complaint fails to state a claim upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

51. To the degree the Amended Complaint prays for relief in the form of punitive damages or penalties of any kind for an alleged failure to timely pay maintenance and cure, which is denied, the Amended Complaint fails to state a claim upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

52. If plaintiff suffered injury and/or damages as alleged in the Amended Complaint, which is denied, plaintiff has been paid all amounts due to her.

## ELEVENTH AFFIRMATIVE DEFENSE

53. To the degree the Amended Complaint prays for relief in the form of attorney's fees, the Amended Complaint fails to state a claim upon which relief can be granted. .

## AMENDED CROSS-CLAIMS OF THE UNITED STATES OF AMERICA

The Cross-Claims of cross-claimant United States of America against cross-defendant BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC. ("BAE") allege, on information and belief, as follows:

54. Defendant United States of America reasserts and re-alleges each and every paragraph of its Answer and Cross-Claim with the same force and effect as if set forth at length herein.

55. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, within the meaning of Fed.R.Civ.P. 9(h).

56. The United States of America was and is a sovereign authorized to sue under 28 U.S.C. § 1345, and was at times material hereto the owner of the M/V CAPE MOHICAN.

57. At times material hereto, plaintiff was a seaman employed aboard the M/V CAPE MOHICAN on behalf of the United States by Ocean Duchess, MARAD's ship manager for the vessel, pursuant to a contract with MARAD.

58. At times material hereto, cross-defendant BAE was a corporation organized and existing under the laws of the state of California, with a place of business and doing business within this district and within the jurisdiction of this court.

59. At times material hereto, BAE removed and replaced asbestos ceiling panels on M/V CAPE MOHICAN while the vessel was in navigable waters of the United States.

60. At times material hereto, BAE was obliged to conduct its operations safely, properly, and in a skillful and workmanlike manner, including, but not limited to, its removal and replacement of the aforesaid asbestos ceiling panels on board the M/V CAPE

MOHICAN.

61. At times material hereto, pursuant to the contract with MARAD's ship manager, BAE was obliged to conduct its operations in compliance with federal and state regulations and all industry standards.

62. At times material hereto, pursuant to a contract with MARAD's ship manager, BAE was obliged to conduct its operations subject to current licensing for asbestos abatement including, but not limited to, its removal and replacement of the aforesaid asbestos ceiling panels on board the M/V CAPE MOHICAN.

63. At times material hereto, plaintiff was not an employee of BAE.

64. Plaintiff has filed its Amended Complaint against the United States of America, alleging, *inter alia*, that she was injured during the period August 3, 2006 through November 11, 2006, as a result of the negligence and fault of the United States of America and BAE, which alleged negligence and fault of the United States is denied.

65. The United States of America has filed its foregoing Answer to plaintiff's Amended Complaint in which it denied all liability in the premises, and the issues raised therein remain before this Court without trial or adjudication.

66. The United States of America has performed all of the duties and obligations which were required to be performed by it.

## FIRST CROSS-CLAIM BY CROSS-CLAIMANT UNITED STATES OF AMERICA AGAINST CROSS-DEFENDANT BAE

67. The United States of America incorporates each and every paragraph of this Answer and Cross-complaint as though fully set out herein.

68. If plaintiff sustained damages as asserted in her Amended Complaint, which is denied, said injuries or damages were caused in whole or in part by the negligence and/or fault of BAE, its agents, servants, employees, subcontractors, and/or others for whom it

was or is responsible, and not by the United States of America.

69. If Plaintiff sustained damages as alleged in her Amended Complaint, which is denied, such damages were not caused or contributed to in any manner by defendant, United States, its agents, servants, employees, crew, vessel(s), or others for whom it is or was responsible, and not by the United States of America.

70. If judgment is rendered in favor of plaintiff, and against defendant United States of America, then that the United States of American may recover contribution and/or indemnification from BAE in the full amount of any fault which is found by the court against BAE.

## SECOND CROSS-CLAIM BY CROSS-CLAIMANT UNITED STATES OF AMERICA AGAINST CROSS-DEFENDANT BAE

71. The United States of America incorporates each and every paragraph of this Answer and Cross-complaint as though fully set out herein.

72. If plaintiff sustained damages as asserted in her Amended Complaint, which is denied, said injuries or damages were caused in whole or in part by the breach of an implied and/or express warranty of workmanlike service and/or fitness for use by BAE, its agents, servants, employees, subcontractors, and/or others for whom it was or is responsible, and not by the United Stats of America.

73. By reason of the matters aforesaid, BAE is liable to the United States of America, whether by indemnification or contribution, for all attorney's fees, costs, expenses and disbursements incurred in the defense of Plaintiff's actions and, if the United States is held liable in this action, for the full amount of such judgment against the United States of America, and for any and all other damages which the United States of America may be entitled to recover herein.

///

## THIRD CROSS-CLAIM BY CROSS-CLAIMANT UNITED STATES OF AMERICA AGAINST CROSS-DEFENDANT BAE

74. Defendant United States of America incorporates each and every paragraph of this Answer and Cross-complaint as though fully set out herein.

75. If plaintiff sustained damages as asserted in her Amended Complaint, which is denied, said injuries or damages were caused in whole or in part by the breach by BAE, its agents, servants, employees, subcontractors, and/or others for whom it was or is responsible of an implied and/or express warranty of workmanlike service and/or fitness for use arising from or found in the contract between Ocean Duchess and BAE, of which the United States is an intended third-party beneficiary.

76. By reasons of the matters aforesaid, BAE is liable to the United States of America, whether by way of indemnification or contribution, for all attorney's fees, costs, expenses and disbursements incurred in the defense of Plaintiff's actions and, if the United States is held liable in this action, for the full amount of such judgment against the United States of America, and for any and all other damages which the United States of America may be entitled to recover herein.

WHEREFORE, the United States of America prays:

1. That plaintiff's action against it be dismissed with prejudice and with costs;

2. That judgment be entered in favor of the Unites States of America as against plaintiff.

3. That if any judgment is entered in favor of plaintiff and against the United States of America, then that a judgment over with interest and costs may be entered in favor of the United States of America and against BAE for indemnity and/or contribution, as by this court may be deemed appropriate in the premises, requiring BAE to pay to the United States of America the amount of any such judgement, and to indemnify and exonerate the

United States of America against all liability herein as appropriate;

    4. That judgement may be entered in favor of the United States of America and against BAE for all attorney's fees, costs, expenses and disbursements incurred by the United States of America in the defense of Plaintiff's action; and

    5. For such and other further relief as this Court may deem just and proper.

Dated:   January 17, 2008

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division


 /s G. D. OWEN
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for Defendant & Cross-claimant
United States of America