MADELINE L. BUTY [SBN 157186]
KHALED TAQI-EDDIN [SBN 220923]
BUTY & CURLIANO LLP
555 City Center
555 – 12th Street, Suite 1280
Oakland, California 94607
Tel:    510.267.3000
Fax:    510.267.0117
Email:  mlb@butycurliano.com

Attorneys for Defendant
**BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC.**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI PRESTON,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, BAE SYSTEMS SF SHIP REPAIR, INC. and DOES 1 through 10, Inclusive,<br><br>    Defendants. | Case No.  C 07-03861 PJH<br><br>**ANSWER OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. AGAINST CROSS-DEFENDANTS SEACOAST ELECTRONICS, INC. AND THE UNITED STATES OF AMERICA** |

For its answer to plaintiff Kari Preston's ("plaintiff or Ms. Preston") First Amended Complaint, BAE Systems San Francisco Ship Repair Inc. ("BAE"), admits, denies, and otherwise responds as follows:

## RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION FOR NEGLIGENCE AGAINST BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC., DOES ONE THROUGH TEN

1.    Answering paragraph 22, BAE admits each and every allegation of paragraph 22.

////

1

CASE NO.  C 07-03861 PJH
ANSWER OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. AGAINST CROSS-DEFENDANTS SEACOAST ELECTRONICS, INC. AND THE UNITED STATES OF AMERICA

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

2. Answering paragraph 23, BAE denies each and every allegation of paragraph 23 for lack of knowledge, except admits and asserts this case appears to be subject to admiralty and maritime jurisdiction.

3. Answering paragraph 24, BAE denies each and every allegation of paragraph 24, except admits and asserts it was contracted by defendant USA to remove and replace some asbestos-containing ceiling panels which had been previously chipped, altered, or damaged on board the M/V CAPE MOHICAN to allow Seacoast Electronics, Inc. to continue with its installation of replacement Radars and S-VDR System. BAE was further contracted by defendant USA to remove and re-install asbestos-containing ceiling panels which were not chipped, altered, or damaged. Some asbestos-containing ceiling panels were already removed by Seacoast before BAE was even contacted to perform the work.

4. Answering paragraph 25, BAE admits on information and belief plaintiff was employed aboard the M/V CAPE MOHICAN as the Chief Mate.

5. To the extent paragraph 26 contains assertions of law, no response is required by BAE. Answering paragraph 26, BAE denies it owed plaintiff any duty due to lack of knowledge.

6. Answering paragraph 27, BAE denies each and every allegation of paragraph 27.

7. To the extent paragraph 28 contains assertions of law, no response is required by BAE. Answering paragraph 28, BAE denies each and every allegation of paragraph 28 and each of its subsections.

8. To the extent paragraph 29 contains assertions of law, no response is required by BAE. Answering paragraph 29, BAE denies each and every allegation of paragraph 29.

9. Answering paragraph 30, BAE denies each and every allegation of paragraph 30.

10. Answering paragraph 31, BAE denies each and every allegation of paragraph 31.

11. Answering paragraph 32, BAE denies each and every allegation of paragraph 32.

12. Answering paragraph 33, BAE denies each and every allegation of paragraph 33.

13. Answering paragraph 34, BAE denies each and every allegation of paragraph 34.

2

Case No. C 07-03861 PJH
ANSWER OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. AGAINST CROSS-DEFENDANTS SEACOAST ELECTRONICS, INC. AND THE UNITED STATES OF AMERICA

### RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION FOR BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE AGAINST BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC., DOES ONE THROUGH TEN

14. Answering paragraph 35, BAE re-alleges and incorporates by reference the admissions, allegations, and denials in paragraphs 22 through 34 of this answer as though fully set forth herein.

15. To the extent paragraph 36 contains assertions of law, no response is required by BAE. Answering paragraph 36, BAE denies it made any implied warranties but admits it performed its work in a safe and workmanlike manner.

16. To the extent paragraph 37 contains assertions of law, no response is required by BAE. Answering paragraph 37, BAE denies each and every allegation of paragraph 37.

17. Answering paragraph 38, BAE denies each and every allegation of paragraph 38.

18. Answering paragraph 39, BAE denies each and every allegation of paragraph 39.

19. To the extent paragraph 40 contains assertions of law, no response is required by BAE. Answering paragraph 40, BAE denies each and every allegation of paragraph 40 and each of its subsections.

