```
 1  JEFFREY S. BUCHOLTZ
    Acting Assistant Attorney General
 2  SCOTT N. SCHOOLS
    United States Attorney
 3  R. MICHAEL UNDERHILL
    Attorney in Charge, West Coast Office
 4  Torts Branch, Civil Division
    JEANNE M. FRANKEN
 5  Trial Attorney
    Torts Branch, Civil Division
 6  GEOFFREY D. OWEN
    Trial Attorney
 7  Torts Branch, Civil Division
    U.S. Department of Justice
 8  7-5395 Federal Bldg., P.O. Box 36028
    450 Golden Gate Avenue
 9  San Francisco, California  94102-3463
    Telephone:  (415) 436-6635; (415) 436-6646
10  E-mail:       jeanne.franken@usdoj.gov
                  geoff.owen@usdoj.gov
11
    Attorneys for Defendant & Cross-claimant,
12  United States of America
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI PRESTON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>BAE SYSTEMS SF SHIP REPAIR,<br>INC., and DOES 1 through 10,<br>Inclusive,<br><br>    Defendant.<br>_____<br>UNITED STATES OF AMERICA<br><br>    Cross-claimant<br><br>v. | CIVIL NO.  C-07-3861-PJH<br><br>ANSWER OF UNITED STATES OF AMERICA TO THE CROSS-CLAIM OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC. |

|   |   |   |
|---|---|---|
| 1 | BAE SYSTEMS SAN FRANCISCO ) | |
| 2 | SHIP REPAIR, INC. ) | |
|   | ) | |
| 3 |     Cross-defendant. ) | |
| 4 | | |
|   | BAE SYSTEMS SAN FRANCISCO ) | |
| 5 | SHIP REPAIR, INC. ) | |
|   | ) | |
| 6 |     Cross-Claimant ) | |
|   | ) | |
| 7 |     v. ) | |
|   | ) | |
| 8 | UNITED STATES OF AMERICA ) | |
|   | ) | |
| 9 |     Cross-defendant ) | |

For its answer to the cross-claim of defendant BAE Systems San Francisco Ship Repair, Inc. ("BAE"), the United States admits, denies, and otherwise responds as follows:

1. To the extent the allegations in paragraph 31 are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; otherwise, denies each and every allegation contained therein except admits and alleges BAE was a corporation organized and existing under the laws of the State of California, with a place of business and doing business within this district and within the jurisdiction of this court, that this appears to be an admiralty and maritime claim within the meaning of Fed.R. Civ.P. 9(h), and that, at times material hereto, plaintiff was a seaman employed on behalf of the United States of America on the M/V CAPE MOHICAN by MARAD's ship manager, Ocean Duchess, Inc. ("Ocean Duchess) pursuant to contract.

2. Denies each and every allegation in paragraph 32, except admits and asserts that this appears to be an admiralty and maritime claim within the meaning of Fed.R.Civ.P. 9(h).

3. Denies each and every allegation in paragraph 33, except admits and asserts that

1  the M/V CAPE MOHICAN is a public vessel, and that the United States is a sovereign,
2  which has consented to be sued, if at all, solely pursuant to the terms and conditions of the
3  Clarification Act, 50 App. U.S.C.A. §1291, which incorporates the Suits in Admiralty Act,
4  46 U.S.C. §§ 30901-30918.

5        4. To the extent paragraph 34 contains assertions of law, or the allegations therein are
6  addressed to parties other than the United States, its agents, servants, employees, crew,
7  vessel(s), and/or others for whom it is or was responsible, no response is required by
8  defendant United States of America; otherwise, denies each and every allegation contained
9  therein, except admits and asserts that, at times material hereto, plaintiff was a seaman
10 employed on behalf of the United States of America on the M/V CAPE MOHICAN by
11 MARAD's ship manager, Ocean Duchess, Inc. ("Ocean Duchess"), pursuant to contract.

12       5.  Denies each and every allegation in paragraph 35 for lack of information and
13 knowledge.

14       6.  To the extent the allegations in paragraph 36 are addressed to defendants other than
15 the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom
16 it is or was responsible, no response is required by defendant, United States of America;
17 otherwise, denies each and every allegation in paragraph 36, except admits and asserts that,
18 at times material hereto, Seacoast Electronics, Inc. was contracted to perform work on board
19 the M/V CAPE MOHICAN.

20       7.  To the extent the allegations in paragraph 37 are addressed to parties other than the
21 United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is
22 or was responsible, no response is required by defendant United States of America;
23 otherwise, denies each and every allegation of paragraph 37.

24       8.  Denies each and every allegation in paragraph 38, except admits and asserts that,
25 at times material hereto, BAE was a corporation organized and existing under the laws of the

1  State of California, with a place of business and doing business within this district and within
2  the jurisdiction of this court; and, at times material hereto, BAE removed and replaced
3  ceiling panels on M/V CAPE MOHICAN while it was in navigable waters of the United
4  States.

5        9.  Denies each and every allegation in paragraph 39.
6        10.  Denies each and every allegation in paragraph 40.
7        11.  Denies each and every allegation in paragraph 41.
8        12.  Denies each and every allegation in paragraph 42.
