Clark J. Burnham, CASB# 041792
Ronnie R. Gipson, Jr., CASB# 237673
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone:   (510) 444-6800
Facsimile:   (510) 835-6666
Email:       cburnham@burnhambrown.com
             rgipson@burnhambrown.com

Attorneys for Cross-Defendant
SEACOAST ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI PRESTON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, BAE SYSTEMS SF SHIP REPAIR, INC. and DOES 1 through 10, inclusive,<br><br>    Defendants.<br><br>———<br><br>BAE SYSTEMS SF SHIP REPAIR, INC.,<br><br>    Cross-Claimant,<br><br>v.<br><br>SEACOAST ELECTRONICS, INC.,<br><br>    Cross-Defendant. | No. C-07-03861-PJH<br><br>**ANSWER OF SEACOAST ELECTRONICS, INC. TO CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC. AGAINST SEACOAST ELECTRONICS, INC.** |

For its answer to Cross-Claimant BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC.'s ("BAE") Cross-Claim, SEACOAST ELECTRONICS, INC. ("SEACOAST"), admits, denies and otherwise responds as follows:

///

# ANSWER TO CROSS-CLAIMS OF BAE

1. Answering paragraph 32, SEACOAST admits that BAE's cross-claim appears to be subject to Admiralty and Maritime Jurisdiction.

2. Answering paragraph 33, SEACOAST, upon information and belief, admits that Defendant and Cross-Defendant UNITED STATES OF AMERICA ("USA") is a sovereign state which has consented to be sued in this action and at times material hereto was the owner of the vessel known as the *M/V CAPE MOHICAN*.

3. Answering paragraph 34, SEACOAST, upon information and belief, admits that Plaintiff was a seaman employed aboard the *M/V CAPE MOHICAN* on behalf of Defendant USA through Ocean Dutchess MARAD's ship manager for the vessel. As its employee, USA had a duty to provide Plaintiff with a reasonably safe place to work, safe and proper tools, appurtenances, equipment and machinery, proper protective apparatus, proper work methods, orders, instructions, training, warnings and supervision.

4. Answering paragraph 35, to the extent this paragraph contains assertions of law, no response is required; otherwise, SEACOAST admits each and every allegation contained therein.

5. Answering paragraph 36, SEACOAST denies each and every allegation contained therein, except SEACOAST admits and asserts that SEACOAST was contracted by USA to perform work aboard the *M/V CAPE MOHICAN*, including but not limited to, performing the installation of a voyage data recorder system while the vessel was in navigable waters of the United States. This involved work with electrical wiring in the ceiling of the vessel.

6. Answering paragraph 37, SEACOAST denies each and every allegation contained therein, except SEACOAST admits and asserts that it removed some ceiling panels as directed by BAE personnel to gain access to wiring only after SEACOAST made USA aware of potential hazards with the removal of ceiling panels.

7. Answering paragraph 38, SEACOAST admits, on information and belief, each and every allegation contained therein.

///

8. Answering paragraph 39, SEACOAST is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies each and every allegation contained therein.

9. Answering paragraph 40, SEACOAST is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies each and every allegation contained therein.

10. Answering paragraph 41, SEACOAST is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies each and every allegation contained therein.

11. Answering paragraph 42, SEACOAST is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies each and every allegation contained therein.

12. Answering paragraph 43, SEACOAST admits each and every allegation contained therein.

13. Answering paragraph 44, SEACOAST admits each and every allegation contained therein.

14. Answering paragraph 45, SEACOAST is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies each and every allegation contained therein.

## ANSWER TO FIRST CROSS-CLAIM BY CROSS-CLAIMANT BAE AGAINST SEACOAST ELECTRONICS, INC.

15. Answering paragraph 46, SEACOAST realleges and incorporates by reference the admissions, allegations and denials in paragraphs 1 through 14 of this answer as though fully set forth herein.

16. Answering paragraph 47, SEACOAST denies each and every allegation contained therein, except SEACOAST admits and asserts that Plaintiff's said injuries or damages, if any there were, were caused in whole or in part by the negligence and/or fault of BAE and/or the USA, their

1  agents, servants, employees, subcontractors and/or others for whom they were or are responsible.

2  17.    Answering paragraph 48, SEACOAST is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies each and every allegation contained therein.

18.    Answering paragraph 49, SEACOAST denies each and every allegation contained therein.

19.    Answering paragraph 50, SEACOAST denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

20.    As a FIRST, SEPARATE AND AFFIRMATIVE DEFENSE to BAE's cross-claim, SEACOAST alleges Cross-Claimant fails to state a claim upon which relief may be granted.

21.    As a SECOND, SEPARATE AND AFFIRMATIVE DEFENSE to BAE's cross-claim, SEACOAST alleges Cross-Claimant fails to state facts sufficient to constitute a cause of action against SEACOAST.

22.    As a THIRD, SEPARATE AND AFFIRMATIVE DEFENSE to BAE's cross-claim, SEACOAST alleges if Plaintiff sustained damages or injuries as a result of matters alleged in her First Amended Complaint which are incorporated into BAE's Crosss-Claim, those damages or injuries were caused in whole or in part by the negligence and/or fault of Plaintiff herself and were not caused or contributed to in any manner by any negligence and/or fault of SEACOAST, its agents, servants, employees or others for whom it was or is responsible.

