JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone:  (415) 436-6635; (415) 436-6646
E-mail:      jeanne.franken@usdoj.gov
               geoff.owen@usdoj.gov

Attorneys for Defendant & Cross-claimant,
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KARI PRESTON, | ) | CIVIL NO.  C-07-3861-PJH |
| | ) | |
| Plaintiff, | ) | JOINT CASE MANAGEMENT |
| | ) | STATEMENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| BAE SYSTEMS SF SHIP REPAIR, | ) | |
| INC., and DOES 1 through 10, | ) | |
| Inclusive, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Cross-claimant | ) | |
| | ) | |
| v. | ) | |
| | ) | |

1  BAE SYSTEMS SAN FRANCISCO       )
   SHIP REPAIR, INC.               )
2                                  )
                Cross-defendant.   )
3  _____ )
                                   )
4  BAE SYSTEMS SAN FRANCISCO       )
   SHIP REPAIR, INC.               )
5                                  )
                Cross-Claimant     )
6                                  )
                v.                 )
7                                  )
   UNITED STATES OF AMERICA        )
8                                  )
                Cross-defendant    )
9  _____ )

Pursuant to this Court's orders, the Local Rules of Court and the Federal Rules of Civil Procedure, the parties hereby jointly submit a case management conference statement, as follows:

1.  Jurisdiction and Service:

This appears to be an admiralty and maritime claim within the meaning of Fed.R.Civ.P. Rule 9(h). Defendant and cross-claimant United States is a sovereign which has consented to be sued by plaintiff, if at all, pursuant solely to the terms and conditions of the Clarification Act, 50 App. U.S.C.A. §1291, incorporating the consistent provisions of the Suits in Admiralty Act ("SIAA"), 46 U.S.C. §30901, et seq.

2.  Facts:

a.  Chronology:

This is a seaman's injury action by Kari Preston for damages she allegedly sustained from asserted exposure to hazardous materials and/or conditions on board the M/V CAPE MOHICAN, a public vessel of the United States. Plaintiff alleges she sustained injuries while serving as Chief Mate on the ship sometime between August 3 and November 11, 2006, while said vessel was in reserve operating status, with a minimal crew on board,

1   undergoing routine maintenance and repairs in Alameda, California.  The ship was being

2   operated at the time on behalf of the United States Maritime Administration by a private ship

3   operator, Ocean Duchess, which in turn hired the ship's crew, including Ms. Preston, on

4   behalf of the Government.  Ocean Duchess also contracted with BAE Shipping ("BAE") to

5   conduct certain repairs on board the ship while it was in Alameda.  Some of these repairs

6   may have related to work performed by another company, Seacoast Electronics ("Seacoast").

7          Ms. Preston voluntarily left the service of the vessel on November 12, 2006

8   complaining of respiratory problems.  She brought the present suit against BAE alleging

9   negligence, and against the United States alleging negligence and unseaworthiness.  BAE and

10  the United States cross-claimed against each other, and BAE has asserted a "cross-claim"

11  against third-party Seacoast, which just answered.

12         b.  Principal factual issues in dispute:

13             (1)  Whether the United States, BAE and/or Seacoast were negligent in any

14  regard, and, if so, whether any such negligence caused and/or contributed to plaintiff's

15  injuries and/or damages, and to what degree.

16             (2)  Whether the vessel was unseaworthy in any regard, and, if so, whether any

17  such unseaworthiness caused and/or contributed to plaintiff's injuries and/or damages, and

18  to what degree.

19             (3)  Whether the plaintiff sustained any compensible injuries and/or damages

20  as a result of her service on the ship, and , if so, the type and extent thereof.

21             (4)   Whether the plaintiff failed to fulfill her duties on the ship.

22             (5)   Whether the plaintiff caused or contributed in any manner to her injuries

23  and/or damages, if any, and, if so, to what degree.

24             (6)   Whether the plaintiff mitigated her damages.

25             (7)   Whether plaintiff has been paid all amounts to which she is entitled.

26             (8)   Whether the United States was engaged in a discretionary activity for

27

28

1    which sovereign immunity has not been waived.

2           (9)   Whether BAE and/or Seacoast complied with their contractual and

3    professional obligations.

4           (10) Whether BAE has breached its contractual obligations, including the duty

5    to indemnify the United States.

6           (11) Whether BAE was paid all amounts due it under the applicable contracts.

7       3. <u>Legal Issues</u>:

8       a.  Whether the United States, BAE and/or Seacoast exercised due care.

9       b.  Whether any negligence by the United States, BAE or Seacoast caused or

10   contributed in any manner to plaintiff's alleged injuries and/or damages.

11      c.  Whether any unseaworthiness of the vessel caused or contributed in any manner

12   to plaintiff's alleged injuries and/or damages.

13      d.  Whether plaintiff exercised due care.

14      e.  Whether plaintiff breached a primary duty of her employment.

15      f  Whether plaintiff caused or contributed in any manner to her alleged injuries

16   and/or damages.

17      g.  Whether plaintiff mitigated her injuries and/or damages, if any.

18      h.  Whether the United States was engaged in a discretionary activity for which

19   sovereign immunity has not been waived.

