Clark J. Burnham, CASB# 041792
Ronnie R. Gipson, Jr., CASB# 237673
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone:   (510) 444-6800
Facsimile:    (510) 835-6666
Email:        cburnham@burnhambrown.com
              rgipson@burnhambrown.com

Attorneys for Third-Party Defendant
SEACOAST ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI PRESTON,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, BAE SYSTEMS SF SHIP REPAIR, INC. and DOES 1 through 10, inclusive,<br><br>        Defendants.<br><br>BAE SYSTEMS SF SHIP REPAIR, INC.,<br><br>        Third-Party Claimant,<br><br>v.<br><br>SEACOAST ELECTRONICS, INC.,<br><br>        Third-Party Defendant. | No. C-07-03861-PJH<br><br>**THIRD-PARTY DEFENDANT SEACOAST ELECTRONICS, INC.'S ANSWER TO PLAINTIFF KARI PRESTON'S FIRST AMENDED COMPLAINT** |

In accordance with Federal Rules of Civil Procedure, Rules 8, 9(h), 12 and 14(c)(2), Third-Party Defendant SEACOAST ELECTRONICS, INC. ("SEACOAST") answers Plaintiff KARI PRESTON's claims as follows. Third-Party Defendant SEACOAST denies generally and specifically each and every allegation, matter and thing contained in the First Amended Complaint, except as hereinafter expressly admitted, alleged or qualified.

1
THIRD-PARTY DEFENDANT SEACOAST ELECTRONICS, INC.'S ANSWER TO         No. 07-03861 PJH
PLAINTIFF'S FIRST AMENDED COMPLAINT

## I. FIRST CAUSE OF ACTION
### (Gross Negligence Against Defendant U.S.A.)

1. In answering paragraph 1 of the First Amended Complaint, Third-Party Defendants are informed and believe that the allegations are true.

2. In answering paragraph 2 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

3. In answering paragraph 3 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

4. In answering paragraph 4 of the First Amended Complaint, Third-Party Defendants are informed and believe that the allegations are true.

5. In answering paragraph 5 of the First Amended Complaint, Third-Party Defendants are informed and believe that the allegations are true.

6. In answering paragraph 6 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

7. In answering paragraph 7 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

8. In answering paragraph 8 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

THIRD-PARTY DEFENDANT SEACOAST ELECTRONICS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT     No. 07-03861 PJH

9. In answering paragraph 9 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

10. In answering paragraph 10 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

11. In answering paragraph 11 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

12. In answering paragraph 12 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

13. In answering paragraph 13 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

14. In answering paragraph 14 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

15. In answering paragraph 15 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

16. In answering paragraph 16 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

## II. SECOND CAUSE OF ACTION
### (Unseaworthiness Of Vessel Against Defendant U.S.A.)

17. In answering paragraph 17 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

18. In answering paragraph 18 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

19. In answering paragraph 19 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

20. In answering paragraph 20 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

21. In answering paragraph 21 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

///

### III. THIRD CAUSE OF ACTION
(Negligence Against BAE Systems, San Francisco Ship Repair, Inc., DOES 1 Through 10)

22. In answering paragraph 22 of the First Amended Complaint, Third-Party Defendants are informed and believe that the allegations are true.

23. In answering paragraph 23 of the First Amended Complaint, Third-Party Defendants are informed and believe that the allegations are true.

24. In answering paragraph 24 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

25. In answering paragraph 25 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

26. In answering paragraph 26 of the First Amended Complaint, Third-Party Defendants are informed and believe that the allegations are true.

27. In answering paragraph 27 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

28. In answering paragraph 28 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

29. In answering paragraph 29 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

30. In answering paragraph 30 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

31. In answering paragraph 31 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

32. In answering paragraph 32 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

33. In answering paragraph 33 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

34. In answering paragraph 34 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

### IV.  FOURTH CAUSE OF ACTION
**(Breach of Warranty of Workmanlike Performance Against BAE Systems, San Francisco Ship Repair, Inc., DOES 1 Through 10)**

35. In answering paragraph 35 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on this basis, denies each and every allegation contained therein.

