GREGORY G. KATSAS
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
CHAD KAUFFMAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone:  (415) 436-6644; (415) 436-6646
E-mail:        jeanne.franken@usdoj.gov
                  chad.kauffman@usdoj.gov

Attorneys for Defendant & Third-Party Plaintiff
United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KARI PRESTON, | ) Civil No. C-07-3861-PJH |
| | ) |
| Plaintiff, | ) IN ADMIRALTY |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, BAE | ) STIPULATION AND ORDER |
| SYSTEMS SF SHIP REPAIR, INC., and | ) THEREON FOR THE UNITED |
| DOES 1 through 10, Inclusive, | ) STATES OF AMERICA TO FILE |
| | ) THE ATTACHED THIRD-PARTY |
| Defendants. | ) COMPLAINT AGAINST |
| | ) <u>SEACOAST ELECTRONICS, INC.,</u> |
| | ) |
| UNITED STATES OF AMERICA, | ) |

| | |
|---|---|
| Cross-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC., | ) |
| | ) |
| Cross-Defendant. | ) |
| | ) |
| BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC., | ) |
| | ) |
| Cross-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Cross-Defendant, | ) |
| | ) |
| BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC., | ) |
| | ) |
| Cross-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| SEACOAST ELECTRONICS, INC., | ) |
| | ) |
| Cross-Defendant. | ) |
| | ) |
| | ) |

It is hereby stipulated and agreed, by and between the parties hereto through the undersigned consents of their counsel of record, that defendant, cross-claimant, cross-defendant and third-party plaintiff, United States of America, may file and serve its proposed third-party complaint against Seacoast Electronics, Inc., in the form attached hereto, pursuant to Rule 14(a) and 14(c) of the Federal Rules of Civil Procedure, and further that

Counsel of record for Seacoast Electronics, Inc., hereby agrees to accept mail service

of said third-party complaint on behalf of his client, and hereby waives the requirement for

personal service on his client.

Dated: November __10__, 2008          Law Offices of Lyle C. Cavin, Jr.

                                       s/Christopher Goodroe
                                       _____
                                       CHRISTOPHER GOODROE

                                       Attorneys for Plaintiff
                                       Kari Preston

Dated: November __10__, 2008          Buty & Curliano LLP

                                       s/Madeline L. Buty
                                       _____
                                       MADELINE L. BUTY

                                       Attorneys for Defendant
                                       Bae Systems SF Ship Repairs, Inc.

Dated: November __10__, 2008          Burnham Brown

                                       s/Ronnie R. Gipson
                                       _____
                                       RONNIE R. GIPSON

                                       Attorneys for Third-Party Defendant
                                       Seacoast Electronics, Inc.

///

///

///

///

///

///

STIPULATION AND ORDER THEREON FOR THE USA
TO FILE THE ATTACHED  THIRD-PARTY COMPLAINT
AGAINST SEACOAST ELECTRONICS, INC.

Case No. C 07-3861 PJH

1   Dated: November __10__, 2008         GREGORY G. KATSAS

2                               Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO

3            United States Attorney
R. MICHAEL UNDERHILL

4            Attorney in Charge, West Coast Office
Torts Branch, Civil Division

5

6            s/Jeanne M. Franken

7           _____
JEANNE M. FRANKEN

8            Trial Attorney
Torts Branch, Civil Division

9            CHAD KAUFFMAN
Trial Attorney

10           Torts Branch, Civil Division
U.S. Department of Justice

11

12          Attorneys for Defendant & Third-Party Plaintiff
United States of America

13                        13th           November
      IT IS SO ORDERED this _____ day of _____, 2008 in San Francisco, CA.

14

15

16

17           _____
           UNITED STATES DISTRICT JUDGE

18                       IT IS SO ORDERED

19                       Judge Phyllis J. Hamilton

20

21

22

23

24

25

26

27

28   STIPULATION AND ORDER THEREON FOR THE USA
      TO FILE THE ATTACHED  THIRD-PARTY COMPLAINT
      AGAINST SEACOAST ELECTRONICS, INC.         4          Case No. C 07-3861 PJH

1

2

CERTIFICATION OF SIGNATURES

3

4

I attest that the content of the document is acceptable to all persons required to sign

5

the document.

6

7

s/Jeanne M. Franken

JEANNE M. FRANKEN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the forgoing STIPULATION FOR THE UNITED STATES OF AMERICA TO FILE THE ATTACHED THIRD-PARTY COMPLAINT AGAINST SEACOAST ELECTRONICS, INC. was served on the following at their last known addresses:

Served Electronically through CM/ECF:

| | | |
|---|---|---|
| Ronald H. Klein | cavin@earthlink.net | November __12__, 2008 |
| Madeline L. Buty | Kte@butycurliano.com | November __12__, 2008 |
| Ronnie R. Gipson | Cburnham@burnhambrown.com | November __12__, 2008 |

 s/Jeanne M. Franken
JEANNE M. FRANKEN

GREGORY G. KATSAS
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
CHAD KAUFFMAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone:  (415) 436-6644; (415) 436-6646
E-mail:      jeanne.franken@usdoj.gov
              chad.kauffman@usdoj.gov

Attorneys for Defendant & Third-Party Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KARI PRESTON,<br><br>                Plaintiff,<br><br>                v.<br><br>UNITED STATES OF AMERICA, BAE SYSTEMS SF SHIP REPAIR, INC., and DOES 1 through 10, Inclusive,<br><br>                Defendants.<br>————————————————<br>UNITED STATES OF AMERICA, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. C-07-3861-PJH<br><br>IN ADMIRALTY<br><br><br>(PROPOSED)<br>THIRD-PARTY COMPLAINT OF THE UNITED STATES OF AMERICA AGAINST THIRD-PARTY DEFENDANT, SEACOAST ELECTRONICS, INC. |

| | |
|---|---|
| Cross-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC., | ) ) ) |
| | ) |
| Cross-Defendant. | ) |
| | ) |
| BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC., | ) ) ) |
| | ) |
| Cross-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Cross-Defendant, | ) |
| | ) |
| BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC., | ) ) ) |
| | ) |
| Cross-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| SEACOAST ELECTRONICS, INC., | ) |
| | ) |
| Cross-Defendant. | ) |
| | ) |
| | ) |

The third-party complaint of defendant, cross-claimant, cross-defendant and third-party plaintiff, United States of America, against third-party defendant, Seacoast Electronics, Inc. (hereinafter "SEACOAST"), alleges on information and belief, as follows:

1.     This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, within Rules 9(h) and 14(a) and 14(c) of the Federal Rules of Civil Procedure.