20. To the extent paragraph 41 contains assertions of law, no response is required by BAE. Answering paragraph 41, BAE denies each and every allegation of paragraph 41.

21. Answering paragraph 42, BAE re-alleges and incorporates by reference the admissions, allegations, and denials in paragraphs 30 through 34 of this answer as though fully set forth herein.

### AFFIRMATIVE DEFENSES

22. AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, BAE alleges plaintiff fails to state a claim upon which relief may be granted.

////

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.287.3000

23.   AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, BAE alleges plaintiff fails to state facts sufficient to constitute a cause of action against BAE.

24.   AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, BAE alleges if plaintiff sustained damages or injuries as a result of matters alleged in her Complaint, those damages or injuries were caused in whole or in part by the negligence and/or fault of plaintiff herself and was not caused or contributed to in any manner by any negligence and/or fault of BAE, its agents, servants, employees, or others for whom it was or is responsible.

25.   AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, BAE alleges the sole and/or partial proximate cause of the damages were due to the negligence of other persons and other parties, including defendant USA and cross-defendant Seacoast Electronics, Inc., through whose conduct BAE is not responsible and BAE requests the Court or trier of fact apportion comparative fault among those responsible persons and parties under the doctrine of comparative negligence or comparative fault and/or based upon the doctrine of equitable indemnity and contribution.

26.   AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, BAE alleges if plaintiff sustained damages or injuries as a result of matters alleged in her First Amended Complaint, which is denied, those damages or injuries were caused in whole or in part by the failure of the plaintiff to carry out the responsibilities assigned to her as a primary duty aboard the M/V CAPE MOHICAN and were not caused or contributed to in any manner by any negligence and/or fault of BAE, its agents, servants, employees, crew, or others for whom it was or is responsible.

27.   AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, BAE alleges plaintiff failed to join all necessary and indispensable parties to this action.

4

CASE NO. C 07-03861 PJH
ANSWER OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. AGAINST CROSS-DEFENDANTS SEACOAST ELECTRONICS, INC. AND THE UNITED STATES OF AMERICA

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

28. AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, BAE alleges the Court lacks subject matter jurisdiction over plaintiff's First Amended Complaint, and it must be dismissed.

29. AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, BAE alleges plaintiff has failed to mitigate her alleged damages.

30. AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, BAE reserves the right to allege other affirmative defenses as they may become known through the course of discovery.

## CROSS-CLAIMS OF BAE

31. BAE re-asserts and re-alleges each and every paragraph of its answer and cross-claim with the same force and effect as if set forth at length herein.

32. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, within the meaning of Federal Rule of Civil Procedure 9(h).

33. Defendant/cross-defendant United States of America ("USA") is a sovereign state which has consented to be sued in this action and at times material hereto was the owner of the vessel known as the M/V CAPE MOHICAN.

34. At times material hereto, BAE is informed and believes plaintiff was a seaman employed aboard the M/V CAPE MOHICAN on behalf of defendant USA through Ocean Duchess, MARAD's ship manager for the vessel. As its employee, USA had a duty to provide plaintiff with a reasonably safe place to work; safe and proper tools, appurtenances, equipment, and machinery; proper protective apparatus; proper work methods, orders, instructions, training, warnings, and supervision.

35. Cross-defendant Seacoast Electronics, Inc. ("Seacoast") is a corporation organized and existing under the laws of the State of Florida, doing business in California within this district and within the jurisdiction of this Court at times material hereto.