9        13.  Answering the allegations of paragraph 43, admits and asserts that plaintiff filed
10 her First Amended Complaint in this matter on December 20, 2007; otherwise denies each
11 every allegation therein.
12       14.  Answering the allegations of paragraph 44, admits and asserts that co-defendant
13 BAE filed their Answer to plaintiff's First Amended Complaint in this matter on January 18,
14 2008; otherwise denies each every allegation therein.
15       15.  Denies each and every allegation of paragraph 45.

16 <u>ANSWERING THE SECTION TITLED, "FIRST CROSS-CLAIM BY CROSS-</u>
17 <u>CLAIMANT BAE AGAINST SEACOAST ELECTRONICS, INC. AND USA."</u>

18       16.  To the extent the allegations in paragraph 46 are addressed to defendants other
19 than the United States, its agents, servants, employees, crew, vessel(s), and/or others for
20 whom it is or was responsible, no response is required by defendant United States of
21 America; otherwise, repeats and realleges paragraphs 1-15, *supra*, as though each were fully
22 set out herein.
23       17.  To the extent paragraph 47 contains assertions of law, or the allegations therein
24 are addressed to defendants other than the United States, its agents, servants, employees,
25 crew, vessel(s), and/or others for whom it is or was responsible, no response is required by

defendant United States of America; otherwise, denies each and every allegation therein.

18. To the extent paragraph 48 contains assertions of law, or the allegations therein are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; otherwise, denies the each and every allegation therein.

19. To the extent paragraph 49 contains assertions of law, or the allegations therein are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; otherwise, denies the each and every allegation threin.

20. To the extent paragraph 50 contains assertions of law, or the allegations therein are addressed to defendants other than the United States, its agents, servants, employees, crew, vessel(s), and/or others for whom it is or was responsible, no response is required by defendant United States of America; otherwise, denies the each and every allegation therein.

### FIRST AFFIRMATIVE DEFENSE

21. BAE's cross-claim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

22. This Court lacks subject matter jurisdiction over BAE's cross-claim against co-defendant, United States of America based on, *inter alia*, the doctrine of separation of powers; any acts or omissions by or on behalf of the United States which co-defendant BAE alleges caused or contributed to plaintiff's alleged injuries or damages were discretionary in nature and are not reviewable by this court.

### THIRD AFFIRMATIVE DEFENSE

23. Cross-claimant, BAE, has failed to state a cause of action for attorneys' fees.

### FOURTH AFFIRMATIVE DEFENSE

24. The Court lacks subject matter jurisdiction over co-defendant's cross-claim, and it must be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

25. BAE has been paid all amounts due it for work it performed on the M/V CAPE MOHICAN.

### SIXTH AFFIRMATIVE DEFENSE

26. If BAE sustained injuries and damages by reason of the matters alleged in its cross-claim, which is denied, then said injuries and damages were caused in whole or in part by the acts of plaintiff and/or third parties and were not caused or contributed to in any manner by any actions or fault of the United States of America, its officers, agents, vessels, crew, servants, employees or others for whom it was responsible.

### SEVENTH AFFIRMATIVE DEFENSE

27. If BAE sustained injuries and damages by reason of the matters alleged in its cross-claim, which is denied, then said injuries and damages were caused in whole or in part by BAE's own actions and fault and were not caused or contributed to in any manner by any actions or fault of the United States of America, its officers, agents, vessels, crew, servants, employees or others for whom it was responsible.

### EIGHTH AFFIRMATIVE DEFENSE

28. BAE's cross-claim and action are barred pursuant to estoppel.

### NINTH AFFIRMATIVE DEFENSE

29. BAE's cross-claim and action are barred pursuant to waiver.

### TENTH AFFIRMATIVE DEFENSE

30. BAE's claim of damages, which claims of damages and claims of liability upon which they are based are fully denied by the United States, are subject to set-off and offset.

WHEREFORE, the United States of America prays:

1. That judgement be entered dismissing cross-claimant BAE's action against it;

2. That defendant and cross-claimant, United States of America, be awarded its fees,

1   costs and disbursements.

2       3. That if any judgment is entered in favor of plaintiff and against the United States
3   of America, then that a judgment over with interest and costs may be entered in favor of
4   defendant and cross-claimant United States of America against cross-defendant BAE for
5   indemnity and/or contribution, as this court may deem appropriate in the circumstances,
6   requiring BAE to pay to the United States of America the amount of any such judgement, or
7   any appropriate portion thereof, and further to indemnify and exonerate the United States
8   of America against all liability herein, as appropriate;

9       4. That judgement may be entered in favor of defendant and cross-claimant United
10  States of America and against cross-defendant BAE for all attorneys' fees, costs, expenses
11  and disbursements incurred by the United States of America in the defense of plaintiff's
12  action;

13      5. That defendant and cross-claimant, United States of America, be held harmless by
14  cross-defendant, BAE, for all judgements and liabilities in this matter, including being held
15  harmless for all attorneys' fees, costs, expenses and disbursements;

16      6. For such and other further relief as this Court may deem just and proper.

17  Dated: February 15, 2008

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division

/s
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for Defendant & Cross-claimant,
United States of America

ANSWER OF UNITED STATES OF AMERICA TO THE CROSS-CLAIM OF BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC.

7

C-07-3861-PJH