23.    As a FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE to BAE's cross-claim, SEACOAST alleges if Plaintiff sustained damages or injuries as a result of matters alleged in her First Amended Complaint which are incorporated into BAE's Cross-Claim, SEACOAST alleges that Plaintiff assumed the risk of her alleged injuries in that Plaintiff was restricted by her employer from accessing the area of the M/V CAPE MOHICAN within which SEACOAST was performing work aboard the M/V CAPE MOHICAN for the duration of the

1  time that SEACOAST personnel were performing tasks aboard the vessel. The resulting
2  injuries and damages, if any, sustained by Plaintiff were proximately caused and contributed to
3  by the negligence of Plaintiff in that, among other things, Plaintiff ignored the restriction by
4  her employer to remain out of the area aboard the M/V CAPE MOHICAN containing the work
5  performed by SEACOAST personnel.

6      24.    As a FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE to BAE's cross-
7  claim, SEACOAST alleges the sole and/or proximate cause of the damages claimed were due
8  to the negligence of other persons and other parties, including Defendant USA and/or Cross-
9  Claimant BAE, through whose conduct SEACOAST is not responsible, and SEACOAST
10  requests that the Court or trier of fact apportion comparative fault among those responsible
11  persons and parties under the doctrine of comparative negligence or comparative fault and/or
12  based upon the doctrine of equitable indemnity and contribution.

13      25.    As a SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE to BAE's cross-
14  claim, SEACOAST alleges Cross-Claimant BAE failed to join all necessary and indispensable
15  parties to this action.

16      26.    As a SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE to BAE's
17  cross-claim, SEACOAST reserves the right to allege other affirmative defenses as they may
18  become known through the course of discovery.

19      WHEREFORE, SEACOAST requests judgment as follows:
20      27.    that BAE's cross-claim be dismissed with prejudice against SEACOAST;
21      28.    that judgment be entered in favor of SEACOAST with costs of suit awarded
22  against Cross-Claimant BAE;
23      29.    that judgment be entered in favor of SEACOAST and against BAE for all
24  attorneys' fees, costs, expenses and disbursements incurred by SEACOAST in defense of
25  BAE's cross-claim;
26      30.    since this is a matter within the meaning of Federal Rule of Civil Procedure
27  9(h), judgment be denied in favor of Plaintiff Kari Preston against SEACOAST regarding all
28  matters set forth in; and

31. For any and all other relief the Court may deem just and proper.

DATED: February 22, 2008

BURNHAM BROWN

By /s/ Ronnie R. Gipson
CLARK BURNHAM
RONNIE R. GIPSON, JR.
Attorneys for Cross-Defendant
SEACOAST ELECTRONICS, INC.

848299

| Re: | *Kari Preston v. United States of America, et al. and Related Cross-Actions* |
|---|---|
| Court: | U. S. District Court, Northern District of California |
| Action No: | C-07-03861-PJH |

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On February 22, 2008, I served the following document(s) in the following manner(s):

**ANSWER OF SEACOAST ELECTRONICS, INC. TO CROSS-CLAIM OF DEFENDANT BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC. AGAINST SEACOAST ELECTRONICS, INC.**

| | |
|---|---|
| ☒ **MAIL:** Pursuant to this business's practice for collecting and processing documents for mailing, on the same day that documents are placed for collection, they are deposited with the United States Postal Service in a sealed envelope with postage fully prepaid. | ☐ **FACSIMILE:** By transmitting a true copy via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) below. The number of pages transmitted (including the Proof of Service Form) was ____. |
| ☐ **PERSONAL DELIVERY:** By personally delivering to and leaving a true copy thereof with the following person(s) at the following address(es) on the date set forth above. | ☐ **PERSONAL DELIVERY BY MESSENGER:** By consigning the document(s) listed above to a messenger service for personal delivery to the following person(s) at the following address on the date set forth below. |
| ☐ **OVERNIGHT:** By placing a copy thereof into envelope(s) bearing the name(s) and address(es) and county(ies) of the person(s) to be served by commercial carrier service for overnight delivery as shown below. | ☐ **ELECTRONIC TRANSMISSION:** By electronically transmitting the document(s) listed via electronic mail to: ____. The transmission was reported as complete and without error. |

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:   February 22, 2008

*Elizabeth Bates* (signature)
Elizabeth Bates

833360

PROOF OF SERVICE                                                                 Case No. C-07-03861-PJH

| | |
|---|---|
| Re: | *Kari Preston v. United States of America, et al. and Related Cross-Actions* |
| Court: | U. S. District Court, Northern District of California |
| Action No: | C-07-03861-PJH |

## SERVICE LIST

| | |
|---|---|
| Lyle C. Calvin, Jr.<br>Ronald H. Klein<br>LAW OFFICES OF LYLE C. CALVIN, JR.<br>201 Fourth Street, Suite 102<br>Oakland, CA 94607<br>Tel.: (510) 444-2501<br>Fax: (510) 444-4209 | Attorneys for Plaintiff<br>KARI PRESTON |
| Madeline L. Buty<br>Kaled Taqi-Eddin<br>BUTY & CURLIANO LLP<br>555 12th Street, Suite 1280<br>Oakland, CA 94607<br>Tel.: (510) 267-3000<br>Fax: (510) 267-0117 | Attorneys for Defendant/Cross-Complainant<br>BAE SYSTEMS SF SHIP REPAIR, INC. |
| U. S. DEPARTMENT OF JUSTICE<br>7-5395 Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Tel.: (415) 436-6635<br>Fax: (415) 436-6646 | Attorneys for Defendant/Cross-Complainant/Cross-Defendant<br>UNITED STATES OF AMERICA |

848444