20      i.  Whether BAE or Seacoast breached any implied and/or express warranties of

21   workmanlike service and/or fitness for use during its work on board the ship.

22      j.  Whether BAE breached any implied and/or express warranties of workmanlike

23   service and/or fitness for use in or arising from the contract between it and Ocean Duchess,

24   to which the United States was an intended third-party beneficiary.

25      k.  Whether Seacoast breached any implied or express warranties of workmanlike

26   service or fitness for use in performance of its work on the ship.

27

28

1   l. Whether this Court has subject matter jurisdiction over the claims herein.

2   4. Motions:

3   No motions are presently pending.  BAE's motion for a more definite statement was

4   previously granted.  Once some limited discovery has been conducted, the United States may

5   find that it has a basis upon which to file a third-party action against Seacoast or some other

6   entity, and will then move for leave to file a third-party complaint unless the parties can agree

7   to its filing and obtain leave by means of a stipulated order.  Plaintiff may also seek to amend

8   to proceed directly against Seacoast.

9   5. Amendment of Pleadings:

10  See above.

11  6. Evidence Preservation:

12  The United States, BAE and Seacoast have attempted to ensure that relevant

13  documents are preserved

14  7. Disclosures:

15  Initial disclosures are presently due from the parties by February 28, 2008.

16  8. Discovery:

17  No discovery has been taken to date in this matter.  The parties have scheduled

18  plaintiff's deposition for April 2, 2008.  Defendants intend to obtain her medical records and

19  depose her treating physician(s), and expect to have her examined by at least one medical

20  expert.  The United States intends to depose the percipient witnesses to the work which was

21  being undertaken by BAE and Seacoast on the ship, and may take preservation depositions

22  of certain of its crew members, who as merchant seamen are sometimes at sea for prolonged

23  periods and unavailable. Depending on the extent of the injuries and damages plaintiff

24  asserts, the defendants may also designate vocational rehabilitation and economic experts.

25  The limits on the amount of written discovery and the number of depositions in the Fed. R.

26  Civ. Pro. appear appropriate at this time.

27  JOINT CASE MANAGEMENT STATEMENT                    5                    C-07-3861-PJH

28

9. Class Actions:

    Not applicable.

10. Related Cases:

    None are known at this time.

11. Relief:

    The relief sought by plaintiff is stated in the first amended complaint.

    The United States seeks indemnification and/or contribution from BAE, as appropriate, plus fees, costs and disbursements. BAE seeks indemnification and/or contribution from Seacoast.

12. Settlement and ADR:

    The parties have agreed to request a setttlement conference.

13. Consent to Magistrate Judge for All Purposes:

    Counsel for the parties have not consented to have a Magistrate Judge conduct all further proceedings in this matter.

14. Other References:

    This case does not appear to be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues:

    The parties will endeavor, at the appropriate time, to stipulate to the authenticity and admissibility of exhibits and, to the degree possible, to present the case on an agreed statement of undisputed facts.

16. Expedited Schedule:

    The parties agree that this does not appear to be a case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling:

    Plaintiff requests a trial in late 2008; the defendants suggest that trial should be

1  scheduled for late spring of 2009.

2  18. <u>Trial</u>:

3      The United States has not waived its immunity for a jury trial.

4  19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

5      None are known to the United States at this time

6  Dated: February 28, 2008                 JEFFREY S. BUCHOLTZ
                                            Assistant Attorney General
7                                           SCOTT N. SCHOOLS
                                            United States Attorney
8                                           R. MICHAEL UNDERHILL
                                            Attorney in Charge, West Coast Office
9                                           Torts Branch, Civil Division

10

11                                          s/ JEANNE M. FRANKEN
                                            JEANNE M. FRANKEN
12                                          Trial Attorney
                                            Torts Branch, Civil Division
13                                          GEOFFREY D. OWEN
                                            Trial Attorney
14                                          Torts Branch, Civil Division
                                            U.S. Department of Justice
15
                                            Attorneys for Defendant and Cross-claimant
16                                          United States of America

17

18

19

20  Dated: February 28, 2008                 s/ Ronald H. Klein
                                            Ronald H. Klein, SBN# 32551
21                                          70 Washington Street, Suite 325
                                            Oakland, CA 94607
22                                          Telephone (510) 444-2501

23                                          Attorneys for Plaintiff
                                            Kari Preston

24

25

26

27  JOINT CASE MANAGEMENT STATEMENT                    7                    C-07-3861-PJH

28

Dated: February 28, 2008          /s MADELINE. L. BUTY
                                  MADELINE L. BUTY
                                  Buty & Curliano LLP

                                  Attorney's for Defendant
                                  BAE Systems San Francisco Ship Repair Inc.

Dated: February 28, 2008          /s RONNIE R. GIPSON, JR.
                                  RONNIE R. GIPSON, JR.
                                  Burnham Brown

                                  Attorneys for Cross-Defendant
                                  SEACOAST ELECTRONICS, INC.

## CERTIFICATION OF SIGNATURES

I attest that the content of the document is acceptable to all persons required to sign the document.

                                  /s JEANNE M. FRANKEN
                                  JEANNE M. FRANKEN