36. In answering paragraph 36 of the First Amended Complaint, Third-Party Defendant SEACOAST is without sufficient knowledge or information to form a belief as to

1  the truth of the allegations contained in said paragraph, and on this basis, denies each and every
2  allegation contained therein.
3      37.  In answering paragraph 37 of the First Amended Complaint, Third-Party
4  Defendant SEACOAST is without sufficient knowledge or information to form a belief as to
5  the truth of the allegations contained in said paragraph, and on this basis, denies each and every
6  allegation contained therein.
7      38.  In answering paragraph 38 of the First Amended Complaint, Third-Party
8  Defendant SEACOAST is without sufficient knowledge or information to form a belief as to
9  the truth of the allegations contained in said paragraph, and on this basis, denies each and every
10 allegation contained therein.
11     39.  In answering paragraph 39 of the First Amended Complaint, Third-Party
12 Defendant SEACOAST is without sufficient knowledge or information to form a belief as to
13 the truth of the allegations contained in said paragraph, and on this basis, denies each and every
14 allegation contained therein.
15     40.  In answering paragraph 40 of the First Amended Complaint, Third-Party
16 Defendant SEACOAST is without sufficient knowledge or information to form a belief as to
17 the truth of the allegations contained in said paragraph, and on this basis, denies each and every
18 allegation contained therein.
19     41.  In answering paragraph 41 of the First Amended Complaint, Third-Party
20 Defendant SEACOAST is without sufficient knowledge or information to form a belief as to
21 the truth of the allegations contained in said paragraph, and on this basis, denies each and every
22 allegation contained therein.
23     42.  In answering paragraph 42 of the First Amended Complaint, Third-Party
24 Defendant SEACOAST is without sufficient knowledge or information to form a belief as to
25 the truth of the allegations contained in said paragraph, and on this basis, denies each and every
26 allegation contained therein.
27 ///
28 ///

## AFFIRMATIVE DEFENSES

1. As a FIRST, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's First Amended Complaint, SEACOAST alleges Plaintiff fails to state a claim upon which relief may be granted.

2. As a SECOND, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's First Amended Complaint, SEACOAST alleges Plaintiff fails to state facts sufficient to constitute a cause of action against SEACOAST.

3. As a THIRD, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's First Amended Complaint, SEACOAST alleges if Plaintiff sustained damages or injuries as a result of matters alleged in her First Amended Complaint, those damages or injuries were caused in whole or in part by the negligence and/or fault of Plaintiff herself and were not caused or contributed to in any manner by any negligence and/or fault of SEACOAST, its agents, servants, employees or others for whom it was or is responsible.

4. As a FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's First Amended Complaint, SEACOAST alleges if Plaintiff sustained damages or injuries as a result of matters alleged in her First Amended Complaint, SEACOAST alleges that Plaintiff assumed the risk of her alleged injuries in that Plaintiff was restricted by her employer from accessing the area of the M/V CAPE MOHICAN within which SEACOAST was performing work aboard the M/V CAPE MOHICAN for the duration of the time that SEACOAST personnel were performing tasks aboard the vessel. The resulting injuries and damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff in that, among other things, Plaintiff ignored the restriction by her employer to remain out of the area aboard the M/V CAPE MOHICAN containing the work performed by SEACOAST personnel.

5. As a FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's First Amended Complaint, SEACOAST alleges the sole and/or proximate cause of the damages claimed were due to the negligence of other persons and other parties, including Defendant USA and/or Third-Party Claimant BAE, for whose conduct SEACOAST is not responsible, and SEACOAST requests that the Court or trier of fact apportion comparative fault among

those responsible persons and parties under the doctrine of comparative negligence or comparative fault and/or based upon the doctrine of equitable indemnity and contribution.

6. As a SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's First Amended Complaint, SEACOAST alleges Plaintiff failed to join all necessary and indispensable parties to this action.

7. As a SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's First Amended Complaint, SEACOAST reserves the right to allege other affirmative defenses as they may become known through the course of discovery.