2.     The United States of America was and is a sovereign nation authorized to sue

pursuant to 28 U.S.C. §1345.

3.     Third-party defendant SEACOAST was at all material times a corporation organized and doing business pursuant to the laws of a state of the United States and doing business in the State of California within this District and within the jurisdiction of this Court, and has appeared in this action.

4.     SEACOAST contracted with the Government's ship operator, Ocean Duchess, Inc., to perform certain shipboard repair and/or alteration work onboard the SS CAPE MOHICAN, a public vessel of the United States of America, .

5.     At times material hereto, SEACOAST undertook to provide shipboard repair and/or alteration work on board the SS CAPE MOHICAN, a public vessel of the United States of America.

6.     By reason of the foregoing undertaking, SEACOAST was at all material times obligated to the United States to exercise due and proper care in the performance of its services and to perform its services safely and properly, and in a skillful and workmanlike manner.

7.     Defendant, cross-claimant, cross-defendant and third-party plaintiff, United States of America, and its ship operator, Ocean Duchess, performed all of the responsibilities and duties required to be performed by them.

8.     On or about July 27, 2007, plaintiff herein, Kari Preston, filed a complaint against the United States of America, alleging she suffered injuries and damages as a result of events occurring during her employment on the ship, which was said to be from August 3 to November 11, 2006 while it was in port in Alameda, California.  (A copy of plaintiff's

complaint is attached hereto as Exhibit "A".)

9.     The United States of America filed an answer to said plaintiff's complaint in which it denied any and all liability, and the issues raised thereby remain before the Court without trial or adjudication.  (A copy of the United States' answer is attached hereto as Exhibit "B".)

10.     Defendant, cross-claimant, cross-defendant and third-party plaintiff, United States of America, files this third-party complaint against third-party defendant, SEACOAST, in the Government's capacity as owner of SS CAPE MOHICAN and as the intended beneficiary of the SEACOAST contract with the ship operator, Ocean Duchess.

<u>FIRST CLAIM FOR RELIEF</u>

11.     Defendant, cross-claimant, cross-defendant and third-party plaintiff herein, United States of America, reasserts and realleges each and every paragraph of this third-party complaint with the same force and effect as if set forth herein at length.

12.     If plaintiff, Kari Preston, sustained injuries as alleged in her complaint, which is denied, such injuries or damages were caused or contributed to by the negligence and/or fault of SEACOAST, its agents, servants, employees, and/or others for whom it is or was responsible.

13.     If plaintiff, Kari Preston, sustained injuries as alleged in her complaint, which is denied, such injuries or damages were not caused or contributed to in any way by defendant, cross-claimant, cross-defendant and third-party plaintiff herein, United States of America, its agents, servants, employees, vessel, crew and/or others for whom it is or was responsible.

14. If judgment is rendered in favor of plaintiff, Kari Preston, against defendant, cross-claimant, cross-defendant and third-party plaintiff herein, the United States of America, then the United States may recover, whether by way of contribution or indemnification, from SEACOAST in the full amount of any fault which is found by the Court on the part of said third-party defendant.

## SECOND CLAIM FOR RELIEF

15. Defendant, cross-claimant, cross-defendant and third-party plaintiff herein, United States of America, reasserts and realleges each and every paragraph of this third-party complaint with the same force and effect as if set forth herein at length.

16. If plaintiff, Kari Preston, is deemed to be entitled to recover damages by reason of the matters alleged in her complaint, which is denied, said plaintiff's causes of action and claims for relief are properly and directly against SEACOAST by reason of the matters aforesaid, and said third-party defendant is therefore directly liable to plaintiff, who may recover judgment directly against said third-party defendant pursuant to the provisions of Rule 14(c) of the Federal Rules of Civil Procedure.

## THIRD CLAIM FOR RELIEF

17. Defendant, cross-claimant, cross-defendant and third-party plaintiff herein, United States of America, reasserts and realleges each and every paragraph of this third-party complaint with the same force and effect as if set forth herein at length.

18. If plaintiff sustained injuries as alleged in her complaint, which is denied, then, due to the acts, fault and/or negligence of SEACOAST, and by reason of the matters

aforesaid, SEACOAST breached express and/or implied warranties of workmanlike performance, and is liable to defendant, cross-claimant, cross-defendant and third-party plaintiff, United States of America, whether by way of indemnity, recovery over, or otherwise, for all of its attorneys' fees, costs, expenses, and disbursements incurred in defending this action, and, if the United States of America is held liable in this action to any degree, for the full amount of such judgment against the United States of America, in addition to said attorneys' fees, costs, expenses and disbursements, and for any other damages which it may be otherwise entitled to recover herein.

WHEREFORE, defendant, cross-claimant, cross-defendant and third party plaintiff herein, United States of America, prays as follows:

1.      That if any judgment is entered in favor of plaintiff against the United States of America, that said judgment be entered directly and solely against third-party defendant SEACOAST;

2.      That if any judgment is entered in favor of plaintiff against the United States of America as a defendant herein, that a judgment over with interest and costs be entered in favor of third-party plaintiff, United States of America, and against third-party defendant SEACOAST, for contribution as to such judgment, requiring said third-party defendant to pay to the United States the full amount of any such judgment against the United States, or any appropriate portion thereof;

3.      That if any judgment is entered in favor of plaintiff against the United States of America as a defendant herein, that a judgment over with interest and costs be entered in

favor of third-party plaintiff, United States of America, against third-party defendant SEACOAST for indemnity as to such judgment, requiring said third-party defendant to pay to the United States the full amount of any such judgment against the United States, and to indemnify and exonerate the United States of America against all liability herein, as appropriate;

4.    That judgment be entered in favor of third-party plaintiff, United States of America, against third party defendant SEACOAST for all attorneys' fees, costs, expenses and disbursements incurred by the United States in the defense of plaintiff's action; and

5.    That the United States of America may have such other and further relief as to the Court may seem just and proper in the premises.