5

Case No. C 07-03861 PJH
ANSWER OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. AGAINST CROSS-DEFENDANTS SEACOAST ELECTRONICS, INC. AND THE UNITED STATES OF AMERICA

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

36. At time material hereto, Seacoast was contracted by USA to perform work aboard the M/V CAPE MOHICAN including, but not limited to, performing the installation of replacements Radars and an S-VDR System, while the vessel was in navigable waters of the United States. This involved work with electrical wiring in the ceiling of the vessel which resulted in Seacoast removing some ceiling panels to gain access to wiring. BAE is and informed and believes and therefore alleges Seacoast was contracted to remove and replace undamaged ceiling panels in their Statement of Work. The electrical work performed by Seacoast resulted in the disturbance of products and materials including but not limited to electrical wiring, asbestos, and other materials located in the ceiling of the vessel

37. At times material hereto, Seacoast removed some ceiling panels to gain access to wiring. Sometime before or after Seacoast began its work, it was determined the ceiling panels removed by and remaining in the way of Seacoast contained asbestos. Seacoast removed and stored the asbestos-containing ceiling panels in a manner inconsistent with federal and state asbestos abatement regulations and procedures. BAE is informed and believes and therefore alleges Seacoast was not authorized or licensed to perform asbestos-abatement work at times material hereto including, but not limited to, the removal of asbestos-containing ceiling panels.

38. BAE Systems San Francisco Ship Repair Inc. ("BAE") is a corporation organized and existing under the laws of the State of California, with a place of business and doing business within this district and within the jurisdiction of this Court. On September 5, 2006, BAE was contracted by defendant USA to remove and replace some asbestos-containing ceiling panels on the M/V CAPE MOHICAN which had been previously chipped, altered or damaged to allow Seacoast to perform the installation of replacements radars and S-VDR System. BAE was further contracted to remove and re-install asbestos-containing ceiling panels which were not altered or damaged.

39. BAE conducted its operations safely, properly, and in a skillful and workmanlike manner, including, but not limited to, the removal and replacement and/or re-installation of the asbestos-containing ceiling panels on board the M/V CAPE MOHICAN.

6

Case No. C 07-03861 PJH
ANSWER OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. AGAINST CROSS-DEFENDANTS SEACOAST ELECTRONICS, INC. AND THE UNITED STATES OF AMERICA

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

40. BAE conducted its operations in compliance with federal and state regulations and all industry standards. BAE conducted air sampling which verified all work performed by BAE on this vessel was in compliance with federal and state standards for work with or around asbestos-containing materials.

41. BAE conducted its operations in conformance with all current licensing, regulations and procedures for asbestos abatement including, but not limited to, the removal and replacement and/or re-installation of the asbestos-containing ceiling panels on board the M/V CAPE MOHICAN.

42. Before beginning its work, BAE performed a walkthrough with the Chief Mate of the vessel to ascertain the scope of the project. The Chief Mate informed BAE she was aware the ceiling panels were asbestos-containing because she had taken a piece and had it tested. Some ceiling panels were left around the vessel exposed which the Chief Mate indicated were removed by employees of Seacoast.

43. Plaintiff has filed her First Amended Complaint against BAE, alleging, inter alia, she was injured during the period August 3, 2006 through November 11, 2006, as a result of the negligence and fault of the United States of America, BAE and DOES 1 through 10, which alleged negligence and fault of BAE is denied.

44. BAE has filed its answer to plaintiff's First Amended Complaint. The issues raised therein remain before this Court without trial or adjudication.

45. BAE has performed all of the duties and obligations which were required to be performed by it and denies any and all liability for the issues raised by plaintiff.

**FIRST CROSS-CLAIM BY CROSS-CLAIMANT BAE AGAINST CROSS-DEFENDANT SEACOAST ELECTRONICS, INC. AND USA**

46. BAE incorporates each and every paragraph of its Answer and Cross-Complaint as though fully set out herein.

////

7

CASE NO. C 07-03861 PJH
ANSWER OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. AGAINST CROSS-DEFENDANTS SEACOAST ELECTRONICS, INC. AND THE UNITED STATES OF AMERICA

47. If plaintiff sustained injuries and damages as asserted in her First Amended Complaint, which is denied, said injuries or damages were caused in whole or in part by the negligence and/or fault of Seacoast and/or the USA, their agents, servants, employees, subcontractors, and/or others for whom they were or are responsible.

48. If plaintiff sustained injuries and damages as asserted in her First Amended Complaint, which is denied, such injuries and damages were not caused or contributed to in any manner by defendant, BAE, its agents, servants, employees, crew, or others for whom it is or was responsible.

49. If judgment is rendered in favor of plaintiff, and against BAE, BAE is entitled to contribution and/or indemnification from the USA and/or Seacoast in an amount to be determined by the Court against USA and/or Seacoast.