WHEREFORE, SEACOAST requests judgment as follows:

1. that Plaintiff's First Amended Complaint be dismissed with prejudice against SEACOAST;

2. that judgment be entered in favor of SEACOAST with costs of suit awarded against Plaintiff;

3. that judgment be entered in favor of SEACOAST and against Plaintiff for all attorneys' fees, costs, expenses and disbursements incurred by SEACOAST in defense of Plaintiff's First Amended Complaint;

4. since this is a matter within the meaning of Federal Rule of Civil Procedure 9(h), that judgment be denied in favor of Plaintiff KARI PRESTON against SEACOAST regarding all matters set forth in Plaintiff's First Amended Complaint; and

5. For any and all other relief the Court may deem just and proper.

DATED: June 11, 2008　　　　　　　　　BURNHAM BROWN

By _____
CLARK BURNHAM
RONNIE R. GIPSON, JR.
Attorneys for Cross-Defendant
SEACOAST ELECTRONICS, INC.

866917

Re: *Kari Preston v. United States of America, et al. and Related Cross-Actions*
Court: U. S. District Court, Northern District of California
Action No: C-07-03861-PJH

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On June 11, 2008, I served the following document(s) in the following manner(s):

**THIRD-PARTY DEFENDANT SEACOAST ELECTRONICS, INC.'S ANSWER TO PLAINTIFF KARI PRESTON'S FIRST AMENDED COMPLAINT**

| ☒ **MAIL:** Pursuant to this business's practice for collecting and processing documents for mailing, on the same day that documents are placed for collection, they are deposited with the United States Postal Service in a sealed envelope with postage fully prepaid. | ☐ **FACSIMILE:** By transmitting a true copy via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) below. The number of pages transmitted (including the Proof of Service Form) was ____ . |
|---|---|
| ☐ **PERSONAL DELIVERY:** By personally delivering to and leaving a true copy thereof with the following person(s) at the following address(es) on the date set forth above. | ☐ **PERSONAL DELIVERY BY MESSENGER:** By consigning the document(s) listed above to a messenger service for personal delivery to the following person(s) at the following address on the date set forth below. |
| ☐ **OVERNIGHT:** By placing a copy thereof into envelope(s) bearing the name(s) and address(es) and county(ies) of the person(s) to be served by commercial carrier service for overnight delivery as shown below. | ☐ **ELECTRONIC TRANSMISSION:** By electronically transmitting the document(s) listed via electronic mail to: See Attached Service List. The transmission was reported as complete and without error. |

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: June 11, 2008

*Elizabeth Bates*
Elizabeth Bates

833360

PROOF OF SERVICE                                            Case No. C-07-03861-PJH

Re:         *Kari Preston v. United States of America, et al. and Related Cross-Actions*
Court:      U. S. District Court, Northern District of California
Action No:  C-07-03861-PJH

## SERVICE LIST

Lyle C. Cavin, Jr.
Ronald H. Klein
LAW OFFICES OF LYLE C. CAVIN, JR.
201 Fourth Street, Suite 102
Oakland, CA 94607
Tel.: (510) 444-2501
Fax: (510) 444-4209
Email: lcavin@clawyer.com
Email: rklein@clawyer.com

Attorneys for Plaintiff
KARI PRESTON

Madeline L. Buty
Kaled Taqi-Eddin
BUTY & CURLIANO LLP
555 12th Street, Suite 1280
Oakland, CA 94607
Tel.: (510) 267-3000
Fax: (510) 267-0117
Email: mlb@butycurliano.com
Email: ket@butycurliano.com

Attorneys for Defendant/Cross-Complainant
BAE SYSTEMS SF SHIP REPAIR, INC.

Jeanne Franken
U. S. DEPARTMENT OF JUSTICE
7-5395 Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Tel.: (415) 436-6635
Fax: (415) 436-6646
Email: jeanne.franken@usdoj.gov

Attorneys for Defendant/Cross-Complainant/Cross-Defendant
UNITED STATES OF AMERICA

848444