Dated: November _____, 2008                GREGORY G. KATSAS
                                           Acting Assistant Attorney General
                                           JOSEPH P. RUSSONIELLO
                                           United States Attorney
                                           R. MICHAEL UNDERHILL
                                           Attorney in Charge, West Coast Office
                                           Torts Branch, Civil Division


                                           _____
                                           JEANNE M. FRANKEN
                                           Trial Attorney
                                           Torts Branch, Civil Division
                                           CHAD KAUFFMAN
                                           Trial Attorney
                                           Torts Branch, Civil Division
                                           U.S. Department of Justice

                                           Attorneys for Defendant & Third-Party Plaintiff,
                                           United States of America

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the forgoing THIRD-PARTY COMPLAINT BY DEFENDANT, CROSS CLAIMANT, CROSS-DEFENDANT AND THIRD-PARTY PLAINTIFF, UNITED STATES OF AMERICA, AGAINST THIRD-PARTY DEFENDANT, SEACOAST ELECTRONICS, INC. was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Ronald H. Klein                cavin@earthlink.net              November _____, 2008

Madeline L. Buty               Kte@butycurliano.com            November _____, 2008

Ronnie R. Gipson               Cburnham@burnhambrown.com   November _____, 2008

_____
JEANNE M. FRANKEN

LAW OFFICES OF LYLE C. CAVIN, JR.
LYLE C. CAVIN, JR., SBN 44958
RONALD H. KLEIN, SBN 32551
201 Fourth Street, Suite 102
Oakland, California 94607
Telephone    510-444-2501
Facsimile    510-444-4209
Attorneys for Plaintiff, KARI PRESTON



## IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

C 07 3861

| | |
|---|---|
| KARI PRESTON, | **COMPLAINT FOR DAMAGES** (Personal Injury) |
| Plaintiff, | |
| v. | [Public Vessels Act, 46 U.S.C. sections 31101 *seq.*] |
| | [Suits in Admiralty Act, 46 U.S.C. sections 30901 *et seq.*] |
| UNITED STATES OF AMERICA, BAE SYSTEMS SF SHIP REPAIR, INC. and DOES 1 through 10, Inclusive, | [Jones Act, 46 U.S.C. §30104] [Unseaworthiness] |
| Defendants.                   / | [Maintenance and Cure] [General Maritime Law] |

Plaintiff, KARI PRESTON, complains against Defendants, and each of them as follows:

### JURISDICTION and PARTIES

1.    Plaintiff, KARI PRESTON, is a citizen of the United States, was a seaman at all material times, and elects to proceed herein pursuant to 28 U.S.C. section 1916 without prepayment of costs and fees and without security therefor.

2.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.    At all times mentioned, Defendant UNITED STATES OF AMERICA was and is a sovereign state, which by Act of Congress of March 9, 1920 (46 U.S.C. sections 30901 *et*

*LYLE C. CAVIN, JR.*
A PROFESSIONAL CORPORATION

TELEPHONE - (510) 444-2501
FACSIMILE - (510) 444-4209

201 FOURTH STREET, SUITE 102
OAKLAND, CALIFORNIA, 94607

"A"

*seq.*), as amended, commonly known as the Suits in Admiralty Act, has consented to be sued in this Honorable Court on the cause or causes of action set forth herein, and said Defendant owned, operated, controlled, and/or chartered the vessel SS CAPE MOHICAN which was and is a public vessel of the United States or employed as such by said Defendant, and said Defendant is amenable to suit herein under and pursuant to the provisions of an Act of Congress of March 3, 1925 (46 U.S.C. sections 31101 *et seq.*), as amended, commonly known as the Public Vessels Act.

4.     Pursuant to the Clarification Act, 50 U.S.C. Appendix, section 1291(a), and the provisions of Title 46, Code of Federal Regulations, Part 327, Plaintiff duly presented an administrative claim to the United States Maritime Administration (MARAD), and to its ship managers, timely and in proper form, providing all pertinent information required by law to be included therein.  Plaintiff is informed and believes and thereon alleges that said claim was received by MARAD and its ship managers on or about February 12, 2007. On or about May 25, 2007, said claim was denied.

5.     This action also arises under the Jones Act, 46 U.S.C. section 30104, and the general maritime law, in admiralty and maritime jurisdiction as hereinafter more fully appears.

6.     At all times herein mentioned, Defendant BAE SYSTEMS SF SHIP REPAIR, INC. (hereinafter "BAE") and DOES ONE through TEN were and continue to be United States corporations authorized to do and doing business in the State of California and within this judicial district.

7.     Venue is proper in this district pursuant to 46 U.S.C. sections 742 and 782, based on the fact that the vessel creating liability are found in this district, and that Defendant BAE is doing business therein.

LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION

TELEPHONE: (510) 444-2501
FACSIMILE: (510) 444-4209

201 FOURTH STREET, SUITE 102
OAKLAND, CALIFORNIA, 94607

Complaint for Damages

## CLAIMS FOR RELIEF AGAINST DEFENDANT USA

8.      At all times material hereto, Defendant USA was the owner, operator and/or charterer of the vessel SS CAPE MOHICAN (hereinafter the "vessel"), and used said vessel in the transportation of cargo, equipment, material and other things for hire upon the navigable waters of the United States in interstate and foreign commerce, or otherwise within the jurisdiction of the Jones Act and the general maritime law.

9.      At all times material hereto, Plaintiff, KARI PRESTON, was employed by Defendant USA as a member of the crew of said vessel in the capacity of Chief Mate and otherwise.

10.      During her period of employment aboard the vessel from August 3, 2006, through November 11, 2006, while so employed and during the course of her work as a seaman aboard said vessel while berthed in Alameda, California, Plaintiff was exposed to harmful, unsafe, hazardous, toxic, deleterious, carcinogenic chemicals and other hazardous substances, materials, processes, and working conditions, including but not limited to asbestos, fibrous glass fibers, rust, mold, other toxic, carcinogenic, harmful hydrocarbons and/or substances, organic solvents, chemicals, and materials.

11.      Said exposure resulting in Plaintiff's injuries, illnesses, and damages, was proximately caused or contributed to, in whole or in part, by the negligence of Defendant USA, its agents, managers, officers, employees, representatives, and contractors, and the unseaworthiness of said vessel, in that Defendant USA and its vessel:

a) Failed to provide Plaintiff with a reasonably safe place to work, proper tools, appurtenances, and machinery, proper protective apparatus, proper work methods, instructions, training, warnings, supervision, proper medical care, medical monitoring, and/or proper medical management for her exposure to said materials, and for her injuries and illnesses.

LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION

TELEPHONE : (510) 444-2501
FACSIMILE : (510) 444-4209

201 FOURTH STREET, SUITE 102
OAKLAND, CALIFORNIA, 94607

Complaint for Damages

b) Failed to exercise due care under the circumstances.

c) Failed properly to provide proper instructions, orders, supervision, inspection, personnel, and equipment for the safety of its seamen with regard to work done aboard the vessel.

d) Violated certain statutory and regulatory laws pertaining to operations and performance standards concerning personal exposure to said substances, and other matters pertaining to the health and safety of their employees aboard their vessel.

e) Violated various industry standards as well as their own rules and policies pertaining to required, reasonable, and mandatory protection from such substances, as well as monitoring and health examinations.

f) Violated provisions of the International Safety Management Code and International Maritime Organization standards, and certain federal statutes and regulations.

g) Failed to keep and maintain its vessel and its appurtenances, equipment, crew, and work methods in a safe and seaworthy condition.

12.   The violation of one or more of said laws, rules, regulations, standards, or other provisions constitutes negligence per se on the part of Defendants, and bars the partial defense of comparative negligence on the part of Plaintiff.

13.   Further, the vessel was rendered unseaworthy by the acts and circumstances alleged, including said Defendant's failure to provide Plaintiff with reasonably safe working conditions, its failure to properly train and equip her for proper use of hazardous materials, failure to provide her appropriate personal safety equipment, and failure to provide her with chemicals, fuels, solvents and other materials she was required to use and be exposed to without the presence of harmful ingredients, and said Defendant's failure adequately to warn her about these dangers, rendered the vessel unseaworthy.

LAW OFFICES OF
LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION

TELEPHONE - (510) 444-2501
FACSIMILE - (510) 444-4209

201 FOURTH STREET, SUITE 102
OAKLAND, CALIFORNIA, 94607

These circumstances exposed Plaintiff to products, fuels, solvents and other chemicals containing hazardous amounts of asbestos and other harmful materials which caused her to contract and suffer injuries and illnesses.

14.     As a direct and proximate result of the negligence of Defendant, and the unseaworthiness of the vessel, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system, all of which injuries have caused and continue to cause her great mental, physical and nervous pain and suffering as well as fear of further injury and disease, and great mental anguish, for which Defendant remains liable to Plaintiff.  Plaintiff is informed and believes and thereon alleges that these injuries have resulted or will result in some permanent injury and disability and loss of earning capacity, all to her general damages in an amount to be ascertained.

15.     As a further direct and proximate result of said Defendant's negligence, and the unseaworthiness of the vessel, Plaintiff was, is, and will be prevented from attending to her usual occupation and she thereby lost earnings, earning capacity, and other benefits and will continue to sustain similar future losses.  The total amount of these losses is presently unknown to Plaintiff and Plaintiff will amend this complaint to set forth these amounts when the same shall be ascertained.

16.     As a further direct and proximate result of said Defendant's negligence and the unseaworthiness of the vessel, Plaintiff has required treatment by doctors, nurses and other medical personnel to examine, treat, and care for her, and has incurred and will incur medical and other expenses.  The amount of said expenses are unknown to Plaintiff at this time and Plaintiff will amend this complaint to set forth these when the same have been ascertained.

17.     By reason of above described injuries and illnesses sustained by Plaintiff in

LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION

TELEPHONE : (510) 444-2501
FACSIMILE : (510) 444-4209

201 FOURTH STREET, SUITE 102
OAKLAND, CALIFORNIA, 94607

Complaint for Damages

the course of her employment as a seaman, Defendant USA had and has a legal duty to provide Plaintiff with prompt and adequate maintenance payments and proper medical care and cure for purposes of treating her injuries and illnesses.  Insofar as said Defendant failed to provide maintenance and cure, Plaintiff is owed same at a reasonable amount, and, in addition, said Defendant is liable to Plaintiff for compensatory damages and, insofar as such refusal may be found to be unreasonable, arbitrary, or recalcitrant, attorneys' fees and costs.

## CLAIMS FOR RELIEF AGAINST SHORE TERMINALS, DOE DEFENDANTS

18.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 9 and 10, as though fully set forth at length.

19.     At material times during the period of Plaintiff's employment aboard the vessel, Defendants BAE SYSTEMS SF SHIP REPAIR, INC. and DOES 1 through 10, pursuant to contract with Defendant USA, had its employees, agents, managers, officers, representatives, and contractors working on board for removal of asbestos and other hazardous materials from various areas on the vessel, and other work.

20.     At all material times, pursuant to the general maritime law, Defendants BAE and DOES ONE through TEN had the duty to perform their work with reasonable care under the circumstances, such that all working conditions aboard the vessel would remain reasonably safe and free from unreasonable hazards, and such a duty was owed to Plaintiff.

21.     Defendants BAE and DOES, pursuant to the contract between said Defendants and Defendant USA, impliedly warranted that their work aboard and about the vessel would be done in a workmanlike manner.

LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION

TELEPHONE - (510) 444-2501
FACSIMILE - (510) 444-4209

201 FOURTH STREET, SUITE 102
OAKLAND, CALIFORNIA, 94607

Complaint for Damages

22.     Plaintiff is a third party beneficiary of rights under the contract between said Defendants USA and BAE, and/or DOE DEFENDANTS, including the right to have the duties of said defendants carried out in a workmanlike manner.

23.     During material times while working on or about the vessel, Defendants BAE, and/or DOE DEFENDANTS, were negligent and breached their duty of reasonable care and breached their warranty of workmanlike performance owed to Plaintiff by failing to do the work with reasonable care or in a workmanlike manner and failing to maintain their work places, processes and procedures aboard the vessel in a reasonably safe and hazard free condition and in a workmanlike condition.

24.     Said exposure resulting in Plaintiff's injuries, illnesses, and damages, was proximately caused or contributed to, in whole or in part, by the negligence of Defendant BAE, its agents, managers, officers, employees, representatives, and contractors, and the breach of its warranty of workmanlike performance aboard said vessel, in that said Defendants:

a) Failed to provide Plaintiff with a reasonably safe place to work, proper tools, appurtenances, and machinery, proper protective apparatus, proper work methods, instructions, training, warnings, supervision, proper medical care, medical monitoring, and/or proper medical management for her exposure to said materials, and for her injuries and illnesses.

b) Failed to exercise due care under the circumstances.

c) Failed properly to provide proper instructions, orders, supervision, inspection, personnel, and equipment with regard to work done aboard the vessel and for the safety of all persons working aboard.

d) Violated certain statutory and regulatory laws pertaining to operations and performance standards concerning personal exposure to said substances, and other

LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION

TELEPHONE - (510) 444-2501
FACSIMILE - (510) 444-4209

201 FOURTH STREET, SUITE 102
OAKLAND, CALIFORNIA, 94607

Complaint for Damages

matters pertaining to the health and safety of their employees and others working aboard the vessel.

    e) Violated various industry standards as well as their own rules and policies pertaining to required, reasonable, and mandatory protection from such substances, as well as monitoring and health examinations.