50. By reason of the matters aforesaid, USA and/or Seacoast are liable to BAE, whether by indemnification or contribution, for all attorney's fees, costs, expenses and disbursements incurred in the defense of plaintiff's action and, if BAE is held liable in this action, for the full amount of such judgment against BAE, and for any and all other damages which BAE may be entitled to recover herein.

WHEREFORE, BAE requests judgment as follows:

51. Plaintiff's First Amended Complaint be dismissed with prejudice against BAE;

52. Judgment be entered in favor of BAE against plaintiff with costs of suit awarded;

53. If any judgment is entered in favor of plaintiff against BAE, judgment be entered in favor of BAE against the USA and/or Seacoast with interest and costs for indemnity and/or contribution, in a manner deemed appropriate by this Court, requiring the USA and/or Seacoast to pay BAE the amount of any such judgment, and to indemnify and exonerate BAE against all liability herein as appropriate;

/ / / /

/ / / /

8

CASE NO. C 07-03861 PJH
ANSWER OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. AGAINST CROSS-DEFENDANTS SEACOAST ELECTRONICS, INC. AND THE UNITED STATES OF AMERICA

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

54. Judgment be entered in favor of BAE and against the USA and/or Seacoast for all attorney's fees, costs, expenses and disbursements incurred by BAE in the defense of plaintiff's action; and

55. For any and all other relief the Court may deem just and proper.

DATED: January 18, 2008                BUTY & CURLIANO LLP


By: /S/MADELINE L. BUTY
    MADELINE L. BUTY
    Attorneys for BAE
    BAE SYSTEMS SAN FRANCISCO
    SHIP REPAIR INC.

Case No. C 07-03861 PJH
ANSWER OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. AGAINST CROSS-DEFENDANTS SEACOAST ELECTRONICS, INC. AND THE UNITED STATES OF AMERICA

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

# PROOF OF SERVICE

I declare that:

I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 555 City Center, 555 – 12th Street, Suite 1280, Oakland, California 94607.

On January 18, 2008, I served the attached:

**ANSWER OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. AGAINST CROSS-DEFENDANTS SEACOAST ELECTRONICS, INC. AND THE UNITED STATES OF AMERICA**

on the interested parties in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows and I caused delivery to be made by the mode of service indicated below:

LAW OFFICES OF LYLE C. CAVIN, JR.
201 Fourth Street, Suite 102
Oakland, California 94607
T: 510.444.2501
F: 510.444.4209
**Attorneys for Plaintiff**

U.S. DEPARTMENT OF JUSTICE
7-5395 Federal Building
450 Golden Gate Avenue
San Francisco, California 94102
T: 415.436.6635
F: 415.436.6646
**Attorneys for Defendant/Cross-Complaint/Cross-Defendant**
**UNITED STATES OF AMERICA**

____    (By Facsimile Machine) on all parties in said action by transmitting a true and correct copy thereof from our office facsimile machine to the facsimile machine numbers shown in this proof of service and/or the attached list. Following transmission, a Transmission Report was received from our fax machine indicating that the transmission had been transmitted without error.

_XX_    (By Mail) on all parties in said action in accordance with Code of Civil Procedure Section 1013, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth above, at Buty & Curliano LLP, which mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the County of Alameda.

____    (By Federal Express) on all parties in said action by depositing a true and correct copy thereof in a sealed envelope/packet for overnight mail delivery, with charges

CASE NO. C 07-03861 PJH
ANSWER OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. AGAINST CROSS-DEFENDANTS SEACOAST ELECTRONICS, INC. AND THE UNITED STATES OF AMERICA

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.287.3000

thereon fully paid, in a Federal Express collection box, at Oakland, California, and addressed as set forth above.

____ (By Personal Service) by causing to be personally delivered a true copy thereof to the addressee above.

I declare under penalty of perjury under the laws of the State of California and certify under 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on January 18, 2008, at Oakland, California.

                    /S/ROBIN LOKOLLO
                    ROBIN LOKOLLO

11

CASE NO. C 07-03861 PJH
ANSWER OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR INC. AGAINST CROSS-DEFENDANTS SEACOAST ELECTRONICS, INC. AND THE UNITED STATES OF AMERICA

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12TH STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000