  25. The violation of one or more of said laws, rules, regulations, standards, or other provisions constitutes negligence per se on the part of Defendants, and bars the partial defense of comparative negligence on the part of Plaintiff.

  26. Plaintiff's injuries and consequent damages were directly and proximately caused by the negligence of said Defendants, and each of them, their agents, employees and representatives.

  27. Plaintiff's injuries and consequent damages were directly and proximately caused by the breach by said Defendants, and each of them, their agents, employees and representatives, of their warranty of workmanlike service.

  28. As a direct and proximate result of the negligence of said Defendants, and the breach of their warranty of workmanlike service, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system, all of which injuries have caused and continue to cause her great mental, physical and nervous pain and suffering as well as fear of further injury and disease, and great mental anguish, for which Defendants remain liable to Plaintiff.  Plaintiff is informed and believes and thereon alleges that these injuries have resulted or will result in some permanent injury and disability and loss of earning capacity, all to her general damages in an amount to be ascertained.

  29. As a further direct and proximate result of the negligence of said Defendants, and the breach of their warranty of workmanlike service, Plaintiff was, is, and will be

LAW OFFICES OF
LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION

201 FOURTH STREET, SUITE 102
OAKLAND, CALIFORNIA, 94607

TELEPHONE - (510) 444-2501
FACSIMILE - (510) 444-4209

Complaint for Damages

prevented from attending to her usual occupation and she thereby lost earnings, earning capacity, and other benefits and will continue to sustain similar future losses.  The total amount of these losses is presently unknown to Plaintiff and Plaintiff will amend this complaint to set forth these amounts when the same shall be ascertained.

30.     As a further direct and proximate result of the negligence of said Defendants, and the breach of their warranty of workmanlike service, Plaintiff has required treatment by doctors, nurses and other medical personnel to examine, treat, and care for her, and has incurred and will incur medical and other expenses.  The amount of said expenses are unknown to Plaintiff at this time and Plaintiff will amend this complaint to set forth these when the same have been ascertained.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.     For general damages according to proof;

2.     For loss of earnings and earning capacity according to proof;

3.     For medical and incidental expenses according to proof;

4.     As to Defendant USA, for maintenance and cure according to proof;

5.     As to Defendant USA, for compensatory damages resulting from failure or refusal to provide maintenance or cure;

6.     As to Defendant USA, for further damages and attorneys' fees and costs insofar as Defendant's failure or refusal to provide maintenance and cure may be found to be unreasonable, arbitrary, or recalcitrant;

7.     For prejudgment interest according to proof;

8.     For costs of suit herein incurred and to be incurred; and

9.     For such other and further relief as the court deems just and proper.

Complaint for Damages

LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION

TELEPHONE - (510) 444-2501
FACSIMILE - (510) 444-4209

201 FOURTH STREET, SUITE 102
OAKLAND, CALIFORNIA, 94607

# CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to the Local Rules of this court, Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

July 26, 2007

LAW OFFICES OF LYLE C. CAVIN, JR.

RONALD H. KLEIN
Attorneys for Plaintiff,
KARI PRESTON

10

Complaint for Damages

LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION
201 FOURTH STREET, SUITE 102
OAKLAND, CALIFORNIA, 94607
TELEPHONE - (510) 444-2501
FACSIMILE - (510) 444-4209

1    PETER D. KEISLER
     Assistant Attorney General
2    SCOTT N. SCHOOLS
     United States Attorney
3    R. MICHAEL UNDERHILL
     Attorney in Charge, West Coast Office
4    Torts Branch, Civil Division
     JEANNE M. FRANKEN
5    Trial Attorney
     Torts Branch, Civil Division
6    GEOFFREY D. OWEN
     Trial Attorney
7    Torts Branch, Civil Division
     U.S. Department of Justice
8    7-5395 Federal Bldg., P.O. Box 36028
     450 Golden Gate Avenue
9    San Francisco, California  94102-3463
     Telephone:  (415) 436-6635; (415) 436-6646
10   E-mail:      jeanne.franken@usdoj.gov
                  geoff.owen@usdoj.gov
11
     Attorneys of Defendant & Cross-claimant
12   United States of America

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15

16   KARI PRESTON,                   )   CIVIL NO.  C-07-3861-BZ
                                      )
17              Plaintiff,            )   ANSWER OF UNITED STATES OF
                                      )   AMERICA TO PLAINTIFF'S COMPLAINT,
18        v.                          )   AND CROSS-CLAIMS BY THE UNITED
                                      )   STATES OF AMERICA AGAINST
19   UNITED STATES OF AMERICA,        )   CO-DEFENDANT BAE SYSTEMS
     BAE SYSTEMS SF SHIP REPAIR,      )   SAN FRANCISCO SHIP REPAIR, INC.
20   INC., and DOES 1 through 10,     )
     Inclusive,                       )
21                                    )
                                      )
22              Defendant.            )
     _____)
23                                    )
     UNITED STATES OF AMERICA         )
24                                    )
             Cross-complainant        )
25                                    )
         v.                           )
26                                    )
     BAE SYSTEMS SAN FRANCISCO        )
27
     ANSWER OF UNITED STATES OF AMERICA AND
     CROSS-CLAIMS BY THE USA AGAINST CO-
28   DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC  1          C-07-3861-BZ

1  SHIP REPAIR, INC.                              )
2                     Cross-defendant.            )
                                                  )
3  _____       )

       For its answer to plaintiff's Complaint, the United States admits, denies, and otherwise

4  responds as follows:

5  ANSWERING THE PARAGRAPHS TITLED "JURISDICTION AND PARTIES"

6      1.  Denies each and every allegation of paragraph 1, except admits and asserts that

7  at times material hereto plaintiff was employed as a seaman.

8      2.  Denies each and every allegation of paragraph 2, except admits and asserts that

9  this appears to be an admiralty and maritime claim within the meaning of Fed.R.Civ.P.

10  9(h), and that the United States is a sovereign which has consented to be sued, if at all,

11  solely pursuant to the terms and conditions of the Clarification Act, 50 App. U.S.C.A.

12  §1291, which incorporates the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918.

13     3.  Denies each and every allegation of paragraph 3, except admits and asserts that

14  the M/V CAPE MOHICAN is a public vessel, and that the United States is a sovereign

15  which has consented to be sued, if at all, solely pursuant to the terms and conditions of

16  the Clarification Act, 50 App. U.S.C.A. §1291, which incorporates the Suits in Admiralty

17  Act, 46 U.S.C. §§ 30901-30918.

18     4 .  Denies each and every allegation of paragraph 4, except admits and asserts that

19  plaintiff submitted a purported claim which was received by the United States Maritime

20  Administration ("MARAD") on or about February 12, 2007, and that MARAD denied it

21  on or about May 25, 2007.

22     5.  To the extent paragraph 5 contains assertions of law, no response is required by

23  defendant United States of America; otherwise, admits and asserts this case against the

24  United States of America by a seaman employed on a MARAD vessel appears to be an

25  admiralty and maritime claim within the meaning of Fed.R.Civ.P. 9(h), and that the

26  United States is a sovereign which has consented to be sued, if at all, solely pursuant to

27

28  ANSWER OF UNITED STATES OF AMERICA AND
    CROSS-CLAIMS BY THE USA AGAINST CO-
    DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC  2              C-07-3861-BZ

1   the terms and conditions of the Clarification Act, 50 App. U.S.C.A. §1291, which

2   incorporates the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918.

3          6. Denies each and every allegation of paragraph 6 for lack of knowledge and

4   information.

5          7. To the extent paragraph 7 contains assertions of law, no response is required by

6   defendant United States of America; otherwise, denies the allegations of paragraph 7 for

7   lack of knowledge and information.

8   ANSWERING THE PARAGRAPHS TITLED "CLAIMS FOR RELIEF AGAINST

9                        DEFENDANT USA"

10         8. Answering the allegations of paragraph 8, repeats and realleges paragraphs 1-7,

11  *supra*, as though each were fully set out herein; and to the extent paragraph 8 contains

12  assertions of law, no response is required by defendant United States of America;

13  otherwise denies each and every allegation therein, except admits and asserts at time

14  material hereto, that the United States was the owner of the M/V CAPE MOHICAN, and it

15  was used at times to carry cargo and other things on navigable waters of the United States.

16         9. Denies each and every allegation of paragraph 9, except admits and asserts that,

17  at times material hereto, plaintiff was a seaman employed on behalf of the United States of

18  America on the M/V CAPE MOHICAN by MARAD's ship manager, Ocean Duchess, Inc.

19  ("Ocean Duchess"), pursuant to contract.

20         10. Denies each and every allegation of paragraph 10.

21         11. Denies each and every allegation of paragraphs 11 a) through 11 g), inclusive.

22         12. To the extent paragraph 12 contains assertions of law, no response is required

23  by defendant United States of America; otherwise, Denies each and every allegation of

24  paragraph 12.

25         13. To the extent paragraph 13 contains assertions of law, no response is required

26  by defendant United States of America; otherwise, denies each and every allegation of

27

28  ANSWER OF UNITED STATES OF AMERICA AND
    CROSS-CLAIMS BY THE USA AGAINST CO-
    DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC  3          C-07-3861-BZ

1   paragraph 13.

2        14.  Denies each and every allegation of paragraph 14.

3        15.  Denies each and every allegation of paragraph 15.

4        16.  Denies each and every allegation of paragraph 16.

5        17.  To the extent paragraph 17 contains assertions of law, no response is required

6   by defendant United States of America; otherwise, denies each and every allegation of

7   paragraph 17.

8   ANSWERING THE PARAGRAPHS TITLED "CLAIMS FOR RELIEF AGAINST

9   "SHORE TERMINALS" [*sic*], DOE DEFENDANTS"

10       18.  Answering the allegations of paragraph 18, repeats and realleges paragraphs 1-

11  17, *supra*, as though each were fully set out herein.

12       19.  To the extent the allegations in paragraph 19 are addressed to defendants other

13  than the United States, its agents, servants, employees, crew, and/or others for whom it is

14  or was responsible, no response is required by defendant United States of America;

15  otherwise, denies each and every allegation therein.

16       20.  To the extent paragraph 20 contains assertions of law, or the allegations are

17  addressed to defendants other than the United States, its agents, servants, employees, crew,

18  and/or others for whom it is or was responsible, no response is required by defendant

19  United States of America; otherwise, denies each and every allegation of paragraph 20 to

20  the extent it alleges liability against the United States, its agents, servants, employees,

21  crew, and/or others for whom it is or was responsible.

22       21.  To the extent paragraph 21 contains assertions of law, or the allegations are

23  addressed to defendants other than the United States, its agents, servants, employees, crew,

24  and/or others for whom it is or was responsible, no response is required by defendant

25  United States of America; otherwise, denies each and every allegation of paragraph 21 to

26  the extent it alleges liability against the United States, its agents, servants, employees,

27

28
ANSWER OF UNITED STATES OF AMERICA AND
CROSS-CLAIMS BY THE USA AGAINST CO-
DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC  4            C-07-3861-BZ

1   crew, and/or others for whom it is or was responsible.

2        22.  To the extent paragraph 22 contains assertions of law, or the allegations are

3   addressed to defendants other than the United States, its agents, servants, employees, crew,

4   and/or others for whom it is or was responsible, no response is required by defendant

5   United States of America; otherwise, denies each and every allegation of paragraph 22 to

6   the extent it alleges liability against the United States, its agents, servants, employees,

7   crew, and/or others for whom it is or was responsible.

8        23.  To the extent paragraph 23 contains assertions of law, or the allegations are

9   addressed to defendants other than the United States, its agents, servants, employees, crew,

10   and/or others for whom it is or was responsible, no response is required by defendant

11   United States of America; otherwise, denies each and every allegation of paragraph 23 to

12   the extent it alleges liability against the United States, its agents, servants, employees,

13   crew, and/or others for whom it is or was responsible.

14        24. To the extent paragraphs 24 a) through 24 e) inclusive contain assertions of law,

15   or the allegations are addressed to defendants other than the United States, its agents,

16   servants, employees, crew, and/or others for whom it is or was responsible, no response is

17   required by defendant United States of America; otherwise, denies each and every

18   allegation of paragraphs 24 a) through 24 e) inclusive to the extent they allege liability

19   against the United States, its agents, servants, employees, crew, and/or others for whom it

20   is or was responsible.

21        25.  To the extent paragraph 25 contains assertions of law, or the allegations are

22   addressed to defendants other than the United States, its agents, servants, employees, crew,

23   and/or others for whom it is or was responsible, no response is required by defendant

24   United States of America; otherwise, denies each and every allegation of paragraph 25 to

25   the extent it alleges liability against the United States, its agents, servants, employees,

26   crew, and/or others for whom it is or was responsible.

27

28

26. To the extent paragraph 26 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, and/or others for whom it is or was responsible, no response is required by defendant United States of America; otherwise, denies each and every allegation of paragraph 26 to the extent it alleges liability against the United States, its agents, servants, employees, crew, and/or others for whom it is or was responsible.

27. To the extent paragraph 27 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, and/or others for whom it is or was responsible, no response is required by defendant United States of America; otherwise, denies each and every allegation of paragraph 27 to the extent it alleges liability against the United States, its agents, servants, employees, crew, and/or others for whom it is or was responsible.

28. To the extent paragraph 28 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, and/or others for whom it is or was responsible, no response is required by defendant United States of America; otherwise, denies each and every allegation of paragraph 28 to the extent it alleges liability against the United States, its agents, servants, employees, crew, and/or others for whom it is or was responsible.

29. To the extent paragraph 29 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew, and/or others for whom it is or was responsible, no response is required by defendant United States of America; otherwise, denies each and every allegation of paragraph 29 to the extent it alleges liability against the United States, its agents, servants, employees, crew, and/or others for whom it is or was responsible.

30. To the extent paragraph 30 contains assertions of law, or the allegations are addressed to defendants other than the United States, its agents, servants, employees, crew,

1  and/or others for whom it is or was responsible, no response is required by defendant

2  United States of America; otherwise, denies each and every allegation of paragraph 30 to

3  the extent it alleges liability against the United States, its agents, servants, employees,

4  crew, and/or others for whom it is or was responsible.

FIRST AFFIRMATIVE DEFENSE

6      31.  The Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

8      32.  If plaintiff sustained damages or injuries as a result of matters alleged in her

9  Complaint, which is denied, those damages or injuries were caused in whole or in part by

10  the negligence and/or fault of plaintiff herself, and were not caused or contributed to in

11  any manner by any negligence and/or fault of the United States, its agents, servants,

12  employees, crew, vessel or others for whom it was or is responsible or by any

13  unseaworthiness of the M/V CAPE MOHICAN.

THIRD AFFIRMATIVE DEFENSE

15      33.  If plaintiff sustained damages or injuries as a result of matters alleged in her

16  Complaint, which is denied, those damages or injuries were caused in whole or in part by

17  persons or entities for whose acts or omissions the United States was or is not responsible,

18  and were not caused or contributed to in any manner by any negligence and/or fault of the

19  United States, its agents, servants, employees, crew, vessel or others for whom it was or is

20  responsible or by any unseaworthiness of the M/V CAPE MOHICAN.

FOURTH AFFIRMATIVE DEFENSE

22      34. This Court lacks subject matter jurisdiction over plaintiff's action based on,

23  *inter alia*, the doctrine of separation of powers; any acts or omissions by or on behalf of

24  the United States which plaintiff alleges caused or contributed to her alleged injuries or

25  damages were discretionary in nature and are not reviewable by this court.

26  ///

27

28

1

## FIFTH AFFIRMATIVE DEFENSE

2    35. If plaintiff sustained damages or injuries as a result of matters alleged in her

3 Complaint, which is denied, those damages or injuries were caused in whole or in part by

4 the failure of the plaintiff to carry out the responsibilities assigned to her as a primary duty

5 and were not caused or contributed to in any manner by any negligence and/or fault of the

6 United States, its agents, servants, employees, crew, vessel or others for whom it was or is

7 responsible or by any unseaworthiness of the M/V CAPE MOHICAN.

8

## SIXTH AFFIRMATIVE DEFENSE

9    36. The Court lacks subject matter jurisdiction over plaintiff's Complaint and

10 action, and it must be dismissed.

11

## SEVENTH AFFIRMATIVE DEFENSE

12    37. Plaintiff has failed to mitigate her alleged damages.

13

## EIGHTH AFFIRMATIVE DEFENSE

14    38. Plaintiff is not entitled to attorneys' fees.

15    The Cross-Claims of cross-claimant United States of America against cross-

16 defendant BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC. ("BAE") allege, on

17 information and belief, as follows:

18

## CROSS-CLAIMS OF THE UNITED STATES OF AMERICA

19    39. Defendant United States of America reasserts and re-alleges each and every

20 paragraph of its Answer and Cross-Claim with the same force and effect as if set forth at

21 length herein.

22    40. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully

23 appears, within the meaning of Fed.R.Civ.P. 9(h).

24    41. The United States of America was and is a sovereign authorized to sue under 28

25 U.S.C. § 1345, and was at times material hereto the owner of the M/V CAPE MOHICAN.

26    42. At times material hereto, plaintiff was a seaman employed aboard the M/V

27

28
ANSWER OF UNITED STATES OF AMERICA AND
CROSS-CLAIMS BY THE USA AGAINST CO-
DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC   8                    C-07-3861-BZ

1  CAPE MOHICAN on behalf of the United States by Ocean Duchess, MARAD's ship

2  manager for the vessel, pursuant to a contract with MARAD.

3       43. At times material hereto, cross-defendant BAE was a corporation organized

4  and existing under the laws of the state of California, with a place of business and doing

5  business within this district and within the jurisdiction of this court.

6       44. At times material hereto, BAE removed and replaced asbestos ceiling panels on

7  M/V CAPE MOHICAN while the vessel was in navigable waters of the United States.

8       45. At times material hereto, BAE was obliged to conduct its operations safely,

9  properly, and in a skillful and workmanlike manner, including, but not limited to, its

10  removal and replacement of the aforesaid asbestos ceiling panels on board the M/V CAPE

11  MOHICAN.

12       46. At times material hereto, pursuant to the contract with MARAD's ship manager,

13  BAE was obliged to conduct its operations in compliance with federal and state

14  regulations and all industry standards.

15       47. At times material hereto, pursuant to a contract with MARAD's ship manager,

16  BAE was obliged to conduct its operations subject to current licensing for asbestos

17  abatement including, but not limited to, its removal and replacement of the aforesaid

18  asbestos ceiling panels on board the M/V CAPE MOHICAN.

19       48. At times material hereto, plaintiff was not an employee of BAE.

20       49. Plaintiff has filed its Complaint against the United States of America, alleging,

21  *inter alia*, that she was injured during the period August 3, 2006 through November 11,

22  2006, as a result of the negligence and fault of the United States of America and BAE,

23  which alleged negligence and fault of the United States is denied.

24       50. The United States of America has filed its foregoing Answer to plaintiff's

25  Complaint in which it denied all liability in the premises, and the issues raised therein

26  remain before this Court without trial or adjudication.

27

28

ANSWER OF UNITED STATES OF AMERICA AND
CROSS-CLAIMS BY THE USA AGAINST CO-
DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC  9          C-07-3861-BZ

1    51. The United States of America has performed all of the duties and obligations

2    which were required to be performed by it.

3    FIRST CROSS-CLAIM BY CROSS-CLAIMANT UNITED STATES OF AMERICA

4    AGAINST CROSS-DEFENDANT BAE

5    52. The United States of America incorporates each and every paragraph of this

6    Answer and Cross-complaint as though fully set out herein.

7    53. If plaintiff sustained damages as asserted in her Complaint, which is denied,

8    said injuries or damages were caused in whole or in part by the negligence and/or fault of

9    BAE, its agents, servants, employees, subcontractors, and/or others for whom it was or is

10   responsible, and not by the United States of America.

11   54. If Plaintiff sustained damages as alleged in her Complaint, which is denied,

12   such damages were not caused or contributed to in any manner by defendant, United

13   States, its agents, servants, employees, crew, or others for whom it is or was responsible,

14   and not by the United States of America.

15   55. If judgment is rendered in favor of plaintiff, and against defendant United States

16   of America, then that the United States of American may recover contribution and/or

17   indemnification from BAE in the full amount of any fault which is found by the court

18   against BAE.

19   SECOND CROSS-CLAIM BY CROSS-CLAIMANT UNITED STATES OF AMERICA

20   AGAINST CROSS-DEFENDANT BAE

21   56. The United States of America incorporates each and every paragraph of this

22   Answer and Cross-complaint as though fully set out herein.

23   57. If plaintiff sustained damages as asserted in her Complaint, which is denied,

24   said injuries or damages were caused in whole or in part by the breach of an implied

25   and/or express warranty of workmanlike service and/or fitness for use by BAE, its agents,

26   servants, employees, subcontractors, and/or others for whom it was or is responsible, and

27

28   ANSWER OF UNITED STATES OF AMERICA AND
     CROSS-CLAIMS BY THE USA AGAINST CO-
     DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC 10          C-07-3861-BZ

1   not by the United Stats of America.

2       58. By reason of the matters aforesaid, BAE is liable to the United States of

3   America, whether by indemnification or contribution, for all attorney's fees, costs,

4   expenses and disbursements incurred in the defense of Plaintiff's actions and, if the United

5   States is held liable in this action, for the full amount of such judgment against the United

6   States of America, and for any and all other damages which the United States of America

7   may be entitled to recover herein.

8       THIRD CROSS-CLAIM BY CROSS-CLAIMANT UNITED STATES OF AMERICA

9       AGAINST CROSS-DEFENDANT BAE

10       59. Defendant United States of America incorporates each and every paragraph of

11   this Answer and Cross-complaint as though fully set out herein.

12       60. If plaintiff sustained damages as asserted in her Complaint, which is denied,

13   said injuries or damages were caused in whole or in part by the breach by BAE, its agents,

14   servants, employees, subcontractors, and/or others for whom it was or is responsible of an

15   implied and/or express warranty of workmanlike service and/or fitness for use arising from

16   or found in the contract between Ocean Duchess and BAE, of which the United States is

17   an intended third-party beneficiary.

18       61. By reasons of the matters aforesaid, BAE is liable to the United States of

19   America, whether by way of indemnification or contribution, for all attorney's fees, costs,

20   expenses and disbursements incurred in the defense of Plaintiff's actions and, if the United

21   States is held liable in this action, for the full amount of such judgment against the United

22   States of America, and for any and all other damages which the United States of America

23   may be entitled to recover herein.

24       WHEREFORE, the United States of America prays:

25       62. That plaintiff's action against it be dismissed with prejudice and with costs;

26       63. That judgment be entered in favor of the Unites States of America as against

27

28   ANSWER OF UNITED STATES OF AMERICA AND
CROSS-CLAIMS BY THE USA AGAINST CO-
DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC 11        C-07-3861-BZ

1  plaintiff.

2       64. That if any judgment is entered in favor of plaintiff and against the United

3  States of America, then that a judgment over with interest and costs may be entered in

4  favor of the United States of America and against BAE for indemnity and/or contribution,

5  as by this court may be deemed appropriate in the premises, requiring BAE to pay to the

6  United States of America the amount of any such judgement, and to indemnify and

7  exonerate the United States of America against all liability herein as appropriate;

8       65. That judgement may be entered in favor of the United States of America and

9  against BAE for all attorney's fees, costs, expenses and disbursements incurred by the

10  United States of America in the defense of Plaintiff's action; and

11       66. For such and other further relief as this Court may deem just and proper.

12

13  Dated:   October 22, 2007

                  PETER D. KEISLER
14                    Assistant Attorney General
                  SCOTT N. SCHOOLS
15                    United States Attorney
                  R. MICHAEL UNDERHILL
16                    Attorney in Charge, West Coast Office
                  Torts Branch, Civil Division
17                    JEANNE M. FRANKEN
                  Trial Attorney
18                    Torts Branch, Civil Division

19

20                    /s G. D. OWEN
                  GEOFFREY D. OWEN
21                    Trial Attorney
                  Torts Branch, Civil Division
22                    U.S. Department of Justice

23                    Attorneys for Defendant & Cross-claimant
                  United States of America

24

25

26

27

28  ANSWER OF UNITED STATES OF AMERICA AND
CROSS-CLAIMS BY THE USA AGAINST CO-
DEFENDANT BAE SYSTEMS SF SHIP REPAIR, INC 12             C-07-3861-BZ